IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:13-cv-08564 |
| v. | ) ) | Judge Amy J. St. Eve |
| SHAUN DONOVAN, in his official capacity as Secretary of Housing and Urban Development, and UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) ) ) ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) | |

## JOINT STATUS REPORT

In an order entered December 3, 2013, the Court set an initial status hearing for January 13, 2014 and directed that the parties file a joint status report in accordance with the Court's case management procedures by January 8, 2014. *See* Dkt. No. 10. The parties have conferred and hereby submit the following joint status report.[1]

**1.      The Nature of the Case**

**A.**      The attorneys of record for plaintiff Property Casualty Insurers Association of America ("PCI") are: Seth P. Waxman, Randolph D. Moss, Brian M. Boynton, Matthew J. Tokson, and Lynn Eisenberg of Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Ave., N.W., Washington, D.C. 20006, all appearing *pro hac vice*; and Rowe W. Snider (# 03125194) and Ashlee M. Knuckey (# 6300237) of Locke Lord LLP, 111 South Wacker Drive, Chicago, IL 60606.  Mr. Waxman is lead counsel for plaintiff.

---

[1]      Given the nature of this case, the parties have included in this report certain requests for modification of the usual discovery and briefing procedures for civil cases.  If the Court prefers that the parties submit a motion regarding these requests, they parties will do so promptly.

The attorneys of record for defendants Shaun Donovan and United States Department of Housing and Urban Development ("HUD") are Kyle R. Freeny of the U.S. Department of Justice, Civil Division, Federal Programs Branch, 20 Massachusetts Ave., N.W., Washington, DC 20001, and Daniel P. Mosteller of the U.S. Department of Justice, Civil Rights Division, 950 Pennsylvania Ave., N.W., Washington, DC 20530. Ms. Freeny is lead counsel for defendants.

    **B.**    The court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff alleges violations of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015.

    **C.**    *Plaintiff's description of the nature of its claims:* This case concerns HUD's promulgation of a regulation providing that liability under the Fair Housing Act ("FHA") may arise from a facially neutral practice that has a disparate impact on a protected class of people regardless of whether there was an intent to discriminate. *See* 78 Fed. Reg. 11460, 11460 (Feb. 15, 2013) (the "Disparate Impact Rule" or the "Rule"). PCI challenges HUD's application of this regulation to the use of risk-based pricing and underwriting in homeowners insurance and property and hazard insurance ("homeowners insurance") on a number of grounds.

The complaint first alleges that HUD's Disparate Impact Rule violates the McCarran-Ferguson Act because it invalidates, impairs, and/or supersedes state insurance laws permitting and often requiring insurers to engage in risk-based pricing and underwriting, which inevitably has different impacts on people presenting different actuarial risks. The complaint further alleges that the Disparate Impact Rule is arbitrary and capricious because HUD did not adequately address the conflict between the Rule and the McCarran-Ferguson Act. The complaint also alleges that the Rule is arbitrary and capricious because HUD did not adequately

consider the Rule's detrimental effect on risk-based pricing and underwriting in the business of insurance and, relatedly, because HUD did not adequately justify its decision to reject a safe harbor for homeowners' insurance. The complaint further alleges that the Rule is arbitrary and capricious because HUD did not address whether application of the Disparate Impact Rule to homeowners insurance would violate the "filed rate" doctrine. In addition, the complaint alleges that the burden-shifting framework in the Disparate Impact Rule violates 5 U.S.C. § 556(d)—which assigns the burden of proof to the proponent of a new rule or order—and conflicts with *Wards Cove Packaging Co.* v. *Antonio*, 490 U.S. 642, 658 (1989), which sets out the appropriate burden for defendants in disparate impact cases. Finally, the complaint alleges that the Rule is arbitrary and capricious because HUD did not adequately address *Wards Cove* or explain why that case did not bind HUD in establishing the Disparate Impact Rule.

*Defendants' response to plaintiff's description:* Defendants dispute PCI's allegations and claims of entitlement to relief, including in the preceding paragraph. Defendants raise no counterclaims in this action.

**D.**    *Plaintiff's description of the principal legal issues in the case*: (1) whether the Disparate Impact Rule violates the McCarran-Ferguson Act; (2) whether HUD adequately addressed whether the Disparate Impact Rule violates the McCarran-Ferguson Act; (3) whether HUD adequately considered and addressed the Rule's potential effect on insurers and the costs and benefits of application of the Rule to risk-based pricing and underwriting; (4) whether HUD adequately justified its decision to reject creating a safe harbor for risk-based insurance pricing and underwriting; (6) whether HUD adequately addressed whether application of the Rule to risk-based pricing and underwriting violated the "filed rate" doctrine; (7) whether HUD's

burden-shifting regime conflicts with 5 U.S.C. § 556(d) and/or *Wards Cove*; and (8) whether HUD adequately considered and addressed *Wards Cove* in the rulemaking process.

*Defendants' response*: Defendants do not concede that any or all of the foregoing inquiries are necessary to resolve the case in Defendants' favor. Defendants assert that this case may also raise additional threshold issues, including: (1) whether plaintiff has Article III standing to challenge the Rule; and (2) whether plaintiff's claims are ripe for review.

*Joint Response:* Because this case involves challenges under the APA, judicial review on the merits is based on the administrative record that was before the agency when it issued the regulation or decision at issue. Whether an agency's decision to promulgate a regulation was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, 5 U.S.C. § 706, is a question of law that ordinarily is resolved by the Court on dispositive motions.

**E.** Plaintiff seeks a declaration that HUD's application of the Disparate Impact Rule to the pricing and provision of homeowners insurance and property and hazard insurance was invalid. Plaintiff also seeks to enjoin HUD and its officers from applying the Disparate Impact Rule to the pricing and underwriting of homeowners insurance and property and hazard insurance.

Defendants deny plaintiff's entitlement to this or any other relief.

**2.** **Pending Motions and Case Plan**

**A.** There are currently no motions pending.

**B.** As noted above, challenges under the APA are decided on the administrative record that was before the agency when it promulgated the rule at issue. Discovery is permitted in APA actions only in narrow circumstances. Because this case is an action for review on an administrative record, it is exempt from the requirement of making initial disclosures. *See* Fed.

R. Civ. P. 26(a)(1)(B)(i). The parties also agree that discovery and expert testimony are not likely to be necessary in this case. Accordingly, the parties request that the Court refrain from setting a discovery plan.

The parties propose to resolve this case through cross-dispositive motions. In light of the complexity of the issues raised by the complaint in this action, the parties seek leave file briefs in excess of the 15-page limit set forth in Local Rule 7.1 and propose the following schedule:

| Event | Date | Page Limit |
|---|---|---|
| Plaintiff's motion for summary judgment | February 14, 2014 | 35 |
| Defendants' opposition to Plaintiff's motion for summary judgment and cross-dispositive motion (to dismiss and/or for summary judgment) | March 28, 2014 | 50 |
| Plaintiff's reply in support of its motion for summary judgment and opposition to Defendant's dispositive motion | May 2, 2014 | 40 |
| Defendants' reply in support of their cross-dispositive motion (to dismiss and/or for summary judgment) | May 30, 2014 | 25 |

Defendants' response to the complaint is presently required by January 31, 2014. *See* Fed. R. Civ. P. 12(a)(2). The parties agree, however, that defendants' obligation to respond to the complaint should be stayed pending disposition of defendants' motion to dismiss and/or for summary judgment, above.

Because plaintiff's APA claims will be reviewed on the administrative record, the parties request that the Court waive the requirement of Local Rule 56.1(a)(3) that a party moving for summary judgment file a "statement of material facts as to which the moving party contends

there is no genuine issue and that entitle the moving party to a judgment as a matter of law" as well as the requirement of Local Rule 56.1(b)(3) that a party opposing summary judgment file a response to such a statement. The parties anticipate that the relevant procedural history and background information necessary to resolve their anticipated cross-motions will be set forth in the briefing on the motions with appropriate citations to the administrative materials before the agency.

      **C.**     Neither party requests a jury trial.

**3.**     **Magistrate Judge**

- The parties do not consent to proceed before a magistrate judge.

**4.**     **Status of Settlement Discussion**

      **A.**     No settlement discussions have occurred.

      **B.**     The parties do not request a settlement conference.

Dated:     January 8, 2014

Respectfully submitted,

By: /s/ Brian M. Boynton
_____

Seth P. Waxman (*pro hac vice*)
Randolph D. Moss (*pro hac vice*)
Brian M. Boynton (*pro hac vice*)
Matthew J. Tokson (*pro hac vice*)
Lynn Eisenberg (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
E-mail: seth.waxman@wilmerhale.com

        Rowe W. Snider (# 03125194)
        Ashlee M. Knuckey (# 6300237)
        LOCKE LORD LLP
        111 South Wacker Drive
        Chicago, IL 60606
        Tel.: (312) 443-0700
        Fax: (312) 896-0336
        Email: rsnider@lockelord.com

*Attorneys for Plaintiff*


By:  /s/ Kyle R. Freeny
_____

Kyle R. Freeny
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20001
Tel.: (202) 514-5108
Fax: (202) 616-8470
Email: kyle.freeny@usdoj.gov

Daniel P. Mosteller
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., N.W. -NWB
Washington, DC  20530
Tel.: (202) 514-4713
Fax: (202) 514-1116
Email: daniel.mosteller@usdoj.gov

*Attorneys for Defendants*