1

```
 1                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3   PROPERTY CASUALTY INSURERS      ) Docket No. 13 C 8564
     ASSOCIATION OF AMERICA,         )
 4                                   )
                   Plaintiff,        )
 5                                   )
               vs.                   )
 6                                   )
     SHAUN DONOVAN, in his official  )
 7   Capacity as Secretary of Housing)
     And Urban Development, and      )
 8   UNITED STATES DEPARTMENT OF     )
     HOUSING AND URBAN DEVELOPMENT,  ) Chicago, Illinois
 9                                   ) January 13, 2014
                   Defendants.       ) 8:30 o'clock a.m.
10
                      TRANSCRIPT OF PROCEEDINGS - STATUS
11                 BEFORE THE HONORABLE AMY J. ST. EVE

12   APPEARANCES:

13   For the Plaintiff:        WILMER, CUTLER, PICKERING, HALE
                                 AND DORR, LLP
14                             BY:  MR. RANDOLPH D. MOSS
                               1875 Pennsylvania Avenue, N.W.
15                             Washington, D.C.  20006

16                             LOCKE LORD, LLP
                               BY:  MR. ROWE W. SNIDER
17                                  MS. ASHLEE M. KNUCKEY
                               111 South Wacker Drive
18                             Chicago, Illinois  60606

19
     For the Defendant         U.S. DEPARTMENT OF JUSTICE
20   via teleconference:       CIVIL DIVISION
                               BY:  MS. KYLE R. FREENY
21                             20 Massachusetts Avenue, N.W.
                               Washington, D.C.  20001
22
                               U.S. DEPARTMENT OF JUSTICE
23                             CIVIL RIGHTS DIVISION
                               BY:  MR. DANIEL P. MOSTELLER
24                             950 Pennsylvania Avenue, N.W.
                               Washington, D.C.  20530
25
```

2

1  APPEARANCES (Cont'd):

2
   Court Reporter:              MR. JOSEPH RICKHOFF
3                               Official Court Reporter
                                219 S. Dearborn St., Suite 1232
4                               Chicago, Illinois   60604
                                (312) 435-5562
5

6              *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

7                    PROCEEDINGS RECORDED BY
                      MECHANICAL STENOGRAPHY
8              TRANSCRIPT PRODUCED BY COMPUTER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1          (Whereupon, the following further proceedings were

2      had in open court, in part via telephone conference, to

3      wit:)

4          THE CLERK:  13 C 8564, Property Casualty Insurers

5  Association vs. Donovan.

6          THE COURT:  Good morning.

7          MR. SNIDER:  Good morning, your Honor, Rowe Snider

8  from Locke Lord on behalf of the plaintiff Property Casualty

9  Insurers Association of America.

10          I'd like to introduce Randolph Moss, who is here, of

11  the Wilmer, Cutler firm, lead counsel.

12          THE COURT:  Good morning.

13          MR. SNIDER:  And my colleague Ashley Knuckey is here,

14  as well.

15          THE COURT:  Good morning.

16          MR. MOSS:  Good morning, your Honor.

17          MS. KNUCKEY:  Good morning, your Honor.

18          THE COURT:  Would you please identify yourself on the

19  phone.

20          MS. FREENY:  Yes, your Honor.

21          Good morning, your Honor, this is Kyle Freeny from

22  the Department of Justice for defendant.  With me, in the room

23  and on the phone, I have Daniel Mosteller, also with the

24  Department of Justice.

25          THE COURT:  Good morning.

4

1            You are here for your initial status before the

2    Court.

3            I did receive your joint status report.  Thank you.

4            I have one question for you before giving you -- or

5    two questions really, before giving you -- deadlines for your

6    cross summary judgment motions.

7            First, it looks like there was a little bit of

8    hedging, but it looks like you are in agreement that no fact

9    or expert discovery is necessary.

10           Is that correct?

11           MR. MOSS:  That's correct, your Honor.

12           MS. FREENY:  Yes, your Honor.

13           THE COURT:  Okay.

14           And where are you in terms of gathering the

15   administrative record and being prepared to file that?

16           You gave me a proposed briefing schedule, but I want

17   to make sure that you have that readily available; and, if you

18   think there is going to be any delay, I want to move that out

19   a little bit.

20           So, where are you on --

21           MR. MOSS:  The government is handling that, your

22   Honor.

23           MS. FREENY:  Your Honor, this is Kyle Freeny with

24   defendants.

25           We are in the process of putting that together.  The

5

1  plaintiff's counsel can correct me if I'm wrong.  I had

2  originally anticipated that we would need to be prepared to

3  file the administrative record with our opening brief, which

4  would be, I think, in our proposal, March 28th; and, we expect

5  to be prepared to do that.

6         THE COURT:  Well, it certainly needs to be on file,

7  but my guess is plaintiffs may want it -- need it -- for their

8  summary judgment.  So, it will need to be ready before then.

9         So, where are you -- you said you are busy gathering

10 it, Ms. Freeny.  Where are you in terms of actually having it

11 all together in one place and being able to turn it over to

12 the plaintiffs?

13        MS. FREENY:  Your Honor, we're still in the process,

14 I suppose, of -- you would say, of -- compiling it.

15        I would say -- is there a specific amount of time

16 that plaintiffs would require prior to their filing to review

17 the administrative record?

18        MR. MOSS:  Your Honor, I don't think we're going to

19 need much time.  If we had it a week before we file, I think

20 that would be sufficient, because I don't contemplate any

21 great surprises in the record.

22        THE COURT:  Okay.

23        MS. FREENY:  So, that would be February 7th?

24        THE COURT:  That would be February 7th, under your

25 current proposal.

1        But that is what I am trying to find out before I put

2    a proposal in place.  If that is not doable, I can adjust that

3    a week or two, if necessary.

4        MS. FREENY:  I think that should be doable, your

5    Honor.

6        THE COURT:  Okay.

7        So, the record should be turned over, then, to the

8    plaintiff by February 7th.

9        MS. FREENY:  Your Honor, do you want that filed or

10   just turned over to plaintiff?

11       THE COURT:  It should be filed.  I do not care if

12   plaintiffs file it with their summary judgment motion, but it

13   should be filed.  I do need access to that.  On the 7th, you

14   do not have to file it; but, by the time you file your opening

15   brief, it certainly should be on file.

16       Then the plaintiff's summary judgment motion -- I

17   will grant your request up to 35 pages -- is due February

18   14th.  Defendants' response and cross motions, up to 50 pages,

19   that should be filed by March 28th.  The plaintiff's reply, up

20   to 40 pages, due May 2nd.  Defendants' reply -- and it should

21   be a true reply to the issues raised in the cross motion -- up

22   to 25 pages, due May 30th.

23       I will extend your time to answer or otherwise plead

24   until the defendants' response is due, on March 28th.

25       MS. FREENY:  Thank you, your Honor.

1      THE COURT:  You have also asked for me to do away

2  with the Local Rule 56.1(b)(3) requirement.  I am not inclined

3  to do that because that is very helpful to the Court.  I know

4  it makes it easier on you not to have to do that, but it

5  sounds like it is not going to be that much of a burden here

6  if you are just working off of the administrative record.  But

7  I am not going to do away with that requirement here, for my

8  benefit.

9      MR. MOSS:  We will want to do whatever is helpful to

10  the Court, your Honor.  Our rationale for doing it wasn't so

11  much to save ourselves work, but that it's more the nature

12  almost of an appellate proceeding in that --

13      THE COURT:  I understand.

14      MR. MOSS:  -- the record is set.  But if it's helpful

15  to the Court, we're happy to do it.

16      THE COURT:  It is helpful.  And it does not sound,

17  since you are going off of an administrative record, that it

18  is going to be that burdensome.

19      MR. MOSS:  That's correct.

20      THE COURT:  But it is helpful to me.

21      Please make sure that you provide me with courtesy

22  copies, given the volume of what I am anticipating.

23      MR. MOSS:  Of course, your Honor.

24      THE COURT:  Then I do not need to see you until I

25  have ruled, unless there are any issues that come up.

8

1            They will not be fully briefed until May 30th, Katie.

2            THE CLERK:  August 7th at 8:30.

3            THE COURT:  It is possible I will rule before then.

4     I just do not know yet, until I see what the briefs look like.

5            Is there anything else for the Court?

6            MR. MOSS:  I don't think so, your Honor.

7            THE COURT:  Anything else from the Department of

8     Justice?

9            MS. FREENY:  No, your Honor.  Thank you.

10           THE COURT:  Thank you.

11           MR. MOSS:  Thank you.

12           MR. SNIDER:  Thank you, your Honor.

13           *    *    *    *    *

14

15    I certify that the foregoing is a correct transcript from the
      record of proceedings in the above-entitled matter.

16

17
      /s/ Joseph Rickhoff                    February 24, 2012
18    Official Court Reporter

19

20

21

22

23

24

25