IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:13-CV-08564 |
| vs. | ) ) ) | Judge Amy J. St. Eve |
| SHAUN DONOVAN, in his official capacity as Secretary of Housing and Urban Development, and UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | ) ) ) ) ) ) ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) | |

**MOTION OF THE OKLAHOMA INSURANCE COMMISSIONER, JOHN D. DOAK, FOR LEAVE TO FILE A BRIEF *AMICUS CURIAE***

COMES NOW the State of Oklahoma, ex rel. John D. Doak, Insurance Commissioner, by and through its attorneys of record, and for its Motion for Leave to File a Brief *Amicus Curiae*, shows the Court as follows:

1. John D. Doak is the duly elected Insurance Commissioner for the State of Oklahoma. He serves as the head of the Oklahoma Insurance Department ("OID").

2. Commissioner Doak and the OID are responsible for enforcing the insurance-related laws of the State of Oklahoma.

3. The case at issue is an Administrative Procedure Act claim challenging the U.S. Department of Housing and Urban Development's ("HUD") Disparate Impact Rule.

4. The regulation of the business of insurance has traditionally been left to the States, as acknowledged in Section 1 of the McCarran-Ferguson Act, 15 U.S.C. §1011, which

provides: "Congress hereby declares that the continued regulation and taxation by the several States of the business of insurance is in the public interest, and that silence on the part of the Congress shall not be construed to impose any barrier to the regulation or taxation of such business by the several States."

5. Under Oklahoma law, pricing and underwriting of insurance is based on objective actuarial data regarding risk. In contrast to this, the Disparate Impact Rule would require insurers to attempt to determine whether their underwriting and pricing decisions have a disparate impact on customers falling within a protected class. Because of this conflict, an insurer who has fully complied with Oklahoma law (or the law of any other State) and had their rates approved by the OID could nevertheless have their approved rate challenged in federal court by virtue of the Disparate Impact Rule.

6. This conflict leads to federalism concerns regarding the Disparate Impact Rule. As noted above, the regulation of the insurance industry has traditionally been a function of the State, such that Congress enacted a reverse-preemption provision as part of the McCarran-Ferguson Act that declares, "[n]o Act of Congress shall be construed to invalidate, impair or supersede any law enacted by any State for the purpose of regulating the business of insurance." 15 U.S.C. §1012(b). However, under the Disparate Impact Rule, insurance rates that comply with Oklahoma law and that have been approved by OID could nevertheless be found to violate the Disparate Impact Rule, which in effect would invalidate, impair and supersede Oklahoma law.

7. The traditional role of States in the regulation of the insurance industry and the federalism concerns related thereto stem from the practical concern that the insurance industry is not a "one-size-fits-all" industry. Rate-making is based on risk and the pertinent risks across the

50 States are not consistent. The "one-size-fits-all" nature of the Disparate Impact Rule runs counter to the practical necessity of the States' role in regulating the insurance industry so that local risk can be accounted for appropriately in the rate-making process.

8. This Court has the discretion to permit the filing of an *amicus curiae* brief. *Chamberlain Grp., Inc. v. Interlogix, Inc.*, No. 01 CV 6157, 2004 WL 1197258, at *1 (N.D. Ill. May 28, 2004); *see, e.g.*, *Obrycka v. City of Chicago*, 913 F. Supp. 2d 598, 599 (N.D. Ill. 2012) (St. Eve, J.); *Chi. Lawyers' Cmte. for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, 461 F. Supp. 2d 681, 683 (N.D. Ill. 2006) (St. Eve, J.) (granting leave to NFHA and others to file an *amicus* brief). It is appropriate to allow *amicus* participation "in a case in which…the *amicus* has a unique perspective or specific information that can assist the court beyond what the parties can provide." *Chamberlain Grp.*, 2004 WL 1197257, at *1 (citing *Voices for Choices, et al. v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003); *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 616, 616 (7th Cir. 2000 and *Ryan v. Commodity Futures Trading Comm'n.,* 125 F. 3d 1062, 1063 (7th Cir. 1997)).

9. Commissioner Doak, as one of only twelve elected insurance commissioners in the country, can provide the Court with a unique perspective on the issues in this case. Plaintiff, on behalf of insurers, has made allegations pertaining to the relationship between insurers and the States. As the elected official in charge of regulating the insurance industry in the State of Oklahoma, Commissioner Doak can offer unique insight on these issues from the position of a State Insurance Commissioner. Moreover, this case implicates federalism concerns between the Federal government, through HUD, and the States. Commissioner Doak can offer unique insight into these federalism issues from his perspective as the Oklahoma Insurance Commissioner.

10. Per the Court's March 19, 2014 Docket Entry, Plaintiff's next round of briefing is due on May 16, 2014. Inasmuch as Commissioner Doak will need to fully review this briefing, he requests leave to file his brief by May 30, 2014. Additionally, Commissioner Doak seeks leave to file a brief of no more than 20 pages, with his brief narrowly focused on the issues on which he can offer a unique perspective.

11. Counsel for Commissioner Doak spoke with Plaintiff's counsel on May 9, 2014 and Plaintiff has no objection to this motion. Counsel for Commissioner Doak has corresponded with counsel for Defendant, and Defendant stated that it would not take a position on this motion if the proposed *amicus curiae* brief was filed by May 23, 2014. However, Commissioner Doak cannot agree to such an unreasonably short timeframe for filing, as it would essentially give him only a week to file the proposed brief. Accordingly, because Commissioner Doak cannot consent to the unreasonable conditions requested by Defendant, he presumes that Defendant objects to this motion.

WHEREFORE, premises considered, Oklahoma Insurance Commissioner John D. Doak respectfully requests that the Court grant him leave to file a brief *amicus curiae*.

Respectfully submitted,

/s/Kevin W. Baldwin
Kevin W. Baldwin 6277070
DALEY MOHAN GROBLE, P.C.
55 West Monroe Street, Suite 1600
Chicago, Illinois 60603
Telephone: 312-422-6527
Facsimile: 312-422-5370

AND

/s/Christopher D. Wolek
/s/Michael P. Womack
Christopher D. Wolek, OBA #19612
Michael P. Womack, OBA #20895
GIBBS, ARMSTRONG, BOROCHOFF,
       MULLICAN & HART, P.C.
601 South Boulder Avenue, Suite 500
Tulsa, Oklahoma 74119
Telephone: 918-587-3939
Facsimile: 918-582-5504

**ATTORNEYS FOR AMICUS CURIAE**