IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>SHAUN DONOVAN, in his official capacity as Secretary of Housing and Urban Development, and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT<br><br>    Defendants. | Case No. 13-cv-08564<br><br>Judge Amy J. St. Eve<br><br>Magistrate Judge Susan E. Cox |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The American Financial Services Association ("AFSA"), the Consumer Mortgage Coalition, the Independent Community Bankers of America®, and the Mortgage Bankers Association (collectively, "*amici*") respectfully submit this Reply in Support of their Motion for Leave to File *Amici Curiae* Brief in Support of Plaintiff's Motion for Summary Judgment in the above-captioned matter.

Both Defendants' and Plaintiff's oppositions to *amici's* motion are inconsistent with their treatment of an earlier-filed motion for leave to file an *amicus* brief in this case. *Compare* Defs.' Opp'n (ECF No. 61), *and* Pl.'s Opp'n (ECF No. 67), *with* Unopposed Motion for Leave to File Amicus Brief at ¶ 16 (ECF No. 26) ("Counsel for amici contacted counsel for Plaintiffs [sic] and was informed that Plaintiffs [sic] do not object to this motion. … Counsel for amici contacted counsel for HUD and was informed that HUD takes no position on this motion."). *Amici*'s

1

proposed brief addresses the same topic as the prior *amicus* brief that was filed without any opposition from the parties. Nevertheless, the parties now assume contrary positions with respect to *amici*'s proposed brief and urge the Court to deny the instant motion—presumably, because *amici*'s brief expresses an alternate point of view for the Court's consideration in resolving the Plaintiff's Motion for Summary Judgment.

Contrary to Plaintiff's assertion that *amici*'s brief "concerns an issue outside the scope of the present litigation," *see* Pl.'s Opp'n at p. 2, and Defendants' assertion that *amici*'s brief is "irrelevant to this case," *see* Defs.' Opp'n at p. 1, *amici*'s proposed brief considers the very same issue that the parties and other, unopposed, *amici curiae* have briefed in this litigation. Through the distinct but no less relevant lens of the consumer lending industry*, amici* seek to provide the Court with the industry's unique perspective on the dispute that is central to this case – namely, the impact of HUD's differential effects rule on the provision of consumer services which involve the use of neutral, risk-based assessment practices. *Compare* Pl.'s Br. (ECF No. 21) at p. 6 & n.4, *and* Defs.' Br. (ECF No. 29) at p. 43 n.25; Defs.' Resp. to Fact (ECF No. 29-1) at No. 40, *and* Br. of *Amici* American Civil Liberties Union, et al. (ECF No. 33) at p. 11, *with* Proposed Br. of *Amici* AFSA, et al. (ECF No. 59-1) at pp. 5 of 51, 21 of 51, and 28 of 51 (each discussing use of neutral assessment methods such as credit scores and the impact of HUD rule on same). As described in *amici*'s motion and proposed brief, any decision by the Court interpreting that rule, even if narrow in scope, may have an impact beyond Plaintiff's particular industry.

Of course, Defendants do not advocate for a narrow interpretation of the Act, but assert a broad application of the disparate-impact theory. *See* Defs.' Br. (ECF No. 29) at pp. 4-5. And, contrary to Defendants' assertion that the parties' briefing does not address the interpretation of

the Fair Housing Act, Defendants' brief does so at length. *Id.* at pp. 3-5.[1] Thus, *amici* respectfully posit that the proposed brief – which provides material context for the Court's decision – will be of assistance to the Court in resolving the pending dispositive motions.

Furthermore, *amici*'s proposed brief meets the requirements and standards that this Court has previously applied in permitting *amicus curiae* briefing, namely that *amici* have "a unique perspective or specific information that can assist the court beyond what the parties can provide." *See, e.g., Chamberlain Grp. Inc. v. Interlogix, Inc.,* No. 01 CV 6157, 2004 WL 1197258, at *1 (N.D. Ill. May 28, 2004) (citing *Voices for Choices, et al. v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). Because of *amici*'s close involvement with the pending issue in the consumer lending context, the participation of *amici* will serve to offer information that can assist the Court's resolution of this matter beyond that which the parties can provide. *See id.* at *1.

For these reasons, and for those set forth in the motion, the Court should grant *amici* leave to file their proposed *amici curiae* brief and accept the brief for docketing.

---

[1] *Amici* note that a petition for writ of certiorari was recently filed with the U.S. Supreme Court in the latest of the cases to which Defendants cite in support of the purported "uniform recognition of disparate impact liability under the [Fair Housing Act]." Defs.' Br. (ECF No. 29) at p. 5; *see Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs,* 747 F.3d 275, 280 & n.4 (5th Cir. 2014), *petition for cert. filed* 2014 WL 1989121 (U.S. May 13, 2014) (No. 13-1371).

Respectfully submitted,

/s/ Todd E. Pentecost

| | |
|---|---|
| Paul F. Hancock (*pro hac vice* petition pending)<br>K&L GATES LLP<br>Southeast Financial Center, Suite 3900<br>200 South Biscayne Boulevard<br>Miami, FL 33131-2399<br>(305) 539-3300<br>paul.hancock@klgates.com<br><br>Andrew C. Glass (*pro hac vice* petition pending)<br>Roger L. Smerage (*pro hac vice* petition pending)<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>(617) 261-3100<br>andrew.glass@klgates.com<br>roger.smerage@klgates.com | Todd E. Pentecost (Bar No. 6270419)<br>K&L GATES LLP<br>70 West Madison Street<br>Suite 3100<br>Chicago, IL 60602-4207<br>(312) 372-1121<br>Todd.Pentecost@klgates.com<br><br>*Counsel for Amici Curiae*<br><br>Dated: June 16, 2014 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of June, 2014, I caused the foregoing document entitled Reply in Support of Motion to File *Amici Curiae* Brief in Support of Plaintiff's Motion for Summary Judgment to be filed via the Court's CM/ECF system, which shall send notice to the following counsel of record for the parties:

Randolph D. Moss
Seth P. Waxman
Brian M. Boynton
Lynn Eisenberg
Matthew J. Tokson
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, DC 20006

Rowe W. Snider
Ashlee Marie Knuckey
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606

Kyle R. Freeny
U.S. Department of Justice
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530

Daniel P. Mosteller
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-00001

AUSA
United States Attorney's Office (NDIL)
219 South Dearborn Street, Suite 500
Chicago, IL 60604

                                              /s/ Todd E. Pentecost_____
                                              Todd E. Pentecost