IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:13-CV-08564 ) ) Judge Amy St. Eve |
| SHAUN DONOVAN, in his official capacity as Secretary of Housing and Urban Development, and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) ) Magistrate Judge Susan E. Cox ) ) ) ) ) |
| Defendants. | ) |

**MOTION OF THE STATE OF ILLINOIS FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the State of Illinois, through the Illinois Attorney General ("Attorney General"), and respectfully moves this Court for leave to submit the attached brief as *amicus curiae*. In support of this motion, the State of Illinois states as follows:

1. The Attorney General seeks leave to file the attached brief in this case in her capacity as the chief legal officer of the State of Illinois. The State of Illinois enforces Illinois statutes both governing housing discrimination, 775 ILCS 5/3-101 *et seq.* (2012), and regulating the insurance industry, 215 ILCS 5/1 *et seq.* (2012). Both of those areas of substantive state law will be affected by the Court's resolution of Plaintiff's claim that the McCarran-Ferguson Act, 15 U.S.C. § 1012(b),

preempts the regulation recently adopted by the Department of Housing and Urban Development interpreting the Fair Housing Act to prohibit housing practices with a "discriminatory effect . . . even if the practice was not motivated by a discriminatory intent." 24 C.F.R. § 100.500 ("the Rule").

2. The fundamental question presented by Plaintiff in this case is whether the Rule impermissibly interferes with state regulation of the insurance industry and is thus preempted by the McCarran-Ferguson Act. (Doc. 21 at 1-4). The State of Illinois is particular well-suited to explain the impact of this Court's resolution of that issue both on state authority over the insurance industry and on state civil rights policy. For this reason, Defendants do not object to the Attorney General's filing of a brief as *amicus curiae*. However, although the Attorney General provided notice to Plaintiff's counsel of her intent to file a brief on June 20, 2014, Plaintiff has withheld consent.

3. A federal district court has the discretion to permit the filing of an *amicus curiae* brief. *Chamberlain Group, Inc. v. Interlogix, Inc.*, No. 01 CV 6157, 2004 WL 1197258, *1 (N.D. Ill. May 28, 2004). Relevant factors in determining whether to entertain the brief of a proposed *amicus curiae* include whether the proffered filing is "helpful" and "timely." *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D Ill. 1982); *accord Idaho v. Coeur D'Alene Tribe*, No. 14-cv-00170, 2014 WL 2218329, *1 (D. Idaho May 29, 2014); *C & A Carbone, Inc. v. County of Rockland*, No. 08-cv-6459, 2014 WL 1202699, *3-4 (S.D.N.Y. Mar. 24, 2014); *United Fire & Cas. Co. v.*

*Titan Contractors Servs., Inc.*, No. 10-cv-2076, 2012 WL 3065517, *6 (E.D. Mo. July 27, 2012). This brief meets both of these criteria.

4. *First*, the State of Illinois believes its views may be helpful to the Court because, as a sovereign state that has adopted and enforces both state civil rights and insurance statutes, it has a concrete interest in the Rule's effect on both state anti-discrimination efforts and state predominance over insurance regulation. In contrast, the parties' discussion of the Rule's impact on the states are abstract. "An amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). Here, neither party's discussion of the Rule's impact on state sovereign authority comes from the vantage point of experience as a sovereign state that has adopted its own, distinct set of laws.

5. The State of Illinois' perspective is all the more relevant in light of the brief filed by the Oklahoma Insurance Commissioner as *amicus curiae*. (Doc. 48). The Insurance Commissioner argues that without nationwide McCarran-Ferguson preemption, the Rule "does not just interfere with the administrative regimes of several States, it supersedes and replaces them." (Doc. 48 at 2). The State of Illinois disagrees. First, as the State explains in its brief, McCarran-Ferguson preemption protects each state's insurance regulatory regime, but its does so only on a case-by-case basis. Therefore, nothing about the Rule should have any affect at all on Oklahoma's specific insurance regulation. However, preemption will not

be appropriate in every state. For example, the Rule will complement existing Illinois law as to both insurance and housing regulation. Thus, the Rule will not "supersede and replace" Illinois law because federal law and Illinois law are no different on the issue of disparate impact liability for insurance companies. The State of Illinois' perspective is thus valuable to the resolution of this case because it accounts for variations in state law when describing the impact of the Rule.

6.   *Second*, the brief is timely. Unquestionably, "[t]he parties before the court should have their dispute resolved without unnecessary delay. It would be unacceptable for an *amici* brief to cause a prolonged delay in the litigation." *Fluor Corp. v. United States*, 35 Fed.Cl. 284, 286 (Fed. Cl. 1996); *see Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). But allowing the State of Illinois to file a brief as *amicus curiae* now will not cause any delay in the resolution of this litigation. The parties' cross-motions for summary judgment have been fully submitted for only one week and the next status hearing in this case is two months away—August 26, 2014. (Doc. 25). Accordingly, at this point in the litigation, "granting the [State's] Motion for Leave will not cause *unnecessary* delay." *Andersen v. Leavitt*, No. 03-cv-6115, 2007 WL 2343672, *1, 6 (E.D.N.Y. Aug. 13, 2007) (emphasis in original) (allowing local government impacted to file brief as *amicus curiae* five months after summary judgment briefing completed); *see Wolfchild v. United States*, 62 Fed.Cl. 521, 537 (Fed. Cl. 2004) (permitting *amicus curiae* filing that "may assist the court," even after all briefing completed where

4

"ensuing delay has amounted to no more than several months"), *rev'd on other grounds* 559 F.3d 1228 (Fed. Cir. 2009); *Fluor Corp.*, 35 Fed.Cl. At 286 (permitting *amicus curiae* filing during summary judgment briefing) *United States ex rel. Roby v. Boeing Co.*, 73 F. Supp. 2d 897, 900 (S.D. Ohio 1999) (same).

7. Moreover, the timing of the State's motion is not due to a lack of diligence. *C.f. Andersen*, 2007 WL 2343672 at *6 (court permitting *amicus curiae* filing after explaining that it "cannot fault" governmental body for not acting sooner). As discussed *supra*, the State of Illinois' brief is in large measure a response to the Oklahoma Insurance Commissioner's *amicus curiae* brief, which was not filed until May 30, 2014, two weeks after Plaintiff filed its reply brief in support of its motion for summary judgment and six weeks after Defendants filed their principal brief in this case. (Doc. 48). Once the Attorney General became aware of the Insurance Commissioner's brief, she acted diligently in reviewing the filing, conferring with the interested agencies within Illinois state government, and drafting a brief. All told, the State of Illinois is seeking leave to file its brief as *amicus curiae* less than thirty days after the Oklahoma Insurance Commissioner filed his brief as *amicus curiae*.

8. Any conceivable prejudice Plaintiff could trace to allowing the State of Illinois to file its brief could be cured by permitting Plaintiff to file a short reply. *See Andersen*, 2007 WL 2343672 at *6. That result is far more equitable than the ignoring altogether the State's unique and relevant perspective in this case because

it did not seek leave to file its brief in tandem with Defendants' principal brief (a brief file weeks *before* the Oklahoma Insurance Commissioner filed his brief in this case).

THEREFORE, the State of Illinois respectfully requests that this Court grant its motion for leave to file the attached brief as *amicus curiae*.

>Respectfully submitted,
>
>LISA MADIGAN
>Attorney General
>State of Illinois
>
>CAROLYN E. SHAPIRO
>Solicitor General
>
>CLIFFORD W. BERLOW
>Assistant Attorney General
>
>/s/ *Stephen M. Soltanzadeh*
>STEPHEN M. SOLTANZADEH
>Assistant Attorney General
>100 W. Randolph St., 12th Floor
>Chicago, IL 60601
>(312) 814-2127
>
>Attorneys for *Amicus Curiae* the State of Illinois

Dated: June 27, 2014