UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____
                                              )
PROPERTY CASUALTY INSURERS    )
ASSOCIATION OF AMERICA,           )
                                              )
            Plaintiff,                      )
                                              )   No. 1:13-cv-08564
    v.                                     )
                                              )   Judge Amy J. St. Eve
JULIAN CASTRO, in his official capacity as )
Secretary of Housing and Urban Development, )
and the UNITED STATES DEPARTMENT OF )
OF HOUSING AND URBAN DEVELOPMENT, )
                                              )
            Defendants.                  )
_____ )

**DEFENDANTS' SUPPLEMENTAL BRIEF**

In this nationwide pre-enforcement challenge to the Department of Housing and Urban Development's (HUD's) Discriminatory Effects Rule (Rule), Plaintiff challenges the Rule as written, not as applied to particular insurers and insurance practices. Such an attack is quintessentially facial. Having elected to frame its claim in this manner, rather than to challenge the application of the Rule to a particular insurance practice in a specific state, Plaintiff cannot prevail unless it demonstrates that the Rule is invalid in all its applications to insurance. And it has not done so, in light of the numerous instances in which the Rule complements rather than impairs state law, as demonstrated in prior briefing in this case. Indeed, the notion that the Rule violates McCarran-Ferguson on its face – even though it leaves the operation of McCarran-Ferguson unchanged and preserves the issue for case-by-case consideration – is contrary to the analytical framework for evaluating McCarran-Ferguson claims articulated by the Supreme Court in *Humana v. Forsyth, Inc.,* 525 U.S. 299 (1999).

-1-

**BACKGROUND**

Plaintiff asks this Court to declare the Rule invalid as it pertains to homeowners insurance. At oral argument in this case, held on August 18, 2014, Plaintiff for the first time suggested that: (1) its claim was an "as-applied" rather than facial challenge to the Rule, and (2) even if it is properly characterized as a facial challenge, the Court should invalidate the Rule without requiring Plaintiff to demonstrate that it would be preempted in all its possible applications to the insurance industry.

In response, on August 22, 2014, the Court directed the parties to file supplemental briefing on the following two questions: "(1) whether Plaintiff's challenge to the Disparate Impact Rule as violating the McCarran-Ferguson Act constitutes a facial or as-applied challenge to the Rule and, (2) if it is a facial challenge, whether *Reno v. Flores*, 507 U.S. 292 (1993), provides the applicable test for judging the Rule's validity." Doc. No. 95. Defendants hereby submit this brief in response.

**ARGUMENT**

As explained below, Plaintiff's request that the Court invalidate the Rule as it pertains to homeowners insurance is properly considered a facial challenge. As such, Plaintiff must demonstrate that the Rule is invalid in all its applications to insurance, a standard that the Supreme Court and Seventh Circuit have both applied to facial, non-constitutional challenges to regulations. Ultimately, however, it is not merely the label assigned to Plaintiff's claim that dooms its challenge. Rather, it is the fact that Plaintiff has brought an abstract, nationwide claim under a statute that does not cognize such claims, and that it asks this Court to exempt the entire insurance industry from the Rule, without demonstrating that all of the applications of the Rule that Plaintiff seeks to invalidate would actually be invalid.

I.  **Plaintiff's Claim Is Properly Characterized as a Facial Challenge**

Plaintiff's claim is properly considered a facial attack on the Rule because it seeks to invalidate the Rule on an abstract, nationwide basis, irrespective of the factual context in which the Rule might be applied.[1]  By Plaintiff's own account, this case involves a "purely legal challenge[] to the Rule under the McCarran-Ferguson Act . . . [that] *do[es] not turn on particular facts* and *do[es] not require the Court to consider specific applications of the Rule* to certain insurers."  Pl.'s Opp. to Defs.' Mot. to Dismiss and/or or Summ. J. at 3 (emphasis added).  A disavowal of the significance of facts and context is a hallmark of a facial challenge.  *See Ezell v. City of Chi.*, 651 F.3d 684, 697 (7th Cir. 2011) ("In a facial constitutional challenge, individual application facts do not matter."); *Peick v. Pension Ben. Guar. Corp.*, 724 F.2d 1247, 1261 n.16 (7th Cir. 1983) ("The parties have argued vigorously as to whether this is an 'as applied' or 'facial' challenge to the Act.  Given the minimal or nonexistent record with respect to the actual operation of the [Act] in the situation presented in this case, we do not think that the case can properly be considered an 'as applied' challenge."); *see also Alliance of Auto. Mfrs., Inc. v. Currey*, 984 F. Supp. 2d 32, 46-47 (D. Conn. 2013) ("Notwithstanding . . . plaintiff's counsel's claim of such at oral argument, no as-applied challenge is properly before the court because [plaintiff] has yet to plead facts supporting such a challenge. . . . [Plaintiff] does not allege any unconstitutional application of the law apart from the general applicability of the law to all manufacturers who transact business with in-state dealers.").

---

[1] Although Plaintiff at times tries to frame its challenge by reference to undefined categories of hypothetical disparate impact claims, such as challenges that would require the review of the "actuarial soundness of insurance practices," *see*, *e.g.*, Pl.'s Opp. at 20, Plaintiff nowhere defines the boundaries of any such categories (which would require consideration of the facts of particular applications of the Rule).  Indeed, during oral argument Plaintiff declined to distinguish between a claim related to actuarial factors and a claim simply related to an insurer's business judgment.  Accordingly, Plaintiff's reference to such undefined categories of claims provides no meaningful limitation on its challenge.

The fact that Plaintiff seeks nationwide relief not limited to its members or to any particular application of the Rule is still further evidence of the facial nature of its challenge. *See Citizens United v. Fed. Elec. Comm'n*, 558 U.S. 310, 331 (2010) (noting the distinction between facial and as-applied challenges "goes to the breadth of the remedy employed by the Court"). To be sure, Plaintiff does not seek to invalidate the Rule as it pertains to all entities covered by the Fair Housing Act, but only as it pertains to homeowners insurance. *See* Pl.'s Resp. to Mot. for Leave to File Amici Curiae Br. at 1 (Doc. No. 67). This does not, however, strip the claim of its facial character. Denominating a McCarran-Ferguson claim as an "as applied" challenge simply because it is limited in its focus to the insurance industry – a position advanced by Plaintiff at oral argument – makes little sense, as McCarran-Ferguson *only* applies to the insurance industry. Moreover, the Supreme Court has held that a claim seeking wholesale invalidation of a law with respect to a broad class of conduct must meet the standard for facial challenges, even if the claim does not seek to invalidate the law as to all covered conduct. *See Doe v. Reed*, 561 U.S. 186, 194 (2010) (rejecting argument that challenge was excused from meeting standard for facial challenge because it did not seek to strike down a law "in all its applications, but only to the extent it covers referendum petitions"); *see also Chem. Specialties Mfrs. Ass'n v. Allenby*, 958 F.2d 941, 942-43 (9th Cir. 1992) ("[Chemical industry trade-group] contends that the adequate warning requirement of Proposition 65, as applied to products regulated under [two federal statutes applicable to chemical manufactures], are preempted by these Acts. . . . Since this is a facial challenge to Proposition 65, [trade-group] 'must establish that no set of circumstances exists under which the Act would be valid.'") (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

To the extent Plaintiff attempts to cast its challenge as an as-applied one – contrary to the manner in which the case has been litigated to date – this effort should not be entertained. In *Mann v. Calumet City*, 588 F.3d 949 (7th Cir. 2009), a case cited by Plaintiff at oral argument, the Seventh Circuit refused to consider the merits of arguments "pertinent only to a challenge to how [a law] is applied in particular cases" when a plaintiff had affirmatively disclaimed such review. *See id.* at 954. So too here. Because Plaintiff has explicitly disavowed reliance on any particular facts or actual applications of the Rule, "there is no narrower, as-applied challenge framed for the court's review." *See Alliance of Auto. Mfrs.*, 984 F. Supp. 2d at 47. And any effort to frame one at this late stage would only run aground on the ripeness doctrine, for the reasons set forth in Defendants' earlier briefing. *See* Defs.' Mem. in Supp. of Mot. to Dismiss and/or for Summ. J ("Defs.' Mem.") at 15-19; Defs.' Reply Mem. in Supp. of Mot. to Dismiss and/or for Summ. J ("Defs.' Reply") at 3-7; *see also Alliance of Auto. Mfrs.*, 984 F. Supp. 2d at 46-47 ("[A]s-applied challenges may well benefit from further development of the factual context in administrative proceedings. . . . Absent any action by the [agency], the court cannot discern what as-applied challenges may exist."); *cf. Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 812 (2003) (holding that "judicial resolution of the question presented here should await a concrete dispute" over the challenged regulation because "while [the plaintiffs] present a facial challenge to [the regulation], both rely on specific characteristics of [possible applications of the regulation] to support their positions").

## II.     Plaintiff's Claim Fails Under the Applicable Standard Set Forth in *Reno v. Flores*

Because Plaintiff challenges the Rule on its face, its claim is governed by the standard set forth in *Reno v. Flores*, 507 U.S. 292 (1993). In *Flores*, the Supreme Court held that in order to prevail on a facial challenge to a regulation, a plaintiff "'must establish that no set of

circumstances exists under which the [regulation] would be valid.'" *Id.* at 301 (quoting *Salerno*, 481 U.S. at 745). The Seventh Circuit has held that *Flores'* no-set-of-circumstances standard governs a facial, non-constitutional challenge to a regulation. *See Home Builders Ass'n of Greater Chi. v. U.S. Army Corps of Eng'rs*, 335 F.3d 607, 619 (7th Cir. 2003). Other circuits have done similarly. *See Ass'n of Private Sector Colls. & Univs. v. Duncan*, 681 F.3d 427, 442 (D.C. Cir. 2012); *Pub. Lands Council v. Babbitt*, 167 F.3d 1287, 1293 (10th Cir. 1999). As explained in prior briefing, Plaintiff has failed to demonstrate that the Rule is invalid in all its applications to insurance and thus has failed to carry its burden under *Flores*. *See* Defs.' Mem. at 20, 23-25, 29; Defs.' Reply at 7, 11-15.

At oral argument, Plaintiff contested the applicability of the *Flores* standard and suggested that it would be entitled to invalidation of the Rule with respect to the entire insurance industry, even if some applications of the Rule would not impair state regulation of insurance. In support, Plaintiff cited Seventh Circuit case law purportedly casting doubt on the vitality of *Salerno* in the context of certain constitutional challenges. *See*, *e.g.*, *A Woman's Choice v. Newman*, 305 F.3d 684, 687 (7th Cir. 2002) (noting conflict in Supreme Court case law on whether "a law may be *held unconstitutional* only when 'no set of circumstances exists under which the Act would be valid'") (quoting *Salerno*, 481 U.S. at 745) (emphasis added); *see also Mann*, 588 F.3d at 951 (noting the uncertainty about the precise overlap between facial constitutional challenges and the *Salerno* standard). Whatever questions those cases raise about

the applicability of *Salerno* to certain constitutional claims,[2] they are not relevant here.  Plaintiff brings a statutory challenge to HUD's Rule, not a constitutional one.[3]  As such, *Flores* and *Home Builders Ass'n* control and Plaintiff's inability to demonstrate that the Rule is preempted in all its applications, or even in all applications related to pricing and underwriting, dooms its facial attack.

Plaintiff's contention that it is entitled to facial relief under McCarran-Ferguson without demonstrating that all applications of the Rule would be preempted conflicts not only with *Flores* and *Home Builders Ass'n*, but also with *Humana*.  In *Humana*, the Supreme Court made clear: "When federal law does not directly conflict with state regulation, and when application of the federal law would not frustrate any declared state policy or interfere with a State's administrative regime, the McCarran-Ferguson Act does not preclude its application."  525 U.S. at 310.  To invalidate the Rule as to all insurance practices, even though Plaintiff has not demonstrated that all applications to insurance would "frustrate [a] declared state policy or interfere with a State's administrative regime," *id.*, would directly contradict this Supreme Court instruction.  Put simply, such relief would invalidate potential applications of the Rule that, under *Humana*, should not be precluded.  Tellingly, Plaintiff has identified no case in which a

---

[2] Notably, after those decisions were issued, the Seventh Circuit, sitting en banc, observed that "[a]lthough the *Salerno* principle has been controversial, and the Justices have allowed 'overbreadth' arguments when dealing with laws that restrict speech and reach substantially more conduct than the justifications advanced for the statute support, the Court has continued to cite *Salerno* favorably in other situations."  *United States v. Skoien*, 614 F.3d 638, 645 (7th Cir. 2010) (en banc).

[3] For this reason, Plaintiff's attempt at oral argument to import the standard applicable to constitutional challenges to abortion restrictions into the present case must be rejected.  The fact that courts may overturn an abortion restriction where it "will operate as a substantial obstacle to a woman's choice" in "a large fraction of the cases in which [the law] is relevant," *see Zbaraz v. Madigan*, 572 F.3d 370, 380 (7th Cir. 2009) (quoting *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 895 (1992)), says nothing about the standard to be employed in this statutory McCarran-Ferguson challenge.

court has employed McCarran-Ferguson to hold the insurance industry absolutely exempt from a federal law – let alone done so where, as here, the federal law has demonstrable applications that would not interfere with state law. *See*, *e.g.*, Defs.' Mem. at 23-25; Defs.' Reply at 11-14; Br. of State of Ill. as Amicus Curiae at 9-13; *cf.* Richard H. Fallon, Jr., As-Applied and Facial Challenges and Third-Party Standing, 113 Harv. L. Rev. 1321, 1321 (2000) ("Some doctrinal tests call for [laws] to be tested on their faces, whereas others do not.").

Accordingly, regardless of the label that Plaintiff chooses to attach to its claim, Plaintiff cannot prevail in this litigation, because there is nothing on the face of the Rule that contravenes McCarran-Ferguson and because Plaintiff cannot demonstrate that the Rule would be invalid in all applications, or even in all applications to pricing and underwriting.

Dated: August 26, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

MOLLY J. MORAN
Acting Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney

| | |
|---|---|
| HELEN R. KANOVSKY | RACHEL J. HINES |
| General Counsel | Assistant Branch Director |
| MICHELLE ARONOWITZ | Federal Programs Branch |
| Deputy General Counsel for | |
|   Enforcement and Fair Housing |  */s/ Kyle R. Freeny* |
| JEANINE M. WORDEN | KYLE R. FREENY (Cal. Bar No. 247857) |
| Associate General Counsel | DANIEL P. MOSTELLER (DC Bar No. 980802) |
|   for Fair Housing | Attorneys |
| KATHLEEN M. PENNINGTON | U.S. Department of Justice |
| Assistant General Counsel | 20 Massachusetts Ave., N.W. |
|   for Fair Housing Enforcement | Washington, DC 20001 |
| M. CASEY WEISSMAN-VERMEULEN | Tel: (202) 514-5108/Fax: (202) 616-8470 |
| AYELET R. WEISS | Email:  Kyle.Freeny@usdoj.gov |
| Attorneys | |
| *Of counsel* | *Counsel for Defendants* |