UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BENJAMIN S. CARSON, SR., in his official capacity as Secretary of Housing and Urban Development, and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, <br><br> Defendants. | No. 1:13-cv-08564 <br><br> Judge Amy J. St. Eve |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

On September 3, 2014, this Court issued a memorandum opinion and order resolving each of the claims in Plaintiff's initial complaint. The Court entered judgment, and the above-captioned matter was closed. Plaintiff now seeks leave of Court to file an amended complaint. Plaintiff's motion should be denied for three reasons. First, this Court did not retain jurisdiction over the case when it entered judgment and the case was closed on September 3, 2014, so the Court no longer has jurisdiction to entertain Plaintiff's motion. Second, on September 3, 2014, this Court also entered a final judgment for purposes of appeal, and Plaintiff's time for appeal has thus run. Third, even if the Court had retained jurisdiction after September 3, 2014, any amendment would be futile because Plaintiff's proposed amended complaint raises many of the same claims already rejected by this Court and Plaintiff's new claims would not survive a dispositive motion in light of HUD's

-1-

thorough reconsideration and explanation upon remand. Accordingly, Plaintiff's motion for leave to file an amended complaint should be denied.

## BACKGROUND

In February 2013, the United States Department of Housing and Urban Development ("HUD") issued a final rule formalizing its longstanding view that discriminatory effects liability is available under the Fair Housing Act ("FHA") and establishing a three-step burden-shifting approach for determining when a policy or practice with an unjustified discriminatory effect violates the FHA. 78 Fed. Reg. 11,460, "Implementation of the Fair Housing Act's Discriminatory Effects Standard" (Feb. 15, 2013) ("the Rule"). On November 27, 2013, Plaintiff, Property Casualty Insurers Association of America ("PCI"), filed a Complaint in this Court, challenging application of the Rule to homeowners insurance under the Administrative Procedure Act ("APA"), ECF. No. 1 ("Compl."). Plaintiff claimed that the Rule's application to homeowners insurance violated the McCarran-Ferguson Act, Compl. ¶ 78; that HUD's issuance of the Rule was arbitrary and capricious because HUD failed to adequately consider the Rule's conflict with the McCarran-Ferguson Act, the filed rate doctrine, and the nature of insurance, *id.* ¶¶ 83, 88, 93, 98; and that the burden-shifting framework adopted in the Rule was arbitrary, capricious, and contrary to law. *Id.* ¶¶ 105, 108.

After full briefing and argument, this Court issued a memorandum opinion and order on September 3, 2014. *Prop. Cas. Insurers Ass'n of Am. v. Donovan ("PCI")*, 66 F. Supp. 3d 1018 (N.D. Ill. 2014). Therein, the Court granted Defendants' motion to dismiss Plaintiff's McCarran-Ferguson claim for lack of subject matter jurisdiction, finding that the claim was not ripe. *Id.* at 1042. The Court also granted summary judgment to Defendants on Plaintiff's challenge to the Rule's burden-shifting framework, finding that the framework was "reasonable" and that "HUD

provided reasoned explanations for rejecting the commenters' challenges to [the] burden-shifting approach." *Id.* at 1053. This Court granted summary judgment to Plaintiff on its claims that the application of the Rule to homeowners insurance was arbitrary and capricious, finding that HUD did not give adequate consideration to the insurance industry's comments regarding the McCarran-Ferguson Act, the filed rate doctrine, and the nature of insurance. *Id.* at 1047-51. "The Court remand[ed] th[e] case to HUD for further proceedings consistent with [its] Memorandum Opinion and Order." *Id.* at 1054. The same day it issued its Opinion, the Court "entered judgment" in a separate document, ECF No. 100, and the case was "closed." *See* Docket, No. 1:13-cv-8564. Neither Plaintiff nor Defendants appealed the Court's judgment.

On October 5, 2016, HUD issued a supplement to its initial rulemaking, explaining its careful reconsideration of insurance industry comments in accordance with this Court's decision. 81 Fed. Reg. 69,012 (Oct. 5, 2016) ("Supplemental Response"). Therein, HUD explained that after reconsideration, it had determined that the categorical exemptions and safe harbors requested by the insurance industry would be "unworkable and inconsistent with the broad fair housing objectives and obligations embodied in the [FHA]." *Id.* HUD further explained that it "continues to believe that the commenters' concerns regarding application of the discriminatory effects standard to insurance practices can and should be addressed on a case-by-case basis." *Id.*

On March 21, 2017, Plaintiff filed the instant motion for leave to file an amended complaint "to add and update claims . . . under the [APA]," ECF No. 107, a memorandum in support thereof, ECF No. 108 ("Pl.'s Mem."), and a proposed amended complaint. ECF No. 107-1 ("Am. Compl.").

-3-

**ARGUMENT**

**I.    THIS COURT SHOULD DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT.**

Although courts are to "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend would be inappropriate here because this Court no longer has jurisdiction to entertain Plaintiff's motion to amend,[1] because Plaintiff's time for appeal has run, and Plaintiff should not get a second opportunity to appeal, and because any amendment would be futile. The Court should therefore deny Plaintiff's motion.

**A. THIS COURT LACKS JURISDICTION TO GRANT LEAVE TO AMEND.**

"[O]nce final judgment has been entered, the district court lacks jurisdiction to entertain a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment" pursuant to Federal Rule of Civil Procedure 59 or Rule 60. *Camp v. Gregory*, 67 F.3d 1286, 1289-90 (7th Cir. 1995).[2] Here, this Court resolved all of the claims in Plaintiff's Complaint and entered judgment on September 3, 2014. The Court did not indicate that it would retain jurisdiction over any part of the case, Plaintiff did not request that the Court do so, and the case was closed that same day. This Court therefore lacks jurisdiction to allow amendment. *See Precision Brand Prod., Inc. v. Downers Grove Sanitary Dist.*, No. 08-CV-5549, 2009 WL

---

[1] Subject matter jurisdiction is, of course, "a threshold issue that cannot be waived by the parties." *Sawyer v. Columbia Coll.*, No. 09-CV-6962, 2010 WL 3081260, at *5 (N.D. Ill. Aug. 5, 2010).

[2] Not only has Plaintiff not sought to reopen the judgment pursuant to Rule 59 or 60, but Plaintiff would have no basis on which to do so. Any motion under Rule 59 would be untimely. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."). And no extraordinary circumstances are present here to justify relief under Rule 60(b). *See Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995) ("[R]elief under Rule 60(b) is an extraordinary remedy reserved for the exceptional case."); *see also* Fed. R. Civ. P. 60(b)(1)-(6). Moreover, any motion for relief under Rule 60(b) would likewise be untimely, given that over two years have passed since this Court entered judgment. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

3853153, at *2 (N.D. Ill. Nov. 17, 2009) (absent a "show[ing] that the judgment should be set aside, the Court lacks jurisdiction to allow the amendment" (citing *Camp*, 67 F.3d at 1289-90)).

In seeking leave to file an amended complaint, Plaintiff does not dispute that on September 3, 2014, this Court resolved all of the claims raised in Plaintiff's Complaint, entered judgment, and closed the case. Instead, Plaintiff argues that this Court's order, remanding the case to HUD, was not a final, appealable judgment[3] and, therefore, *ipso facto*, this Court retains jurisdiction over Plaintiff's motion for leave to file an amended complaint. *See* Pl.'s Mot. 5-7. But whether an agency remand is a final judgment for purposes of appeal is a separate question from the one relevant here: whether the Court divested jurisdiction over this action when it remanded the case to HUD for further proceedings, entered judgment, and the case was closed. *See* Mem. Op. & Order, ECF No. 133 (filed in *Dist. Hosp. Partners, L.P. v. Burwell*, No. 11-0116 (D.D.C. 2016) (distinguishing between the question of whether the court retained jurisdiction upon remand and whether a remand to an agency is a final, appealable order) (Attachment A). Because the Court indeed divested jurisdiction when it entered judgment and the case was closed, this Court no longer retains jurisdiction and must therefore deny Plaintiff's motion. *See Sparrow v. Heller*, 116 F.3d 204, 206 (7th Cir. 1997) ("[O]nce judgment was entered the suit was over and there was no pending complaint to amend."). Indeed, the implication of Plaintiff's argument is "that the lack of a final, appealable order necessarily means that the Court *must* have retained jurisdiction." Mem. Op. & Order at 2. "Were [P]laintiff[] correct, there would be no discretion for district courts to exercise, and jurisdiction would be retained after every agency remand, which of course is not the case." *Id.* (internal citations omitted); *see, e.g., Holmstrom v. Metro. Life Ins., Co.*, No. 07-CV-6044,

---

[3] As explained in Section I.B, below, Plaintiff's argument that the Court's order was not final and appealable is incorrect.

2011 WL 2149353, at *5 (N.D. Ill. May 31, 2011) (demonstrating that courts have discretion whether or not to retain jurisdiction upon remand to the agency).

Because this Court's actions on September 3, 2014 divested it of jurisdiction, it cannot entertain Plaintiff's motion for leave to file an amended complaint.

### B. LEAVE TO AMEND WOULD PREJUDICE DEFENDANTS BECAUSE PLAINTIFF'S TIME FOR APPEAL HAS RUN.

Even if appealability were the relevant question here, this Court's order was also a final judgment for purposes of appeal. This Court's decision "end[ed] the litigation on the merits," and this Court entered judgment in "a separate document that inform[ed] the parties and the appellate court exactly what ha[d] been decided." *Paganis v. Blonstein*, 3 F.3d 1067, 1069 (7th Cir. 1993); see ECF No. 100 (ILND 450). The Court thus entered a final judgment for purposes of appeal, *Paganis*, 3 F.3d at 1069, and Plaintiff's time for appeal has run. See Fed. R. App. P. 4(a)(1)(B).

In arguing to the contrary, Plaintiff misstates the general rule regarding appealability of agency remands by citing to outdated cases holding that remands to agencies generally are not final, appealable orders, *see* Pl.'s Mot. 5, and arguing that this general rule is subject only to narrow exceptions. *See id.* at 5-7. But the premise that remands to administrative agencies are non-final has been "undermined," and, instead, "administrative remands [are] generally appealable" in the Seventh Circuit. *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 979 (7th Cir. 1999); *see also Edgewater Found. v. Thompson*, 350 F.3d 694, 697 (7th Cir. 2003) ("If the district court finds that the [administrative] decision was erroneous and enters a judgment wrapping up the litigation, that decision is appealable even if extra-judicial proceedings lie ahead; but if the court postpones adjudication until after additional evidence has been analyzed, then it has not made a final decision."). The case law Plaintiff cites is thus either outdated on this point, *see* Pl.'s Mot. 5 (citing *Travis v. Sullivan*, 985 F.2d 919, 920-921 (7th Cir. 1993); *Kapco*

*Mfg. Co. v. C & O Enters., Inc.*, 773 F.2d 151, 153 (7th Cir. 1985)), or is factually dissimilar, *see id.* (citing *Edgewater Found.*, 350 F.3d at 698-99 (finding no final decision because the district court expressly "postponed adjudication" on the central issue in the case and "expect[ed] to resume the proceedings after receiving the agency's findings")).[4] Accordingly, this Court's order need not fall within one of the exceptions posited by Plaintiff. *See* Pl.'s Mot. 6-7. And *even if* the previous default rule applied, this Court's decision was "effectively final" and appealable in any event because HUD would have been "unable to obtain review after its own action on remand." *Rush Univ. Med. Ctr. v. Leavitt*, 535 F.3d 735, 738 (7th Cir. 2008); *see also Edgewater Found.*, 350 F.3d at 696 (recognizing that remands may be reviewable immediately where "only the [plaintiff] c[ould] seek judicial review of the new administrative decision, and only an immediate appeal could [have] vindicate[d] the agency's interest in avoiding pointless . . . administrative proceedings").[5]

Thus, under either rule, Plaintiff's time for appeal has run. Plaintiff appears to be attempting to circumvent this fact—and retain certain issues for appeal—by seeking leave to file an amended complaint that includes nearly verbatim three claims that this Court has already rejected. See Am. Compl., Counts VI-VIII. But Plaintiff should not be permitted a second opportunity to appeal through the guise of a motion to amend. Given that this Court entered judgment against Plaintiff on those claims over two years ago, Defendants would be prejudiced

---

[4] In addition, the case law Plaintiff cites from the D.C. Circuit is not controlling, as the Seventh Circuit has adopted a different approach, expressly departing from the view that remands to agencies generally are not appealable. *See Perlman*, 195 F.3d at 979 (explaining the evolution of the law on this point in the Seventh Circuit).

[5] "Any decision final from the agency's perspective also is final from the private litigant's." *Rush*, 535 F.3d at 738.

should the Court permit Plaintiff to do so. Thus, for these reasons as well, the Court should deny Plaintiff's motion for leave to amend.

### C. AMENDMENT OF PLAINTIFF'S COMPLAINT WOULD BE FUTILE.

Even if the Court were to find that it did not enter a final judgment and that it retains jurisdiction over this case, Plaintiff's motion for leave to amend its complaint should be denied because amendment would be futile. *See Alinsky v. United States*, No. 98 C 6189, 2002 WL 844714, at *1 (N.D. Ill. May 1, 2002), *aff'd,* 415 F.3d 639 (7th Cir. 2005) ("Leave to amend is inappropriate where to do so would be futile." (citing *Larkin v. Galloway*, 266 F.3d 718, 722 (7th Cir. 2001))). "An amendment is futile if the amended pleading could not survive a motion for summary judgment," *id.* (citing *Porter v. Illinois,* 36 F.3d 684, 690 (7th Cir.1994)), or motion to dismiss, *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011). Here, Plaintiff's claims would not survive a dispositive motion.

To begin, Count VI of Plaintiff's proposed amended complaint restates nearly verbatim its McCarran-Ferguson Act claim that was already dismissed by this Court as unripe. *Compare* Am. Compl. ¶¶ 150-57, *with* Compl. ¶¶ 71-78; *see PCI*, 66 F. Supp. 3d at 1038 ("[T]he issue of whether the McCarran-Ferguson Act precludes application of the Disparate Impact Rule to the provision and pricing of homeowners insurance is not yet fit for judicial review."). Plaintiff offers no reason to question this Court's prior determination on that issue, Pl.'s Mot. 7-8, and thus, Plaintiff's McCarran-Ferguson Act claim would be dismissed immediately. Likewise, Counts VII and VIII of Plaintiff's proposed amended complaint restate word-for-word Plaintiff's prior challenge to the Rule's burden-shifting framework, *compare* Am. Compl. ¶¶ 158-67, *with* Compl. ¶¶ 99-108, which this Court already rejected because it found the framework both reasonable and reasonably explained. *PCI*, 66 F. Supp. 3d at 1053. As such, those claims are *res judicata* and cannot be

brought again. *Arlin-Golf*, 631 F.3d at 821 ("[A] final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.").

The remainder of Plaintiff's claims would fare no better. In Count V of Plaintiff's proposed amended complaint, Plaintiff claims that application of the Rule to homeowners insurance is contrary to the FHA as interpreted by the Supreme Court in *Texas Department of Housing & Community Affairs v. The Inclusive Communities Project, Inc. ("Inclusive Communities")*, 135 S. Ct. 2507 (2015). Am. Compl. ¶ 149. But the Supreme Court's holding in *Inclusive Communities* is entirely consistent with the Rule's reaffirmation of HUD's longstanding interpretation that the FHA authorizes disparate impact claims. 135 S. Ct. at 2516-22. And the portions of the Court's opinion cited by Plaintiff—which discuss limitations on the application of disparate impact liability that have long been part of the standard—do not give rise to new causes of action, nor do they conflict with the Rule. *See id.* at 2522-25 ("[D]isparate-impact liability has always been properly limited in key respects . . . ."). Indeed, nothing in *Inclusive Communities* casts any doubt on the validity of the Rule. To the contrary, the Court cited the Rule twice *in support* of its analysis. *See* 135 S. Ct. at 2522-23. Accordingly, on remand the district court in *Inclusive Communities* noted that "the [Supreme] Court did not disturb the Fifth Circuit's adoption of the HUD burdenshifting regimen" and held that the Rule provided the appropriate standard for the disparate impact claim at hand. *Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, No. 3:08-CV-0546-D, 2015 WL 5916220, *1, *3 (N.D. Tex. Oct. 8, 2015).[6] Moreover, the Supreme

---

[6] Other courts have also found that the Rule is consistent with *Inclusive Communities*. *See, e.g., Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 618 (2d Cir. 2016) ("The Supreme Court [in *Inclusive Communities*] implicitly adopted HUD's approach."); *Ave. 6E Invs., LLC v. City of*

Court's discussion of how disparate impact liability should be applied—the portion of the opinion on which Plaintiff relies to frame its claim—provides guidance on how to evaluate particular disparate impact claims as they arise. *See, e.g.*, 135 S. Ct. at 2523 ("Courts must therefore examine with care whether a plaintiff has made out a prima facie case of disparate impact and prompt resolution of these cases is important."). Accordingly, that discussion could be relevant only in potential future cases involving specific *applications* of the FHA's prohibition on disparate impact discrimination and of the Rule. *See id.* at 2522-25. It does not provide a basis for a separate facial, pre-enforcement cause of action.[7]

Relatedly, in Count I of Plaintiff's proposed amended complaint, Plaintiff claims that application of the Rule to homeowners insurance is arbitrary and capricious because HUD did not adequately consider upon remand the Supreme Court's decision in *Inclusive Communities*. *See* Am. Compl. ¶¶ 112-15. But HUD's Supplemental Response demonstrates that HUD was well aware of the Supreme Court's decision in *Inclusive Communities* and took it into account during its reconsideration. *See* 81 Fed. Reg. 69,012 (repeatedly citing *Inclusive Communities*). Moreover, as explained above, the Court's opinion in *Inclusive Communities* did not alter the limitations on the application of disparate impact liability and indeed affirmed the validity of the Rule's approach. *See* 135 S. Ct. at 2522-23. HUD had already considered the relevant limitations in its initial rulemaking, 11,461, 11,465-66 (noting the policy of the FHA to provide for fair housing "within

---

*Yuma*, 818 F.3d 493, 513 (9th Cir. 2016) (citing Rule's burden-shifting framework as in accord with *Inclusive Communities*).

[7] In addition, insofar as Count V of Plaintiff's proposed amended complaint argues that "[t]he Rule and Explanation also impermissibly shift the burden of persuasion to the defendant," Plaintiff made this same argument in its initial Complaint, *see* Compl. ¶ 105, and this Court rejected it in upholding the Rule's burden-shifting framework. *PCI*, 66 F. Supp. 3d at 1053.

constitutional limitations"), and thus was not required to further examine a decision that supported HUD's chosen approach.

Lastly, in Counts II-IV of Plaintiff's proposed amended complaint, Plaintiff claims that application of the Rule to homeowners insurance is arbitrary and capricious because HUD did not adequately consider upon remand the three issues this Court directed HUD to further consider and explain. *See* Am. Compl. ¶¶ 116-40. HUD's Supplemental Response demonstrates, however, that HUD carefully considered, and provided reasoned explanations pertaining to, each of the issues identified by the Court. *See generally* 81 Fed. Reg. 69,012. Specifically, HUD "provide[d] a reasoned explanation to prefer case-by-case application of McCarran–Ferguson preclusion over rule-making." *PCI*, 66 F. Supp. at 1048. HUD explained that the exemptions or safe harbors requested by the industry would be "unworkable" given "the variety of practices and relevant state laws, as well as the substantial range of possible discriminatory effects claims," and "would undermine the efficacy of the [FHA]" contrary to its purposes by "allow[ing] to go uncorrected at least some discriminatory insurance practices." 81 Fed. Reg. 69,013. HUD also "determine[d] [that] the benefits of proceeding by case-by-case adjudications outweighed the benefits of including an exemption or safe harbors for insurers," *PCI*, 66 F. Supp. 3d at 1048, explaining that "[t]he concerns raised by the insurance industry commenters do not outweigh th[e] loss of efficacy in the administration and enforcement of the [FHA]." 81 Fed. Reg. 69,013. Instead, HUD determined that "the case-by-case approach appropriately balances these concerns against HUD's obligation to give maximum force to the [FHA] by taking into account the diversity of potential discriminatory effects claims, as well as the variety of insurer business practices and differing insurance laws of the states, as they currently exist or may exist in the future." *Id.* Relatedly, HUD "explain[ed] its decision regarding the filed-rate doctrine," *PCI*, 66 F. Supp. 3d at 1050, that

an exemption for insurance pricing based on the doctrine would not be appropriate because HUD "does not anticipate that the filed rate doctrine will bar discriminatory effects claims involving insurance pricing" and, in any event, is not preferable to case-by-case adjudication "in light of the broad remedial goals of the Act." 81 Fed. Reg. 16, 69,017-18. And finally, HUD "consider[ed] the substance of the insurance industry's concerns" that "exposing them to disparate impact liability would undermine the fundamental nature of insurance." *PCI*, 66 F. Supp. 3d at 1051. In its Supplemental Response, HUD acknowledged "that risk-based decision making is an important aspect of sound insurance practice" and explained that "nothing in the Rule prohibits insurers from making decisions that are in fact risk-based." 81 Fed. Reg. 69,015. HUD rejected the broad exemptions requested, however, because they "would immunize a host of potentially discriminatory insurance practices that do not involve actuarial or risk-based calculations." *Id.* at 69,017. HUD went on to explain that a disparate impact claim "can challenge an insurer's underwriting policies as not purely risk-based" and that "[i]nsurers regularly engage in practices, such as marketing and claims processing and payment, that do not involve risk-based decision making and to which the [FHA] applies in equal force." *Id.* While Plaintiff may not prefer the outcome of HUD's reconsideration, there is no basis for Plaintiff's claims that HUD did not reconsider the issues identified by the Court and provide a reasoned explanation for its conclusions on those issues. Allowing Plaintiff to amend its complaint to challenge HUD's reconsideration of these issues would thus also be futile.

In sum, because none of Plaintiff's claims would survive a dispositive motion—and, indeed, because this Court has already rejected several claims reasserted in Plaintiff's proposed

amended complaint—amendment would be futile, and this Court should thus deny Plaintiff's motion for leave to file an amended complaint.[8]

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's motion for leave to file an amended complaint.

Dated: April 21, 2017　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　CHAD A. READLER
　　　　　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

LINDA M. CRUCIANI　　　　　　　　　　　　JOEL R. LEVIN
Deputy General Counsel　　　　　　　　　　　Acting United States Attorney

JEANINE M. WORDEN　　　　　　　　　　　LESLEY FARBY
Associate General Counsel　　　　　　　　　　Assistant Branch Director
　for Fair Housing　　　　　　　　　　　　　　Federal Programs Branch

KATHLEEN M. PENNINGTON　　　　　　　　*/s/ Emily S. Newton*
Assistant General Counsel　　　　　　　　　　EMILY S. NEWTON (Va. Bar No. 80745)
　for Fair Housing Enforcement　　　　　　　Trial Attorney

M. CASEY WEISSMAN-VERMEULEN　　　　United States Department of Justice
AYELET R. WEISS　　　　　　　　　　　　　20 Massachusetts Avenue, NW
Attorneys　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　　　　　Ph: (202) 305-8356
*Of Counsel*　　　　　　　　　　　　　　　　Email: emily.s.newton@usdoj.gov

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*

---

[8] If the Court were to deny Plaintiff's motion, Plaintiff states that it would "file its amended complaint as a new action" and "respectfully suggests that the Court consider making a request for reassignment under [Internal Operating Procedure] 13(d)." Pl.'s Mem. 11. While Defendants reserve the right to proffer all relevant objections to any new Complaint, Defendants do not oppose reassignment of any such action to this Court; Defendants simply note that such a new action would not meet the conditions for reassignment under Local Rule 40.4(b), namely that "both cases [be] pending in this Court" and that "the cases [be] susceptible of disposition in a single proceeding." *See* LR40.4(b)(1), (4).

**CERTIFICATE OF SERVICE**

      I hereby certify that, on April 21, 2017, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Northern District of Illinois using the CM/ECF system, which sent notification of such filing to counsel of record in this case.

                                                    */s/ Emily S. Newton*
                                                    EMILY S. NEWTON