# Attachment A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DISTRICT HOSPITAL PARTNERS, L.P., ) d/b/a The George Washington University ) Hospital, *et al.*, ) ) Plaintiffs, ) ) v. ) ) SYLVIA MATHEWS BURWELL, ) Secretary, Department of Health and ) Human Services, ) ) Defendant. ) | Civil Action No. 11-0116 (ESH) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, which own and operate 186 hospitals that participate in the Medicare program,

sued the Secretary of the Department of Health and Human Services ("HHS") in her official

capacity. They alleged that her methodology for setting fixed loss thresholds for outlier

payments for federal fiscal years 2004, 2005, and 2006, under the Medicare Act, 42 U.S.C. §

1395 *et seq.*, failed to incorporate a 2003 HHS rule and thus resulted in underpayment to their

hospitals. After this Court granted summary judgment to the Secretary, the D.C. Circuit affirmed

in part and reversed with regard to the 2004 rule. *See Dist. Hosp. Partners, L.P. v. Burwell*, 786

F.3d 46, 63 (D.C. Cir. 2015). Pursuant to the Court of Appeals' mandate [ECF No. 128], this

Court remanded the 2004 rule to HHS for further proceedings consistent with the opinion of the

Court of Appeals. (*See* Aug. 13, 2015 Order [ECF No. 129].)

HHS has since published the explanation that the Court of Appeals had previously found

lacking, *see* Medicare Program; Explanation of FY 2004 Outlier Fixed-Loss Threshold as

Required by Court Rulings, 81 Fed. Reg. 3727 (Jan. 22, 2016), and thus the Secretary "has

completed her action on remand." (*See* Ex. C to Pls.' Mot. for Briefing Schedule [ECF No. 130-3] at 1.)  Because administrative proceedings have concluded and the record is complete, plaintiffs now move for a briefing schedule for their renewed motion for summary judgment. (*See* Pls.' Mot. for Briefing Schedule [ECF No. 130] at 4.)  Defendant opposes plaintiffs' motion and argues that, because this Court did not retain jurisdiction in its remand order, it lacks the authority to entertain both the instant motion and plaintiffs' planned summary judgment motion. (*See* Def.'s Opp'n Br. [ECF No. 131] at 1.)  In other words, plaintiffs' renewed challenge to the 2004 rule must be brought as a new case.

Defendant is correct that the Court did not, either expressly or implicitly, retain jurisdiction when it remanded to HHS.  (*See* Aug. 13, 2015 Order.)  Although it certainly had the discretion to do so, *see, e.g., XP Vehicles, Inc. v. U.S. Dep't of Energy*, 2016 WL 199401, at *6 (D.D.C. Jan. 15, 2016), the inescapable fact is that the Court did not exercise that discretion, nor did plaintiffs ask the Court to do so.  In response, plaintiffs cite D.C. Circuit cases holding that a district court's order remanding to an agency is not a final, appealable order.  *See Pueblo of Sandia v. Babbitt*, 231 F.3d 878, 880 (D.C. Cir. 2000); *Am. Haw. Cruises v. Skinner,* 893 F.2d 1400, 1402 (D.C. Cir. 1990).  The Court does not take issue with that proposition, but it does take issue with the inference that plaintiffs draw from it—that the lack of a final, appealable order necessarily means that the Court *must* have retained jurisdiction.  Were plaintiffs correct, there would be no discretion for district courts to exercise, and jurisdiction would be retained after every agency remand, which of course is not the case.  *See McDonald v. Washington*, 15 F.3d 1126, 1129 (D.C. Cir. 1994) ("[W]here a court's jurisdiction terminates on its order of a remand, the initial civil action comes to an end."); *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C.

2

Cir. 2001) ("[F]ederal courts *regularly* retain jurisdiction until a federal agency has complied with its legal obligations [on remand] . . . .") (emphasis added).

Similarly, the Court does not take issue with plaintiffs' assertion that a "party not satisfied with the [agency]'s decision after remand can come back to the district court with a challenge to the agency's reconsidered decision." (*See* Pls.' Mot. for Briefing Schedule at 5-6 (quoting *Skinner*, 893 F.2d at 1403).) The Court simply notes that plaintiffs are free to "come back to the district court" when they file a new civil action, because the instant action was terminated upon remand to HHS.

Accordingly, it is hereby

**ORDERED** that plaintiffs' motion for briefing schedule is **DENIED**.


/s/    *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge


Date:   February 22, 2016