**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BENJAMIN S. CARSON, SR., in his official capacity as Secretary of Housing and Urban Development, and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>*Defendants*. | No. 1:13-cv-08564<br><br>Judge Rebecca R. Pallmeyer |

**JOINT STATUS REPORT**

Plaintiff, Property Casualty Insurers Association of America ("PCI")[1] and Defendants, Secretary Benjamin Carson and the United States Department of Housing and Urban Development ("HUD"), submit this joint status report pursuant to the Court's May 26, 2020 minute entry, continuing the stay in this case until July 17, 2020, and directing the parties to file on that date a joint status report on the expected timing of further action by HUD and proposing next steps. ECF No. 197.

[1] Effective January 1, 2019, the American Insurance Association merged with and into PCI. Effective February 5, 2019, PCI re-domesticated and changed its name to the American Property Casualty Insurance Association.

PCI asserts a challenge under the Administrative Procedure Act to the application of HUD's Final Rule, entitled *Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78 Fed. Reg. 11460 (Feb. 15, 2013) (A.R. 611) ("the Rule"), to risk-based pricing and underwriting of homeowners, property, and hazard insurance. On June 20, 2018, HUD published an Advance Notice of Proposed Rulemaking ("ANPRM"), inviting public comment on possible amendments to the Rule, as well as on the 2016 supplement to HUD's responses to certain insurance industry comments made during the initial rulemaking. *See Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact Standard*, 83 Fed. Reg. 28560 (June 20, 2018). Based on its consideration of public comments, HUD published a Notice of Proposed Rulemaking ("NPRM") on August 19, 2019 that could affect the pending case. *See HUD's Implementation of the Fair Housing Act's Disparate Impact Standard*, 84 Fed. Reg. 42854 (Aug. 19, 2019). The NPRM provided for a public comment period, which closed on October 18, 2019. *See id.*

HUD received 45,758 public comments in response to the NPRM. *See* https://www.regulations.gov/docket?D=HUD-2019-0067. After carefully considering the numerous public comments it received in response to the NPRM, HUD submitted a draft rule to the Office of Information and Regulatory Affairs ("OIRA") on May 7, 2020, for inter-agency review and consultation. *See* https://www.reginfo.gov/public/do/eoDetails?rrid=130337.

**Plaintiff's Position**

In order to facilitate the prompt resumption of this action, Plaintiff proposes that the stay in this case not be further extended and that the parties submit a further Joint Status Report on August 14. It is anticipated that HUD will promulgate a final rule in the very near term—at the latest on or shortly after August 5, 2020, the presumptive conclusion of OIRA review of the rule. Executive Order 12866, which governs OIRA's review, specifies that the period of OIRA review

is limited to 90 days unless extended. *See* Executive Order 12866 (Regulatory Planning and Review) § 6(b)(2)(B), 58 Fed. Reg. 51735, 51742 (Sept. 30, 1993); https://www.reginfo.gov/public/jsp/Utilities/faq.myjsp. As noted above, HUD submitted the final rule to OIRA on May 7, 2020. *See* https://www.reginfo.gov/public/do/eoDetails?rrid=130337. OIRA's default review period is therefore scheduled to end August 5, 2020. Allowing the current stay to end today, according to its terms, will put the parties in a position promptly to resume this litigation, if necessary, following the end of the period of OIRA review or sooner as appropriate, including if HUD issues the final rule prior to the end of the OIRA review period. In contrast, staying the case another 30 days, as the government proposes, would extend the stay beyond the expected end of the period of OIRA review and publication of the final rule, potentially further delaying resumption of this litigation, which has been stayed for nearly three years.

Accordingly, Plaintiff respectfully asks the Court to deny any further extension of the stay and to set an August 14 deadline for a further joint status report.

**Defendants' Position**

Defendants believe that a brief continuation of the current stay in this case is sensible and warranted in light of the status of the rulemaking at issue. Defendants therefore propose that the stay be continued for 28 days, or until August 14, 2020, on which date the parties would file a joint status report ("JSR"), updating the Court on any government action, or the expected timing of any future government action, and proposing any next steps in this case. As anticipated in the parties' most recent JSR filed with the Court, the inter-agency OIRA review process is ongoing. While the initial 90-day OIRA review is scheduled to conclude August 5, 2020, various contingencies could occur consistent with the parties' need to maintain a stay in this case. *See* Executive Order 12866, Regulatory Planning and Review, § 6(b)(2)-(3), 58 Fed. Reg. 51735 (explaining that the

review process may be extended by the head of the agency or the Director of OMB and that the OIRA Administrator may return an action to an agency for further consideration of some or all of its provisions). As noted in previous JSRs filed with the Court, Defendants would plan to confer with Plaintiff and apprise the Court of any substantive updates in the meantime as appropriate, but until the Government takes further action with respect to the draft rule under consideration, the current stay is appropriate and there is no basis to lift it. Defendants thus propose that the Court continue the stay in this case for 28 days and order the parties to file a joint status report on August 14, 2020, providing any relevant updates to the Court and proposing any next steps in this case.

Defendants also respectfully inform the Court that undersigned counsel for the Government will be on leave and unavailable for conferrals or proceedings the week of August 3, returning to work on August 10, 2020. Should the Government take any action that week with respect to the rule under consideration, counsel will promptly confer with Plaintiff upon returning to work to determine next steps as appropriate.

Dated: July 17, 2020

Respectfully submitted,

/s/ Brian M. Boynton
Seth P. Waxman (*pro hac vice*)
Jonathan G. Cedarbaum (*pro hac vice*)
Brian M. Boynton (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
E-mail: seth.waxman@wilmerhale.com

Rowe W. Snider (# 03125194)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD LLP

ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division

JOHN R. LAUSCH, JR.
United States Attorney

LESLEY FARBY
Assistant Branch Director
Federal Programs Branch

*/s/ Emily Newton*
EMILY SUE NEWTON (Va. Bar No. 80745)
Senior Trial Counsel
United States Department of Justice

111 South Wacker Drive
Chicago, IL 60606
Tel.: (312) 443-0700
Fax: (312) 896-0336
Email: rsnider@lockelord.com

*Counsel for Plaintiff*

Civil Division, Federal Programs Branch
1100 L Street, NW, Room 12104
Washington, D.C. 20005
Tel: (202) 305-8356 / Fax: (202) 616-8460
emily.s.newton@usdoj.gov

*Counsel for Defendants*