UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> BENJAMIN S. CARSON, SR., in his official capacity as Secretary of Housing and Urban Development, and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, <br><br> *Defendants*. | No. 1:13-cv-08564 <br><br> Judge Rebecca R. Pallmeyer |

## JOINT STATUS REPORT

Plaintiff, Property Casualty Insurers Association of America ("PCI")[1] and Defendants, Secretary Benjamin Carson and the United States Department of Housing and Urban Development ("HUD"), submit this joint status report pursuant to the Court's July 20, 2020 minute entry, extending the stay in this case until August 5, 2020, and directing the parties to file by August 14, 2020 a further joint status report. ECF No. 199.

PCI asserts a challenge under the Administrative Procedure Act to the application of HUD's Final Rule, entitled *Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78

---

[1] Effective January 1, 2019, the American Insurance Association merged with and into PCI. Effective February 5, 2019, PCI re-domesticated and changed its name to the American Property Casualty Insurance Association.

1

Fed. Reg. 11460 (Feb. 15, 2013) (A.R. 611) ("the Rule"), to risk-based pricing and underwriting of homeowners, property, and hazard insurance. On June 20, 2018, HUD published an Advance Notice of Proposed Rulemaking ("ANPRM"), inviting public comment on possible amendments to the Rule, as well as on the 2016 supplement to HUD's responses to certain insurance industry comments made during the initial rulemaking. *See Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact Standard*, 83 Fed. Reg. 28560 (June 20, 2018). Based on its consideration of public comments, HUD published a Notice of Proposed Rulemaking ("NPRM") on August 19, 2019 that could affect the pending case. *See HUD's Implementation of the Fair Housing Act's Disparate Impact Standard*, 84 Fed. Reg. 42854 (Aug. 19, 2019). The NPRM provided for a public comment period, which closed on October 18, 2019. *See id.*

HUD received 45,758 public comments in response to the NPRM. *See* https://www.regulations.gov/docket?D=HUD-2019-0067. After carefully considering the numerous public comments it received in response to the NPRM, HUD submitted a draft rule to the Office of Information and Regulatory Affairs ("OIRA") on May 7, 2020, for inter-agency review and consultation. *See* https://www.reginfo.gov/public/do/eoDetails?rrid=130337. That rule remains under consideration at OIRA.

### **Plaintiff's Position**

Plaintiff requests that the Court enter a schedule for resumed litigation of this action in light of the fact that HUD has not yet issued the anticipated final rule. In the prior Joint Status Report, Plaintiff proposed that the stay in this action not be further extended in anticipation of promulgation of a final rule by HUD on or shortly after August 5—the presumptive conclusion of OIRA review of the rule. As Plaintiff explained, Executive Order 12866, which governs OIRA's review, specifies that the period of OIRA review is limited to 90 days unless extended. *See*

2

Executive Order 12866 (Regulatory Planning and Review) § 6(b)(2)(B), 58 Fed. Reg. 51735, 51742 (Sept. 30, 1993); https://www.reginfo.gov/public/jsp/Utilities/faq.myjsp. As noted above, HUD submitted the final rule to OIRA on May 7, 2020. *See* https://www.reginfo.gov/public/do/eoDetails?rrid=130337. OIRA's default review period therefore was scheduled to end August 5, 2020.

Despite the end of this default review period, however, HUD still has not issued a new final rule. Moreover, Defendants have not provided any update regarding when or whether HUD is, in fact, going to issue the new rule. The HUD rulemaking process has now continued for over two years, and this case has been dormant for almost three years, having been stayed until August 5, 2020. The last substantive filing was Plaintiff's motion for summary judgment submitted September 8, 2017. *See* ECF No. 136. That motion challenged HUD's decision in the 2013 Rule to apply disparate impact liability to risk-based pricing and underwriting of homeowners, property, and casualty insurance, as further explained by HUD in its 2016 Supplemental Explanation, *see* 81 Fed. Reg. 69,012 (Oct. 5, 2016).

On September 27, 2017, HUD sought an extension of time to respond to Plaintiff's summary judgment motion. ECF No. 140. On September 28, 2017, the Court granted the motion and "stay[ed] the case for 60 days." ECF. No. 141. When HUD sought to extend the stay another 60 days (*see* ECF No. 142), the Court entered a minute order granting the motion (*see* ECF No. 144). That minute order also provided as follows: "Plaintiff's motion for summary judgment [136] is denied without prejudice to refile if HUD decides to pursue the issue. Given that Plaintiff filed the motion on 9/8/17 and given the parties' requested delay, the Court will provide Plaintiff with the opportunity to file a new motion with updated law." ECF No. 144.

In light of HUD's prolonged failure to adopt a new final rule, Plaintiff wishes to move forward with an updated motion for summary judgment and respectfully requests that the Court enter a schedule for submission, briefing, and argument of that motion. Plaintiff requests that the date for filing a renewed summary judgment motion and supporting brief be set for September 23, 2020. That will provide Plaintiff an opportunity to update its motion and give HUD one final window to promulgate a new rule if it is going to do so.

Plaintiff further proposes that:

- Defendants' combined opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment be due four weeks later on October 21;

- Plaintiff's combined opposition to Defendants' cross-motion for summary judgment and reply brief in support of its summary judgment motion be due 21 days later on November 11;

- Defendants' reply brief in support of their cross-motion for summary judgment be due 19 days later on November 30; and

- Telephonic oral argument be set for a date convenient for the Court during the weeks of December 7th or 14th.

Accordingly, Plaintiff respectfully asks the Court to set the requested schedule for briefing its renewed motion for summary judgment and Defendants' cross-motion for summary judgment. Alternatively, if the Court is disinclined to set a briefing schedule at this time, Plaintiff respectfully requests that the case be set at the earliest convenient date for a Case Management Conference so that the Court and the parties can address the best means of moving the case forward toward a prompt resolution.

**Defendants' Position**

From May 2018 until one month ago, the parties have jointly requested that the Court stay proceedings in this case because HUD has been considering changes to the rule at issue in this

litigation. *See* ECF No. 155. The parties have repeatedly based their requests on the need "to allow for the continuation of the rulemaking process, including the inter-agency OIRA review process." ECF No. 196. As Plaintiff notes, the inter-agency OIRA review process is still ongoing, and the rulemaking is currently under active consideration and discussion. *See* https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202004&RIN=2529-AA98. Where that is the case, Defendants do not believe it is sensible for the parties to address Plaintiff's objections to the very rule that the agency has indicated an intent to replace and is in the process of replacing. Instead, and to allow for the continuation of the rulemaking process, Defendants propose to file a joint status report on September 14, 2020, providing any relevant updates to the Court and proposing any next steps in this case. Defendants would plan to apprise the Court of any substantive updates in the meantime as appropriate.

      Although Defendants believe it is an inefficient use of the Court's and the parties' resources to set a schedule for briefing Plaintiff's objections to the 2013 Rule and 2016 Supplement at this time, if the Court were inclined to grant Plaintiff's request and set a schedule for summary judgment briefing, Defendants do not oppose the schedule proposed by Plaintiff above.

Dated: August 14, 2020

Respectfully submitted,

<u>/s/ Brian M. Boynton</u>
Seth P. Waxman (*pro hac vice*)
Jonathan G. Cedarbaum (*pro hac vice*)
Brian M. Boynton (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
E-mail: seth.waxman@wilmerhale.com

ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division

JOHN R. LAUSCH, JR.
United States Attorney

LESLEY FARBY
Assistant Branch Director
Federal Programs Branch

5

| | |
|---|---|
| Rowe W. Snider (# 03125194)<br>Ashlee M. Knuckey (# 6300237)<br>LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>Tel.: (312) 443-0700<br>Fax: (312) 896-0336<br>Email: rsnider@lockelord.com<br><br>*Counsel for Plaintiff* | */s/ Emily Newton*<br>EMILY SUE NEWTON (Va. Bar No. 80745)<br>Senior Trial Counsel<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW, Room 12104<br>Washington, D.C. 20005<br>Tel: (202) 305-8356 / Fax: (202) 616-8460<br>emily.s.newton@usdoj.gov<br><br>*Counsel for Defendants* |