# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> MARCIA L. FUDGE, in her official capacity as Secretary of Housing and Urban Development, and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, <br><br> *Defendants*. | No. 1:13-cv-08564 <br><br> Judge Rebecca R. Pallmeyer |

## JOINT STATUS REPORT

Plaintiff, Property Casualty Insurers Association of America ("PCI")[1] and Defendants, Secretary Marcia L. Fudge and the United States Department of Housing and Urban Development ("HUD"), submit this joint status report. PCI asserts a challenge under the Administrative Procedure Act to the application of HUD's 2013 Rule, entitled *Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78 Fed. Reg. 11460 (Feb. 15, 2013) (A.R. 611) ("the 2013 Rule"), to risk-based pricing and underwriting of homeowners, property, and hazard insurance. After public notice-and-comment rulemaking, on September 24, 2020, HUD published in the Federal Register a final rule replacing the 2013 Rule, which was set to take effect on October 26, 2020. *See* 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule"). On October 25, 2020, a district court issued

---

[1] Effective January 1, 2019, the American Insurance Association merged with and into PCI. Effective February 5, 2019, PCI re-domesticated and changed its name to the American Property Casualty Insurance Association.

1

an order postponing the effective date of the 2020 Rule. *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. CV 20-11765-MGM, 2020 WL 6390143 (D. Mass.). On February 9, 2021, HUD filed a consent motion to voluntarily dismiss the then-pending appeal of the district court's decision. *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. 21-1003, Entry ID 6400379 (1st Cir. Feb. 9, 2021).

On January 26, 2021, President Biden issued a "Memorandum on Redressing Our Nation's and the Federal Government's History of Discriminatory Housing Practices and Policies," directing the Secretary of HUD to,

> as soon as practicable, take all steps necessary to examine the effects of the [2020 Rule]. . . , including the effect that amending the [2013 Rule] has had on HUD's statutory duty to ensure compliance with the Fair Housing Act. Based on that examination, the Secretary shall take any necessary steps, as appropriate and consistent with applicable law, to implement the Fair Housing Act's requirements that HUD administer its programs in a manner that affirmatively furthers fair housing and HUD's overall duty to administer the Act . . . including by preventing practices with an unjustified discriminatory effect.

https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/26/memorandum-on-redressing-our-nations-and-the-federal-governments-history-of-discriminatory-housing-practices-and-policies/.

Pursuant to the President's directive, HUD began actively examining the discriminatory effects rules. In light of that examination, in a joint status report filed on February 12, 2021, the parties requested that the Court continue the stay in this case for 60 days. ECF No. 212. In a Minute Entry on February 16, 2021, the Court granted the parties' request and continued the stay in this case until April 15, 2021, on which date the Court directed the parties to file a joint status report on the expected timing of further action by HUD and proposing next steps. ECF No. 213.

On April 12, 2021, HUD sent to the Office of Management and Budget ("OMB") a draft proposed rule for inter-agency review. *See* https://www.reginfo.gov/public/do/eoDetails?rrid=162113. The parties' respective positions are as follows:

**Plaintiff's Position**

Plaintiff respectfully requests that the Court enter a scheduling order to resume summary-judgment briefing or, in the alternative, set a status conference to address how best to move this case forward productively. Although the substance of HUD's proposed rule is not yet available to the public, it is evident from the rule's title—"Reinstatement of HUD's Discriminatory Effects Standard (FR-6251)"—that HUD intends to reinstate the substance of the 2013 Rule. Defendants have underscored that the proposed rule is not yet final, but they have not indicated that the proposal as it now stands differs in any material respect from the 2013 Rule that is at issue in this case. There is accordingly no good reason to continue to stay this case while the proposed rule undergoes the lengthy interagency review and rulemaking process toward reinstatement of the same Rule that is already the subject of this action.

This case was originally filed more than seven years ago, and it has been more than six years since this Court granted Plaintiff's motion for summary judgment in part on the ground that the 2013 Rule was inadequately justified. The case has now been dormant for more than three and a half years. It was first stayed from September 2017 until August 5, 2020, pending rulemaking. Plaintiff initially agreed to that stay while the rulemaking appeared likely to result in a new final rule that would displace the one at issue in this case, but then opposed further extension of the stay "in light of HUD's prolonged failure to adopt a new final rule." ECF No. 200 at 4; *see also* ECF No. 198 at 2-3. The case was then stayed again from December 2020 to the present, with little meaningful movement in the interim. Yet the 2013 Rule, which this Court found arbitrary and

3

capricious, remains in effect due to the injunction of the 2020 Rule. *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. CV 20-11765-MGM, 2020 WL 6390143 (D. Mass.). And unlike on the occasion of the rulemaking during the prior administration, Defendants have offered no basis to think the present rulemaking will result in any change to the 2013 Rule that would render it unripe for litigation now—to the contrary, HUD has stated its intent to "reinstate[]" that rule.

During this case's long dormancy, Plaintiff has been unable to obtain relief based on this Court's ruling that the 2013 Rule is arbitrary and capricious, and Plaintiff has been unable to litigate and resolve its challenge to the 2013 Rule based on the Supreme Court's intervening decision in *Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015), and unable to appeal this Court's ruling dismissing Plaintiff's challenge to the 2013 Rule under the McCarran-Ferguson Act. Given HUD's declared intent to reinstate the 2013 Rule, Plaintiff should not have to wait for another potentially years-long rulemaking proceeding to resume litigation of these issues.

Plaintiff therefore requests that the Court lift the stay and permit Plaintiff to submit a renewed motion for summary judgment to be briefed on the following schedule:

- Plaintiff shall file a renewed motion for summary judgment and supporting brief within 30 days after the Court enters the scheduling order;

- Defendants shall file a combined opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment within 30 days after service of Plaintiff's motion;

- Plaintiff shall file a combined opposition to Defendants' cross-motion for summary judgment and reply brief in support of its motion for summary judgment within 21 days after service of Defendants' combined opposition and cross-motion; and

4

- Defendants shall file a reply brief in support of their cross-motion for summary judgment within 14 days after service of Plaintiff's combined opposition and reply.

Alternatively, if the Court is disinclined to set a briefing schedule at this time, Plaintiff respectfully requests that the Court set a status conference at the earliest convenient date so that the Court and the parties can address whether this case is ripe for continued litigation in light of the apparent trajectory of the rulemaking toward reinstatement of the 2013 Rule and discuss the best means of moving the case forward toward a prompt resolution.

### **Defendants' Position**

As a result of HUD's recent action, a proposed rule addressing the very rule at issue in this case is under active consideration by the Executive Branch via the Office of Management and Budget's ("OMB") inter-agency review process. In light of that ongoing consideration, Defendants respectfully request a continuation of the stay in this case for 90 days, or until July 14, 2021, on which date Defendants propose that the parties file another joint status report to update the Court on the status of the proposed rule and propose any next steps as appropriate.

As the Court is aware, the parties and the Court agreed to defer briefing in this case at the beginning of the Trump Administration to allow for the appointment of interested government officials within the Executive Branch, including the General Counsel of HUD and the Assistant Attorney General of the Civil Division of the U.S. Department of Justice. *See* ECF Nos. 142, 146. And when HUD subsequently engaged in notice-and-comment rulemaking, the parties and the Court repeatedly agreed to continue the stays in this case to allow for that administrative process to take place before continuing to litigate over a rule that was under active reconsideration. *See, e.g.,* ECF Nos. 150-59, 166, 168-69, 172-73, 176-77, 178-79, 184, 186, 188-89, 190-91, 192, 194-95, 196. At that time, Plaintiff recognized that the case should be stayed "[i]n light of HUD's plans to

5

issue a[] [Notice of Proposed Rulemaking ("NPRM")] and its need to continue to engage in the rulemaking process, including OMB's inter-agency review process." ECF No. 178; *see also* ECF No. 184 (same), ECF No. 196 (same). Defendants appreciated Plaintiff's solicitude at that time and believe the same deference should be accorded to the new administration to accommodate the on-going rule-making process.

It is not, as Plaintiff would have it, "evident" that HUD will adopt a rule identical to the 2013 Rule. As Plaintiff acknowledges, the substance of the draft proposed rule submitted to OMB is not yet public, and the title of the proposed rule is just that: the title of a *proposal*. See https://www.reginfo.gov/public/do/eoDetails?rrid=162113 (noting that the rulemaking is at the stage of a "proposed rule"). "[A] central purpose of notice-and-comment rulemaking is to subject agency decisionmaking to public input and to obligate the agency to consider and respond to the material comments and concerns that are voiced," *Make The Rd. New York v. Wolf*, 962 F.3d 612, 634 (D.C. Cir. 2020)—all in an effort "to get the wisest rules," *Dismas Charities, Inc. v. U.S. Dep't of Just.*, 401 F.3d 666, 680 (6th Cir. 2005). "On top of that, part of the purpose of notice and comment rulemaking is to ensure the parties develop a record for judicial review." *Make The Rd. New York*, 962 F.3d at 634 (internal quotation and citations omitted). Plaintiff's proposal would undermine both of these purposes and put HUD—and this Court—in the precarious position of having to take a position on a rule under active inter-agency consideration and before HUD could consider public input and publish a final rule.

The Government understands that this matter has been stayed for a lengthy period of time. But within days of the commencement of the new administration, the President directed HUD to examine amendments to the 2013 Rule and to take any necessary steps to prevent discriminatory effects in housing. And in less than three months, HUD has already taken significant steps by

drafting and sending a proposed rule to OMB for inter-agency consideration. That rulemaking process will directly implicate the issues in this litigation. Accordingly, Defendants believe it is reasonable and prudent, as Plaintiff conceded during the last administration, to allow for the continuation of the rulemaking process, rather than proceeding with briefing on a rule under active consideration. Defendants therefore respectfully request a 90-day continuation of the stay in this case and propose that the parties file another joint status report on July 14, 2021, at which time HUD anticipates it will likely be able to provide an update on the nature and timing of any next steps.

Although the Government does not believe that it is appropriate to proceed with briefing at this time, if the Court determines to do so, the Government does not oppose the briefing schedule proposed by Plaintiff.

Dated: April 15, 2021

Respectfully submitted,

/s/ Catherine M.A. Carroll
Seth P. Waxman (*pro hac vice*)
Catherine M.A. Carroll (*pro hac vice*)
Anuradha Sivaram (*pro hac vice*)
Athena L. Katsampes (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
E-mail: seth.waxman@wilmerhale.com

Rowe W. Snider (# 03125194)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606

MICHAEL D. GRANSTON
Deputy Assistant Attorney General

JOHN R. LAUSCH, JR.
United States Attorney

LESLEY FARBY
Assistant Branch Director
Federal Programs Branch

/s/ Emily Newton
EMILY SUE NEWTON (Va. Bar No. 80745)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Room 12104
Washington, D.C. 20005
Tel: (202) 305-8356 / Fax: (202) 616-8460

7

Tel.: (312) 443-0700  
Fax: (312) 896-0336  
Email: rsnider@lockelord.com

*Counsel for Plaintiff*

emily.s.newton@usdoj.gov

*Counsel for Defendants*