## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA FUDGE, in her official capacity as Secretary of Housing and Urban Development, and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOP-MENT,<br><br>Defendants. | No. 1:13-cv-08564<br>Judge Rebecca R. Pallmeyer |

### MOTION TO STAY PROCEEDINGS FOR 90 DAYS

Defendants, Secretary Marcia L. Fudge and the United States Department of Housing and Urban Development ("HUD"), move to stay proceedings for 90 days in light of HUD's June 25, 2021 Notice of Proposed Rulemaking to determine whether to recodify the Discriminatory Effects Rule at issue in this case. The 90 days would elapse on September 27, 2021, at which date Defendants propose that the parties file another joint status report to update the Court on the status of the proposed rule and propose any next steps as appropriate. The 2013 Discriminatory Effects Rule has been in place for the duration of the previous stays in this case and a further stay is now warranted because HUD's rulemaking materially bears on PCI's claims and because no hardship to PCI is evident from essentially maintaining the status quo.

### BACKGROUND AND PROCEDURAL HISTORY

PCI asserts a challenge under the Administrative Procedure Act to the application of HUD's 2013 Rule, entitled *Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78

1

Fed. Reg. 11460 (Feb. 15, 2013) (A.R. 611) ("the 2013 Rule"), to risk-based pricing and underwriting of homeowners, property, and hazard insurance.

The parties and the Court agreed to defer briefing in this case at the beginning of the Trump Administration in 2017 to allow for the appointment of interested government officials within the Executive Branch, including the General Counsel of HUD and the Assistant Attorney General of the Civil Division of the U.S. Department of Justice. *See* ECF Nos. 142, 146. And when HUD subsequently engaged in notice-and-comment rulemaking, the parties and the Court repeatedly agreed to continue the stays in this case to allow for that administrative process to take place before continuing to litigate over a rule that was under active reconsideration. *See, e.g.,* ECF Nos. 150–59, 166, 168–69, 172–73, 176–77, 178–79, 184, 186, 188–89, 190–91, 192, 194–95, 196. At that time, Plaintiff recognized that the case should be stayed "[i]n light of HUD's plans to issue a[] [Notice of Proposed Rulemaking ("NPRM")] and its need to continue to engage in the rulemaking process, including OMB's inter-agency review process." ECF No. 178; *see also* ECF No. 184 (same), ECF No. 196 (same).

After public notice-and-comment rulemaking, on September 24, 2020, HUD published in the Federal Register a final rule replacing the 2013 Rule, which was set to take effect on October 26, 2020. *See* 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule"). On October 25, 2020, a district court issued an order staying the implementation and postponing the effective date of the 2020 Rule. *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. CV 20-11765-MGM, 2020 WL 6390143 (D. Mass.). Though HUD initially sought to appeal the district court's decision, on February 9, 2021, HUD filed a consent motion to voluntarily dismiss the then-pending appeal. *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. 21-1003, Entry ID 6400379 (1st Cir. Feb. 9, 2021).

2

On January 26, 2021, President Biden issued a "Memorandum on Redressing Our Nation's and the Federal Government's History of Discriminatory Housing Practices and Policies," directing the Secretary of HUD to:

> as soon as practicable, take all steps necessary to examine the effects of the [2020 Rule]. . . , including the effect that amending the [2013 Rule] has had on HUD's statutory duty to ensure compliance with the Fair Housing Act. Based on that examination, the Secretary shall take any necessary steps, as appropriate and consistent with applicable law, to implement the Fair Housing Act's requirements that HUD administer its programs in a manner that affirmatively furthers fair housing and HUD's overall duty to administer the Act . . . including by preventing practices with an unjustified discriminatory effect.

https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/26/memorandum-on-re-dressing-our-nations-and-the-federal-governments-history-of-discriminatory-housing-practices-and-policies/.

Pursuant to the President's directive, HUD began actively examining the discriminatory effects rules. In light of that examination, in a joint status report filed on February 12, 2021, the parties requested that the Court continue the stay in this case for 60 days. ECF No. 212. In a Minute Entry on February 16, 2021, the Court granted the parties' request and continued the stay in this case until April 15, 2021, on which date the Court directed the parties to file a joint status report on the expected timing of further action by HUD and proposing next steps. ECF No. 213.

On April 12, 2021, HUD sent to the Office of Management and Budget ("OMB") a draft proposed rule for inter-agency review. *See* https://www.reginfo.gov/public/do/eoDe-tails?rrid=162113. Thereafter, PCI requested that the stay be lifted. ECF No. 214. The Court granted PCI's request and set a briefing schedule. ECF No. 216. PCI filed its renewed summary judgment motion on May 31, 2021.

On June 25, 2021, HUD published a Notice of Proposed Rulemaking proposing to recodify the 2013 Discriminatory Effects Rule and soliciting comments. HUD, Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33,590 (Jun. 25, 2021). HUD announced a 60-day comment period, *id.*, which will conclude on August 24, 2021.

## ARGUMENT

A stay in favor of HUD's ongoing rulemaking process is appropriate because that process may result in a rule and attendant explanation that will materially bear on the present claims.

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to exercise its discretion to stay proceedings, the Court considers "(1) whether a stay will simplify the issues in question and streamline the [proceedings]; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Bell v. SDH Servs. W., LLC*, No. 20 C 3181, 2020 WL 9812014, at *1 (N.D. Ill. Aug. 27, 2020); *see also In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012).

The principles of judicial economy favor a stay because HUD's notice of proposed rulemaking directly bears on the claims in this case. Indeed, should HUD issue a new Rule and attendant explanation at the end of its rulemaking process, PCI's claims may be superseded, narrowed, or mooted. *See Oceana, Inc. v. Bryson*, No. CV 08-1881 (PLF), 2012 WL 13060013, at *2 (D.D.C. Mar. 22, 2012). Courts frequently grant stays pending resolution of proceedings that may "bear upon the case," because a stay is most "efficient for [the court's] own docket and the fairest

4

course for the parties." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see, e.g.*, *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau*, No. A-18-CV-0295-LY, 2018 WL 6252409, at *1 (W.D. Tex. Nov. 6, 2018) (granting stay of litigation in light of agency's notice of proposed rulemaking to reconsider the rule challenged in the case).

Further, HUD should be allowed to reconsider the wisdom of the 2013 Discriminatory Effects Rule as a policy matter before this Court rules on PCI's claims. *Cf. Glauser v. Twilio, Inc.*, No. C 11-2584 PJH, 2012 WL 259426, at *3 (N.D. Cal. Jan. 27, 2012) (Stay was appropriate under the primary jurisdiction doctrine where "these issues directly overlap with the legal issues before the court" and "the FCC is in the process of utilizing its recognized expertise to consider issues pending before the court"). Here, HUD has proposed recodifying the 2013 Discriminatory Effects Rule that PCI challenges—but it will be reviewing public comments and engaging in further deliberations to determine whether this proposed course of action is sound. 86 Fed. Reg. 33,590; *Make The Rd. New York v. Wolf*, 962 F.3d 612, 634 (D.C. Cir. 2020); *see also Dismas Charities, Inc. v. U.S. Dep't of Just.*, 401 F.3d 666, 680 (6th Cir. 2005). It makes little sense to proceed with judicial review when overlapping administrative review is ongoing.

Any hardship to PCI from a stay, moreover, is not evident. The challenged Rule has been in effect for several years, and PCI has repeatedly agreed to defer litigation over it for the past four of those years. Any additional delay, by itself, would not cause significant harm in light of the other factors to be weighed. *See, e.g.*, *Vasvari v. Rite Aid Corp.*, No. 09-CV-2069, 2010 WL 3328210, at *3 (M.D. Pa. Aug. 23, 2010) (plaintiff's desire to "get this law suit moving" insufficient hardship in light of potential savings to judicial economy and potential hardship to Defendants in the absence of a stay). Indeed, PCI can avail itself of the ongoing administrative comment process to present

5

additional facts and argument to HUD regarding the wisdom of recodifying the 2013 Discriminatory Effects Rule, including any new arguments or claims it has developed from an additional four years of being subject to the Rule.

Rather, the absence of a stay will harm Defendants, who would be forced to defend the instant Rule and reasoning in court while simultaneously reviewing the Rule and forthcoming comments through the administrative rulemaking process.

## CONCLUSION

Defendants therefore respectfully request a 90-day stay in this case and propose that the parties file another joint status report on September 27, 2021, at which time HUD anticipates it will likely be able to provide an update on the timing of the outcome of the rulemaking.

Dated: June 29, 2021

Respectfully submitted,

BRIAN NETTER
Deputy Assistant Attorney General

JOHN R. LAUSCH, JR.
United States Attorney

LESLEY FARBY
Assistant Branch Director
Federal Programs Branch

*/s/ Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Trial Attorney
EMILY SUE NEWTON (Va. Bar No. 80745)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Room 12104
Washington, D.C. 20005
Tel: (202) 305-0845 / Fax: (202) 616-8460
Vinita.b.andrapalliyal@usdoj.gov

6

*Counsel for Defendants*