UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARCIA L. FUDGE, in her official capacity as Secretary of Housing and Urban Development, and UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, )<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | Case No. 1:13-cv-08564<br><br>Chief Judge Rebecca R. Pallmeyer |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY PROCEEDINGS FOR 90 DAYS**

Plaintiff Property Casualty Insurance Association of America ("PCI")[1] opposes the motion to stay proceedings for 90 days filed by Defendants, Secretary Marcia L. Fudge and the United States Department of Housing and Urban Development ("HUD"), Dkt. 226. Defendants' motion seeks virtually the same relief that this Court declined to award just two months ago—namely, a stay of proceedings pending a protracted rulemaking based on HUD's recent publication of a Notice of Proposed Rulemaking ("NPRM"). *See Reinstatement of HUD's Discriminatory Effects Standard*, 86 Fed. Reg. 33,590 (Jun. 25, 2021). That short time ago, Defendants sought a stay on the ground that HUD was about to initiate a rulemaking, but as Plaintiff explained in the parties' joint status report (Dkt. 214) and during oral argument on April 28, 2021 (Dkt. 216), suspending proceedings and imposing even more delay in this already

---

[1] 1 Effective January 1, 2019, the American Insurance Association merged with and into PCI. Effective February 5, 2019, PCI re-domesticated and changed its name to the American Property Casualty Insurance Association.

1

prolonged litigation would have been inappropriate because all indications were that HUD intended (based on its public pronouncements) to propose reinstatement of the 2013 Rule that is at issue in this litigation. The Court agreed with Plaintiff and set a briefing schedule for a renewed motion for summary judgment, which Plaintiff has now filed. Dkt. 222.

The publication of the NPRM on June 25 last week changes nothing. The NPRM confirms that HUD in fact is "proposing to recodify" the 2013 Rule, 86 Fed. Reg. 33,590, and thus does nothing more than formally commence the exact rulemaking process that was already anticipated at the time the Court previously denied a stay and set the summary judgment briefing schedule now underway. That the rulemaking has commenced does not justify reversing course to halt proceedings yet again in this 7 year-old case. If anything, the NPRM—by confirming HUD's intent to reinstate the operative 2013 Rule—demonstrates the Court's prior decision to allow summary judgment to proceed was appropriate. Another court agrees, having just yesterday ordered a hearing on pending cross-motions for summary judgment in a challenge to the 2013 Rule. *See Nat'l Ass'n of Mutual Ins. Co. v. United States Dep't of Housing and Urban Dev.*, No. 13-cv-00966 (D.D.C. July 1, 2021). The Court should accordingly deny Defendants' motion for a stay.

## LEGAL STANDARD

"District courts have the inherent power to control their own dockets, including the power to stay proceedings before them." *Bell v. SDH Servs. W., LLC*, 2020 WL 9812014, at *1 (N.D. Ill. Aug. 27, 2020). In determining whether to stay proceedings, courts consider "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Id.* "If there is even a fair

possibility that the stay … will work damage to an opponent," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

## ARGUMENT

As the Court previously determined, there is no basis to stay this case while HUD's proposed rule undergoes the potentially lengthy rulemaking process toward recodification of the same rule that is already at issue in this case. It has been more than six years since this Court determined that the 2013 Rule is arbitrary and capricious. Yet in all that time, the 2013 Rule has remained in effect, and Plaintiff has been unable to obtain relief based on this Court's prior ruling, unable to litigate its challenge to the 2013 Rule based on intervening Supreme Court precedent, and unable to appeal this Court's rejection of its challenge to the 2013 Rule based on the McCarran-Ferguson Act. Given that HUD has now confirmed that it seeks to "recodify" the 2013 Rule, 86 Fed. Reg. 33,590, Plaintiff, and its member insurers, should not have to wait for a rulemaking before resuming litigation of these issues and certainty about the legal standards to which they may be held.

None of Defendants' argument provide persuasive grounds to issue a stay mere weeks after this Court decided against doing so.

*First,* judicial economy does not favor a stay. Defendants' sole argument is the blanket assertion that a stay is justified because, as a result of the rulemaking process, "PCI's claims may be superseded, narrowed, or mooted." Dkt. 226 at 4. Defendants have merely re-packaged the arguments that the Court rejected just two months ago at the April 2021 hearing. Defendants continue to offer no cogent reason to believe that the pending rulemaking process will result in any changes to the 2013 Rule that would affect PCI's claims. In fact, the NPRM explicitly

3

"propos[es] to recodify [HUD's] previously promulgated [2013 Rule]," s*ee* 86 Fed. Reg. 33,590, which remains operative.

*Second,* Defendants do not raise the kinds of concerns that would militate against parallel judicial and administrative proceedings. Defendants suggest that pausing litigation would enable HUD "to reconsider the wisdom of the 2013 Discriminatory Effects Rule." Dkt. 226 at 5. But it is even more evident now than it already was in April 2021 that HUD is not inclined to do any such thing. The proposed rule is titled "Reinstatement of HUD's Discriminatory Effects Standard." 86 Fed. Reg. 33,590. And it "propos[es] to recodify the 2013 Rule's discriminatory effects standard." *Id.* at 33,594.

In any event, the mere possibility that an agency will address or act on an issue that is pending before a court is not grounds to enter a stay. *See Newbold v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 13658554, at *6 (N.D. Ill. Jan. 23, 2015) (explaining that a stay of federal-court proceedings under the primary jurisdiction doctrine should be issued "sparingly," not "every time a court is presented with an issue conceivably within [an] agency's ambit" (internal citation omitted)). Nor is it of any moment that HUD has solicited public comments that could affect deliberations on whether its proposed course of conduct going forward is sound. Dkt. 226 at 5. After all, as this Court has explained, the fact that an agency issued a "public notice requesting comments … that could potentially result in a change in [its] position is simply not enough of a reason for this Court to stay this action" pending resolution of an administrative agency's proceedings. *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 101–102 (N.D. Ill. 2013) (rejecting a defendant's motion to stay pending agency action that was premised upon the FCC's public notice seeking comments on a petition to change a rule at issue in the case).

4

*Third*, Defendants have failed to explain how requiring them to defend the long-operative 2013 Rule in a routine litigation proceeding would amount to the sort of "clear case of hardship or inequity," *Landis*, 299 U.S. 255, that would merit a stay. Indeed, Defendants will be required to do so anyway, even if this Court granted a stay, because the U.S. District Court for the District of Columbia has determined, following publication of the NPRM, that a challenge to the 2013 Rule pending in that court should be restored to the calendar for hearing on July 19, 2021 on the parties' cross-motions for summary judgment. *Nat'l Ass'n of Mutual Ins. Co. v. United States Dep't of Housing and Urban Dev.*, No. 13-cv-00966 (D.D.C. July 1, 2021). Plaintiff, on the other hand, and its members will suffer hardship from continued delay in the resolution of this case. As noted, during this case's long dormancy, Plaintiff has been unable to obtain relief based on this Court's prior ruling that the 2013 Rule is arbitrary and capricious; to litigate and resolve its challenge to the 2013 Rule based on the Supreme Court's intervening decision in *Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519 (2015); and to appeal this Court's ruling dismissing Plaintiff's challenge to the 2013 Rule under the McCarran-Ferguson Act. Yet the 2013 Rule remains in effect, and Plaintiff's members remain subject to potential litigation under the 2013 Rule. The publication of the NPRM and Plaintiff's ability to participate in yet another comment process have no bearing on that fact.

Defendants emphasize that Plaintiff previously agreed to stays of this litigation in light of prior rulemaking proceedings, but as Plaintiff has explained, on all of those occasions, the rulemaking "appeared likely to result in a new final rule that would displace the one at issue in this case." *See* Dkt. 214 at 3. A stay may make sense despite the detriment arising from delay when there is good reason to believe a rulemaking proceeding is going to result in material changes to the rule at issue in litigation. But that is not the situation here. Defendants continue

to "offer[] no basis to think the present rulemaking will result in any change to the 2013 Rule that would render it unripe for litigation now." *Id.* at 4; *see also* Dkt. 226 at 4, 5 (acknowledging that the rulemaking "propos[es] to recodify the 2013 Discriminatory Effects Rule"); *id.* at 5 (stating generally that Defendants "will be reviewing public comments and engaging in further deliberations to determine whether this proposed course of action is sound"). In fact, HUD's intent to reinstate the 2013 Rule is now even more certain than it was when the Court previously denied a stay. *See* 86 Fed. Reg. 33,590 ("HUD is proposing to recodify its previously promulgated [2013 Rule], which, as of the date of publication of this Proposed Rule, remains in effect due to the preliminary injunction."). In the face of HUD's clearly articulated resolve, Plaintiff should not be forced to defer litigating its claims until the resolution of another potentially protracted rulemaking. *See GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 193 (D.D.C. 2003) (the "right to proceed in court should not be denied except under the most extreme circumstances") (internal citation omitted).

## CONCLUSION

Plaintiff respectfully requests that the Court deny the Motion to Stay and order all parties to proceed with the summary judgment briefing schedule set by the Court's Minute Orders of May 28, 2021. Dkts. 219, 220.

Dated: July 2, 2021

Respectfully submitted,

/s/ *Seth P. Waxman*
Seth P. Waxman (*pro hac vice*)
Catherine M.A. Carroll (*pro hac vice*)
Anuradha Sivaram (*pro hac vice*)
Athena L. Katsampes (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000

Fax: (202) 663-6363
E-mail: seth.waxman@wilmerhale.com

Rowe W. Snider (# 03125194)
Alyssa M. Gregory (# 6320588)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Tel.: (312) 443-0700
Fax: (312) 896-0336
Email: rsnider@lockelord.com

*Attorneys for Plaintiff*