UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA FUDGE, in her official capacity as Secretary of Housing and Urban Development, and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | No. 1:13-cv-08564<br>Judge Rebecca R. Pallmeyer |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO STAY PROCEEDINGS FOR 90 DAYS**

This Court should stay proceedings in this case while HUD determines whether to recodify the 2013 Discriminatory Effects Rule. PCI's arguments to the contrary rest on the premise that HUD has already decided that it *will* recodify the 2013 Rule, and that HUD will provide the *identical* reasoning for doing so that it provided for enacting the 2013 Rule. But HUD has a statutory duty to consider and respond to comments received during the notice-and-comment period that is now underway following HUD's issuance of a Notice of Proposed Rulemaking. Therefore, even if HUD ultimately decides to recodify the 2013 Rule, its explanation for doing so—particularly its explanation for any recodification of the 2013 Rule's lack of blanket exemptions for the insurance industry—will necessarily bear on PCI's claims, which allege that HUD did not sufficiently take the insurance industry's comments into account in its 2013 rulemaking.

1

A stay will potentially streamline the issues in this case and conserve the resources of the parties and the court. And, given PCI's agreement to stays over the past few years and failure to show specific hardship from a stay here, no undue prejudice would result.

## ARGUMENT

PCI's arguments, if accepted, would mean that an agency can be challenged—even on procedural claims such as those brought by PCI here—anytime it announces a Notice of Proposed Rulemaking, purely on a claimant's assumptions about what the agency will do and why it will do it. In setting forth this remarkable proposition, PCI ignores the central purpose of the Administrative Procedure Act's notice-and-comment procedures, which ensure that the regulated community be heard and that the agency consider and respond to all relevant comments. *See Make The Rd. New York v. Wolf*, 962 F.3d 612, 634 (D.C. Cir. 2020). Accordingly, PCI's arguments against a stay all miss the mark.

PCI claims that HUD's issuance of a Notice of Proposed Rulemaking "changes nothing"[1] and the fact that HUD may "address or act on" the substance of PCI's claims in its ongoing administrative process does not justify a stay. Pl.'s Opp'n to Defs.' Mot. Stay at 4, ECF No. 229. But any rule HUD issues at the end of this administrative process is very likely to affect PCI's claims. Even a full recodification of the 2013 Discriminatory Effects Rule would supersede, narrow, or moot the present claims, given that HUD must consider and respond to the comments it receives as a result of its NPRM.

---

[1] Defendants had previously requested a stay after HUD submitted to OMB a proposed notice of rulemaking. *See* ECF No. 233. PCI makes much of this previous request. Pl.'s Opp'n to Defs.' Mot. Stay at 1, ECF No. 229. HUD's NPRM, however, represents a significant development in the administrative process, and the fact that it issued the NPRM just two months after submitting it for review demonstrates that the agency is moving forward with alacrity.

Further, PCI's reliance on *Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92, 102 (N.D. Ill. 2013), is misplaced. *See* Pl.'s Opp'n at 4. In *Jamison*, the court was asked to stay litigation between private parties because one party petitioned the FCC for further guidance regarding its position on liability for debt collection calls. *Id.* at 98. The court concluded that the FCC had already provided sufficient information on its position. *Id.* at 98–99. Further, even if the agency were to somehow change its position, the change would be presumed to apply prospectively and, thus, not address the question of liability in the case at bar. *Id.* at 102. Here, however, HUD has affirmatively taken action to review its policies in the 2013 Rule. And more importantly, any action HUD takes at the end of the current administrative process would bear on PCI's claims, all of which seek forward-looking relief under the Administrative Procedure Act by challenging HUD's response to comments that sought blanket exemptions for the insurance industry in the 2013 Rule. *See* Am. Compl. ¶¶ 141–43, ECF No. 133.

That a district court elsewhere has scheduled argument in a related case, *Nat'l Ass'n of Mutual Ins. Co. v. United States Dep't of Housing and Urban Dev.*, No. 13-cv-00966 (D.D.C.), has no bearing on whether this proceeding should be stayed. *See, e.g.*, *Newbold*, 2015 WL 13658554, at *6 (noting that its decision varied from that of six other district courts to consider essentially the same stay request). Having to proceed with briefing in this case while simultaneously reconsidering the very rule at issue places the agency in a difficult position. Moreover, the absence of a stay requires the parties and this Court to expend potentially unnecessary resources in *this* case—regardless of what happens in another case.

Finally, PCI argues that its prior actions in repeatedly agreeing to stay this case during the past nearly five years should somehow be disregarded because back then, PCI believed it was likely that HUD would act in a way that would materially bear on its claims. Pl.'s Opp'n at 5. But

3

PCI's subjective belief that there are unlikely to be any material changes arising from the current administrative process is insufficient to defeat Defendants' stay motion. That is particularly true because PCI has failed to show any specific prejudice or harm it would suffer by continuing the status quo, *i.e.*, a stay in this case for years while the 2013 Rule remained in effect. *See generally* Pl.s' Opp'n.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' moving brief, this Court should grant Defendants' motion to stay proceedings in this case for 90 days.

Dated: July 6, 2021

Respectfully submitted,

BRIAN D. NETTER
Deputy Assistant Attorney General

JOHN R. LAUSCH, JR.
United States Attorney

LESLEY FARBY
Assistant Branch Director
Federal Programs Branch

*/s/ Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Trial Attorney
EMILY SUE NEWTON (Va. Bar No. 80745)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Room 12104
Washington, D.C. 20005
Tel: (202) 305-0845 / Fax: (202) 616-8460
Vinita.b.andrapalliyal@usdoj.gov

*Counsel for Defendants*