UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) No. 13 C 8564 ) |
| **MARCIA FUDGE, in her official capacity as Secretary of Housing and Urban Development, and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,** | ) Judge Rebecca R. Pallmeyer ) ) ) ) ) ) |
| **Defendants.** | ) |

## ORDER

In light of HUD's impending rulemaking, Plaintiff's and Defendants' motions for summary judgment [221, 231] are stricken without prejudice to renewal on August 24, 2022. On or before that date, Defendants are instructed to update the court on HUD's proposed reinstatement of its 2013 disparate impact rule.

## STATEMENT

On September 3, 2014, Judge St. Eve, then of this court, held that HUD had given insufficient consideration to three issues related to its 2013 disparate impact rule. Judge St. Eve directed HUD to provide a further explanation. *Prop. Cas. Insurers Ass'n of Am. v. Donovan*, 66 F. Supp. 3d 1018, 1046-51 (N.D. Ill. 2014) ("*PCI I*"). After HUD published a supplemental explanation of the rule, Plaintiff sought leave to amend its complaint; on June 20, 2017, the court granted Plaintiff leave to amend to include four total counts. *Prop. Cas. Insurers Ass'n of Am. v. Carson*, No. 13-CV-8564, 2017 WL 2653069, at *9 (N.D. Ill. June 20, 2017) ("*PCI II*"). In three of the four counts, Plaintiff alleged that HUD's reconsideration of the issues identified by Judge St. Eve remained arbitrary and capricious. In a fourth count, Plaintiff alleged that HUD's consideration of the impact of the Supreme Court's decision in *Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519 (2015) was arbitrary and capricious, as well. *Id.* In sum, all remaining counts in this case allege a procedural defect in the adoption of HUD's 2013 disparate impact rule.

In 2019, HUD proposed a new disparate impact rule, and in 2020, HUD promulgated that rule. *See* HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 85 Fed. Reg. 60,288, 60,288-89 (Oct. 26, 2020). On October 25, 2020, the U.S. District Court for the District of Massachusetts issued a preliminary injunction staying implementation and enforcement of the new rule. *Mass. Fair Hous. Ctr. v. U.S. Dep't of Hous. and Urb. Dev.*, 496 F. Supp. 3d 600, 611-12 (D. Mass. 2020). During these developments, the court stayed this case.

Impatient for a resolution of this long-pending challenge, Plaintiff asked this court to lift the stay and order briefing of the motions for summary judgment [214]. With some reluctance, the

court did so [216]. Then on June 25, 2021, HUD proposed to recodify its 2013 disparate impact rule and opened a new notice and comment period for that purpose. *See* Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33,590 (June 25, 2021). If HUD does indeed promulgate a new rule in the coming months, Plaintiff's claims—alleging procedural defects for a superseded rule—may well be rendered moot. The court remains sensitive to Plaintiff's desire for a resolution of its claims and clear guidance on its obligations under relevant regulations. The court also recognizes that further delay may frustrate legitimate business interests. Nevertheless, the court believes that an opinion it issues now would very likely be advisory. On further reflection, the court therefore strikes the pending motions and reinstates the stay of this case. The parties are directed to submit a further written status report on August 24, 2022.

ENTER:

Dated: February 25, 2022

REBECCA R. PALLMEYER
United States District Judge