UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA FUDGE, in her official capacity as Secretary of Housing and Urban Development, and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | No. 1:13-cv-08564<br>Judge Rebecca Pallmeyer |

**JOINT STATUS REPORT**

The parties submit this joint status report in accordance with this Court's February 25, 2022 order. Order, ECF No. 248.

1. PCI[1] asserts a challenge under the Administrative Procedure Act to the application of HUD's 2013 Rule, entitled *Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78 Fed. Reg. 11460 (Feb. 15, 2013) (A.R. 611) ("the 2013 Rule"), to risk-based pricing and underwriting of homeowners, property, and hazard insurance.

2. The parties and the Court agreed to defer briefing in this case at the beginning of the prior administration in 2017 to allow for the appointment of interested government officials within the Executive Branch, including the General Counsel of HUD and the

---

[1] Effective January 1, 2019, the American Insurance Association merged with and into PCI. Effective February 5, 2019, PCI re-domesticated and changed its name to the American Property Casualty Insurance Association.

1

Assistant Attorney General of the Civil Division of the U.S. Department of Justice. *See* ECF Nos. 142, 146. When HUD subsequently engaged in notice-and-comment rule-making, the parties and the Court agreed to continue the stays in this case to allow for that administrative process to take place before continuing to litigate over a rule that was under active reconsideration. *See, e.g.,* ECF Nos. 150–59, 166, 168–69, 172–73, 176–77, 178–79, 184, 186, 188–89, 190–91, 192, 194–95, 196.

3. After public notice-and-comment rulemaking, on September 24, 2020, HUD published in the Federal Register a final rule replacing the 2013 Rule, which was set to take effect on October 26, 2020. *See* 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule"). On October 25, 2020, a district court issued an order postponing the effective date of the 2020 Rule. *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. CV 20-11765-MGM, 2020 WL 6390143 (D. Mass.). On February 9, 2021, HUD filed a consent motion to voluntarily dismiss the then-pending appeal of the district court's decision. *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. 21-1003, Entry ID 6400379 (1st Cir. Feb. 9, 2021).

4. On January 26, 2021, President Biden issued a "Memorandum on Redressing Our Nation's and the Federal Government's History of Discriminatory Housing Practices and Policies," directing the Secretary of HUD to:

> as soon as practicable, take all steps necessary to examine the effects of the [2020 Rule]. . . , including the effect that amending the [2013 Rule] has had on HUD's statutory duty to ensure compliance with the Fair Housing Act. Based on that examination, the Secretary shall take any necessary steps, as appropriate and consistent with applicable law, to implement the Fair Housing Act's requirements that HUD administer its programs in a manner that affirmatively furthers fair housing and HUD's overall duty to administer the Act . . . including by preventing practices with an unjustified discriminatory effect.

https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/26/memorandum-on-redressing-our-nations-and-the-federal-governments-history-of-discriminatory-housing-practices-and-policies/.

5. Pursuant to the President's directive, HUD began actively examining the discriminatory effects rules. In light of that examination, in a joint status report filed on February 12, 2021, the parties requested that the Court continue the stay in this case for 60 days. ECF No. 212. In a Minute Entry on February 16, 2021, the Court granted the parties' request and continued the stay in this case until April 15, 2021, on which date the Court directed the parties to file a joint status report on the expected timing of further action by HUD and proposing next steps. ECF No. 213.

6. On April 12, 2021, HUD sent to the Office of Management and Budget ("OMB") a draft proposed rule for inter-agency review. *See* https://www.reginfo.gov/public/do/eoDetails?rrid=162113. Thereafter, PCI requested that the stay be lifted. ECF No. 214. The Court granted PCI's request and set a briefing schedule. ECF No. 216. PCI filed its renewed summary judgment motion on May 31, 2021.

7. On June 25, 2021, HUD published a Notice of Proposed Rulemaking (NPRM) proposing to recodify the Discriminatory Effects Rule and soliciting comments. HUD, Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33,590 (Jun. 25, 2021). HUD announced a 60-day comment period, *id.*, which would conclude on August 24, 2021. ECF No. 221.

8. Defendants moved to stay the proceedings in light of HUD's NPRM, ECF No. 226, and, in the meantime, responded to Plaintiff's summary-judgment motion and filed a cross-motion for summary judgment. ECF No. 231.

9. On February 25, 2022, this Court struck without prejudice to renewal the parties' cross-motions for summary judgment in light of HUD's NPRM. Feb. 25, 2022 Order, ECF No. 248. This Court stated that "[i]f HUD does indeed promulgate a new rule in the coming months, Plaintiff's claims—alleging procedural defects for a superseded rule—may well be rendered moot." *Id.* at 2. This Court ordered "Defendants . . . to update the court on HUD's proposed reinstatement of its 2013 disparate impact rule" on or before August 24, 2022. *Id.* at 1.

10. HUD is still in the process of reviewing the more than 10,000 comments received. The agency currently anticipates finalizing its review and response to comments received and publishing a final rule later this year.

11. Defendants accordingly request that this Court continue its stay of the proceedings in light of HUD's anticipated new rule and further request to file another joint status report in 90 days. The basis for this Court's current stay of proceedings—that Plaintiff's procedural claims may be rendered moot by the forthcoming Rule—still holds. *See* Feb. 25, 2022 Order at 2. Further, HUD should be allowed to consider the comments it received concerning its proposal to return to the 2013 Discriminatory Effects Rule as a policy matter before this Court rules on PCI's claims. *Cf. Glauser v. Twilio, Inc.*, No. C 11-2584 PJH, 2012 WL 259426, at *3 (N.D. Cal. Jan. 27, 2012) (Stay was appropriate under the primary jurisdiction doctrine where "these issues directly overlap with the legal issues before the court" and "the FCC is in the process of utilizing its recognized expertise to consider issues pending before the court"). What is more, having to proceed with briefing in this case while simultaneously reconsidering the very rule at issue

4

places the agency in a difficult position as thinking continues to evolve on the appropriate responses to the issues raised by commenters, and making definitive statements on how HUD will respond at this time is therefore premature. Plaintiff, meanwhile, has failed to show any specific prejudice or harm it would suffer by continuing the status quo, *i.e.*, a stay in this case while the 2013 Rule remains in effect, for another 90 days, by which time it is possible that a new Rule will be in effect.

12. Defendants further note that Plaintiff's suggestion that the agency's review of the numerous comments received and general engagement in the deliberative process is somehow "questionable" or intended to circumvent review is baseless. HUD is entitled to the presumption of regularity that it is properly discharging its duties, *see U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001), and Plaintiff fails to show that the duration of the rulemaking process is somehow unreasonable here in light of the volume of comments received and the complex issues at stake.

13. PCI observes that it has now been a full year since the comment period closed on HUD's proposed rule and that HUD has offered no explanation for why it has been unable to promulgate a final rule in that time and only a vague estimate of when such a rule might be forthcoming—a failure that is particularly questionable given HUD's expressed intent simply to "reinstate" the 2013 Rule as written. In light of the ongoing harms and uncertainty stemming from the 2013 Rule that PCI has alleged affect its members' businesses, PCI submits that HUD's delay should not be the basis for a continued stay of this litigation. HUD should not be permitted to achieve its desired regulatory outcome—reinstatement of the 2013 Rule—and circumvent judicial review under the Administrative Procedure Act through protracted delay and failure to act. *Cf.*

5

*Arizona v. City and County of San Francisco*, 142 S. Ct. 1926, 1928 (2022) (Roberts, C.J., concurring) (criticizing government for its "maneuvers" that prevented judicial review of rule).

14. PCI requests that the Court direct HUD to show cause, within 30 days, on September 23, 2022, why the stay should not be lifted and PCI's motion for summary judgment renewed.

Dated: August 24, 2022

Respectfully submitted,

/s/ *Seth P. Waxman*
Seth P. Waxman (*pro hac vice*)
Catherine M.A. Carroll (*pro hac vice*)
Anuradha Sivaram (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
E-mail: seth.waxman@wilmerhale.com

Rowe W. Snider (# 03125194)
Alyssa M. Gregory (# 6320588)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Tel.: (312) 443-0700
Fax: (312) 896-0336
Email: rsnider@lockelord.com

*Counsel for Plaintiff*

BRIAN NETTER
Deputy Assistant Attorney General

JOHN R. LAUSCH, JR.
United States Attorney

LESLEY FARBY
Assistant Branch Director
Federal Programs Branch

/s/ *Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Room 12104
Washington, D.C. 20005
Tel: (202) 305-0845
Vinita.b.andrapalliyal@usdoj.gov

*Counsel for Defendants*