IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARCIA L. FUDGE, in her official capacity as Secretary of Housing and Urban Development, and UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, <br><br> Defendants. | Case No. 1:13-cv-08564 <br><br> Chief Judge Rebecca R. Pallmeyer |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Property Casualty Insurers Association of America ("PCI") submits this notice to inform the Court of the recent decision in *West Virginia et al. v. Environmental Protection Agency*, 142 S. Ct. 2587 (June 30, 2022), which supports PCI's arguments challenging HUD's Disparate Impact Rule in this matter.[1]

In *West Virginia v. EPA*, the Supreme Court applied the "major questions doctrine" to invalidate EPA regulations that would "substantially restructure the American energy market" based on "newfound" authority the agency "'claim[ed] to discover'" in "vague language" of a "'long-extant statute.'" 142 S. Ct. at 2610 (brackets in original). In so holding, the Court explained that it was confronted with an agency exercising "unprecedented power over American industry" in a manner that effected a "fundamental revision" of the statute it was charged with

---

[1] Effective January 1, 2019, the American Insurance Association merged with and into PCI. Effective February 5, 2019, PCI re-domesticated and changed its name to the American Property Casualty Insurance Association.

1

enforcing. *Id.* at 2612. Absent a clear delegation of authority, the Court found little reason to think that Congress assigned a decision of "such magnitude and consequence" to the EPA—particularly on a subject that was not within the agency's traditional "'technical and policy expertise.'" *Id.* at 2612, 2616. In a separate concurrence joined by Justice Alito, Justice Gorsuch emphasized that the major-questions doctrine "may apply when an agency seeks to 'intrud[e] into an area that is the particular domain of state law.'" *Id.* at 2621 (Gorsuch, J., concurring). "When an agency claims the power to regulate vast swaths of American life," Justice Gorsuch explained, "it not only risks intruding on Congress's power, it also risks intruding on powers reserved to the States." *Id.*

*West Virginia v. EPA* further confirms that HUD's Disparate Impact Rule is unlawful insofar as it regulates actuarially sound risk-based pricing and underwriting practices of homeowners' insurers. As PCI has repeatedly argued (most recently, in support of its motion for summary judgment), extending the Disparate Impact Rule to risk-based practices of homeowners' insurers would "undermine the fundamental nature of the insurance business." Dkt. 222 at 27. Nor does such broadscale regulation of insurance pricing and rating practices fall within HUD's traditional "'technical and policy expertise.'" *West Virginia v. EPA*, 142 S. Ct. at 2612. Rather, insurance regulation is principally the responsibility of the States; to the extent the Disparate Impact Rule requires federal courts "to determine whether [particular insurance practices] are actuarially sound," the Rule "step[s] on the toes of state insurance commissioners" across the country. *Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 564 (7th Cir. 1999) (McCarran-Ferguson Act bars federal law from "regulating the content of insurance policies"). HUD failed to adequately consider these consequences or the scope of its authority to regulate the business of insurance. For these reasons, HUD's regulation of risk-based pricing and

underwriting of homeowners' insurance through the Disparate Impact Rule asserts a "highly consequential power beyond what Congress could reasonably be understood to have granted." *West Virginia v. EPA*, 142 S. Ct. at 2609.

Dated: August 29, 2022

Respectfully submitted,

PROPERTY CASUALTY INSURERS
ASSOCIATION OF AMERICA

*/s/ Seth P. Waxman*
Seth P. Waxman (*pro hac vice*)
Catherine M.A. Carroll (*pro hac vice*)
Anuradha Sivaram (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
E-mail: seth.waxman@wilmerhale.com

Rowe W. Snider (# 03125194)
Alyssa M. Gregory (# 6320588)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Tel.: (312) 443-0700
Fax: (312) 896-0336
Email: rsnider@lockelord.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 29, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Northern District of Illinois using the CM/ECF system, which sent notification of such filing to counsel of record in this case.

/s/ Seth P. Waxman
Seth P. Waxman (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
  DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
Email: seth.waxman@wilmerhale.com