**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA FUDGE, in her official capacity as Secretary of Housing and Urban Development, and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | No. 1:13-cv-08564<br>Judge Rebecca Pallmeyer |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff recently notified this Court of the Supreme Court's decision in *West Virginia v. EPA*, 142 S. Ct. 2587, 2608 (2022), in support of its stayed summary-judgment motion. Pl.'s Mot. to File Notice of Supp'l Authority, ECF No. 251. But *West Virginia* has no applicability here. In *West Virginia*, the Supreme Court invalidated an Environmental Protection Agency plan to require power plants to shift from coal to renewables and held that in "certain extraordinary cases," an agency "must point to clear congressional authorization for the power it claims," rather than a "merely plausible textual basis." *West Virginia v. EPA*, 142 S. Ct. 2587, 2609 (2022). Such "extraordinary cases" involve "major policy decisions" of "economic and political significance" with "assertions of extravagant statutory power over the national economy," *id*. at 2608–09, especially when an agency "claim[s] to discover in a long-extant statute an unheralded power representing a transformative expansion in its regulatory authority," *id*. at 2610 (citations omitted).

1

Plaintiff's motion for summary judgment, however, does not challenge the Department of Housing and Urban Development's statutory authority to promulgate the 2013 Rule at issue in this case. Rather, Plaintiff's motion merely argues that despite the agency's 2016 supplemental explanation, the 2013 Rule continued to be arbitrary and capricious under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, for two reasons. First, Plaintiff argues that HUD did not "remedy the violations of law this Court identified in 2014," Pl.'s Mem. in Support of Mot. Summ. J, at 1, ECF No. 222, when this Court remanded the case back to HUD to provide a "reasoned explanation" for certain aspects of the Rule. Second, Plaintiff contends that the agency did not "adequately address the Supreme Court's intervening decision in *Texas Department of Housing and Community Affairs v. The Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015)," Pl.'s Mem. at 7, which recognized that disparate-impact claims are cognizable under the Fair Housing Act" (FHA), *Inclusive Comms.*, 135 S.Ct. at 2513.[1] *See also generally id.* Neither set of arguments challenges the agency's statutory authority to issue the 2013 Rule. Thus, *West Virginia* is inapposite here.

---

[1] The only statutory authority issue potentially identified in Plaintiff's underlying Amended Complaint, ECF No. 131, is a sole allegation that the agency "was bound to comply with the McCarran-Ferguson Act and was required to consider statutory limits on its authority when issuing the Disparate Impact Rule." Am. Compl. Count II, ¶ 121. But this allegation is made in the context of Plaintiff's claim that the rule is arbitrary and capricious; on summary judgment, Plaintiff argues that HUD's 2016 Supplemental Explanation did not cure the defect identified by this Court by providing a "reasoned explanation" for choosing to proceed via case-by-case adjudication of potential conflicts with the McCarran-Ferguson Act instead of granting a blanket exemption on the basis of commenters' policy concerns. Pl.'s Mem. at 10; *id.* at 10–15; *see also Prop. Cas. Insurers Ass'n of Am. v. Donovan*, 66 F. Supp. 3d 1018, 1047 (N.D. Ill. 2014) (concluding that 2013 Rule was arbitrary and capricious for failing to provide a reasoned explanation to support "HUD's decision to leave application of McCarran-Ferguson preclusion for a case-by-case determination."). Further, HUD fully addressed commenters' concerns about the lack of a blanket exemption for risk-based pricing and underwriting practices. *See* Defs.' Mem. in Support of Cross-Mot. for Summ. J. and Opp'n to Pl.'s Mot. for Summ. J. at 17–32, ECF No. 232.

Plaintiff is mistaken in asserting that *West Virginia* supports its contention that the 2013 Rule "would 'undermine the fundamental nature of the insurance business.'" Pl.'s Notice of Supp'l Authority at 2, ECF No. 251-1 (quoting Pl.'s Mem. at 21). Plaintiff's motion for summary judgment argues that HUD failed to sufficiently respond to commenters' concerns that the Rule's purported "failure to differentiate between risk levels generates market inefficiency and adverse selection," Pl.'s Mem. at 22, by "conclud[ing] without analysis that those concerns did not warrant a [blanket] exemption for 'all insurance practices or all underwriting decisions,'" *id.* at 23 (quoting 81 Fed. Reg. at 69,017). Plaintiff made no argument challenging the scope of HUD's authority to regulate risk-based pricing in its summary-judgment motion and cannot belatedly shoehorn a statutory authority claim into its (stayed) motion through a notice of supplemental authority.

Even if Plaintiff had moved for summary judgment on a claim challenging the agency's statutory authority to issue the 2013 Rule, *West Virginia* is of no help to Plaintiff. HUD's refusal to grant a blanket exemption for risk-based pricing in the context of clarifying the framework for determining disparate-impact liability under the Fair Housing Act when insurers were already subject to such liability does not come close to the "extraordinary cases" described by the Supreme Court in *West Virginia*, like the EPA's assertion of authority to regulate millions of sources (such as hotels and office buildings) that emit greenhouse gasses, or OSHA's assertion of authority to require 84 million Americans either to obtain a COVID–19 vaccine or undergo weekly medical testing. *Id.* at 2608–09 (citing *Utility Air Regulatory Group v. EPA*, 573 U.S. 302 (2014) and *NFIB v. OSHA*, 142 S. Ct. 661 (2022)). The economic and political impact of HUD's decision to allow for case-by-case review of insurers' arguments that their risk-based assessments are lawful under the FHA is far from extraordinary, particularly because (1) the

3

Rule's application to insurance will not prevent insurers from using risk-based decisionmaking, so long as the plaintiff cannot prove there is a less discriminatory alternative that serves the insurer's proffered substantial, legitimate, nondiscriminatory interest, AR1816; and (2) insurers have been subject to potential discriminatory effects liability for decades and such exposure has yet to prevent the insurance industry from using risk-based decision-making, *see* AR1816; *see also* AR4410 (Stephen M. Dane, *Race Discrimination is Not Risk Discrimination: Why Disparate Impact Analysis of Homeowners Insurance Practices is Here to Stay*, 33.6 BANKING & FIN. SERVS. POL'Y REP. (June 2014)).

And far from HUD discovering "in a long-extant statute an unheralded power," *id.* at 2610, Congress expressly granted HUD the authority to engage in formal adjudications of housing discrimination claims and to issue regulations interpreting the FHA. 42 U.S.C. §§ 3612, 3614a. Moreover, HUD has long interpreted the FHA to (1) bar discrimination in the provision of insurance, Mem. of Ruth T. Prokop, Gen. Counsel of HUD to Chester C. McGuire, Assistant Sec'y for Equal Opportunity (Aug. 25, 1978); *see also* 54 Fed. Reg. 3232, 3285 (Jan. 23, 1989) (codified at 24 C.F.R. § 100.70(d)(4)), and (2) provide for disparate impact liability, 126 Cong. Rec. 31,167 (1980) (A.R. 743); *see also* 78 Fed. Reg. 11,460, 11,461-62 & nn.12-27 (Feb. 15, 2013) (cataloguing examples). HUD has acted squarely within the scope of its authority to administer the FHA, and *West Virginia* therefore does not support Plaintiff's stayed summary judgment motion.

September 15, 2022                                  Respectfully submitted,

                                            BRIAN NETTER
                                            Deputy Assistant Attorney General

                                            JOHN R. LAUSCH, JR.

United States Attorney

LESLEY FARBY
Assistant Branch Director
Federal Programs Branch

*/s/ Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Room 12104
Washington, D.C. 20005
Tel: (202) 305-0845
Vinita.b.andrapalliyal@usdoj.gov

*Counsel for Defendants*