UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCIA L. FUDGE, Secretary of the U.S. Department of Housing and Urban Development,<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>    Defendants. | No. 1:13-cv-8564-RRP<br>Hon. Rebecca R. Pallmeyer |

### STATUS REPORT AND UNOPPOSED MOTION TO CONTINUE STAY FOR 30 DAYS

In light of this Court's August 25, 2022, Minute Entry, ECF No. 250, Defendants file this status report on the forthcoming rule of the U.S. Department of Housing and Urban Development ("HUD") on the discriminatory effects standard under the Fair Housing Act. Pursuant to LR 5.3(b), HUD also moves unopposed for this Court to continue its stay of this matter for another 30 days, at which time the parties will submit a joint status report, as the agency now plans to transmit to the Office of Management and Budget ("OMB") on or before December 9, 2022. In support of this motion, HUD states as follows:

    1.    Plaintiff Property Casualty Insurers Association of America ("PCI")[1] challenges application of the U.S. Department of HUD's 2013 Discriminatory Effects Rule, *see* Implementation of the Fair Housing Act's Discriminatory Effects Standard, 78 Fed. Reg. 11460 (Feb. 15, 2013) ("the 2013 Rule"), Admin. Record 611, to risk-based pricing and underwriting of

---

[1] Effective January 1, 2019, Plaintiff American Insurance Association merged with and into PCI. Effective February 5, 2019, PCI re-domesticated and changed its name to the American Property Casualty Insurance Association.

homeowners, property, and hazard insurance. *See* Am. Compl., ECF No. 133.

    2.    This Court and the parties have agreed to defer briefing in this case since 2017, initially to allow the prior Administration to reconsider HUD's 2013 Rule, then to allow HUD time for notice and comment rulemaking. *See* Minute Entries, ECF Nos. 142, 146, 150–59, 166, 168–69, 172–73, 176–77, 178–79, 184, 186, 188–89, 190–91, 192, 194–95, 196. This Court continued that stay while the agency proposed and then promulgated a final rule amending the 2013 rule, *see* HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule").

    3.    After a district court preliminarily enjoined the 2020 rule, *see Mass. Fair Hous. Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, No. 3:20-cv-11765, 2020 WL 6390143 (D. Mass. October 24, 2020), *appeal dismissed*, No. 21-1003 (1st Cir. Feb. 9, 2021), HUD published a notice in the Federal Register that it was reconsidering its 2020 rule and proposing to recodify its 2013 rule, *see* Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33590 (June 25, 2021) (the "Proposed Rule").

    4.    During this time, this Court initially extended its stay, *see, e.g.,* Minute Entry, ECF No. 213, but then at Plaintiff's request, set a briefing schedule for the parties' cross motions for summary judgment, *see* Minute Entry, ECF No. 216. The parties filed cross motions for summary judgment, but this Court struck them without prejudice and reinstated the stay. *See* Order, ECF No. 248. This Court found that "an opinion it issues now would very likely be advisory," and thus continued the stay until August 24, 2022. *Id*. at 2. This Court then extended that stay another 90 days but stated that, absent promulgation of a new rule by November 28, 2022, it would lift the stay and proceed with briefing concerning the 2013 Rule. *See* Minute Entry, ECF No. 250.

5. HUD's final rule will be the result of a notice and comment rulemaking process that began on July 21, 2021, when HUD announced a Proposed Rule reconsidering the agency's 2020 Rule, *see* 85 Fed. Reg. 60288, and proposing to recodify its 2013 Rule, *see* 86 Fed. Reg. 33590. HUD gave all interested persons 60 days to provide comments, *see id.*, and received over 10,000 comments, including comments received from Plaintiff. HUD has reviewed and considered those comments, as well as those received in response to prior federal register notices concerning the 2013 and 2020 Rules, *see* HUD, Reducing Regulatory Burden; Enforcing the Regulatory Reform Agenda Under Executive Order 13777, 82 Fed. Reg. 22344 (May 15, 2017) (numerous comments on disparate impact received); HUD, Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 83 Fed. Reg. 28560 (June 20, 2018) (1,923 comments received); HUD, HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 84 Fed. Reg. 42854 (Aug. 19, 2019) (45,758 comments received). HUD is finalizing its review and response to these comments and the final rule itself and plans to submit the final rule to the OMB for interagency review on or before December 9, 2022. HUD plans to ask OMB for expedited review of the rule and anticipates that it can transmit the final rule for publication in the Federal Register within weeks of OMB completing its review.

6. Undersigned counsel for Defendants conferred with counsel for Plaintiff about this motion. Plaintiff does not oppose this motion.

7. This Court's prior conclusion that "an opinion it issues now would very likely be advisory," Order, *supra*, at 2, remains valid, and therefore the Court should hold that this matter is still not ripe for resolution, that the stay is continued for another 30 days, at which time the parties will submit a joint status report.

Dated: November 23, 2022

                                                   Respectfully submitted,

                                                   BRIAN D. NETTER
Deputy Assistant Attorney General

JOHN R. LAUSCH, JR.
United States Attorney

LESLEY FARBY
Assistant Branch Director

s/ James D. Todd, Jr.
JAMES D. TODD, JR.
VINITA B. ANDRAPALLIYAL
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Ben Franklin Station
P.O. Box 883
Washington DC 20044
(202) 514-3378
(202) 305-0845
james.todd@usdoj.gov
vinita.b.andrapalliyal@usdoj.gov

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

    Pursuant to Fed. R. Civ. P. 5(b)(2)(E), and LR 5.5(a) Defendants effected service of this filing on all other parties to these actions by filing it with the Court's electronic filing system.

                            s/ James D. Todd Jr.
                            JAMES D. TODD, JR.