UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCIA L. FUDGE, Secretary of the U.S. Department of Housing and Urban Development,<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>    Defendants. | No. 1:13-cv-8564-RRP<br>Hon. Rebecca R. Pallmeyer |

## JOINT STATUS REPORT

Pursuant to this Court's November 28, 2022, Minute Entry, ECF No. 257, the parties file this status report on the forthcoming rule of the U.S. Department of Housing and Urban Development ("HUD") on the discriminatory effects standard under the Fair Housing Act. On December 7, 2022, HUD transmitted the final rule to the Office of Management and Budget ("OMB") and requested expedited review, and OMB now lists that rule as pending review. The parties additionally state as follows:

**Defendants' Position:**

1.       Plaintiff Property Casualty Insurers Association of America ("PCI")[1] challenges application of HUD's 2013 Discriminatory Effects Rule, *see* Implementation of the Fair Housing Act's Discriminatory Effects Standard, 78 Fed. Reg. 11460 (Feb. 15, 2013) ("the 2013 Rule"), Admin. Record 611, to risk-based pricing and underwriting of homeowners, property, and hazard

---

[1] Effective January 1, 2019, Plaintiff PCI merged with the American Insurance Association. Effective February 5, 2019, PCI re-domesticated and changed its name to the American Property Casualty Insurance Association.

insurance. *See* Am. Compl., ECF No. 133.

2. This Court and the parties have agreed to defer briefing in this case since 2017, initially to allow the prior Administration to reconsider HUD's 2013 Rule, then to allow HUD time for notice and comment rulemaking. *See* Minute Entries, ECF Nos. 142, 146, 150–59, 166, 168–69, 172–73, 176–77, 178–79, 184, 186, 188–89, 190–91, 192, 194–95, 196. This Court continued that stay while the agency proposed and then promulgated a final rule amending the 2013 rule, *see* HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule").

3. After a district court preliminarily enjoined the 2020 rule, *see Mass. Fair Hous. Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, No. 3:20-cv-11765, 2020 WL 6390143 (D. Mass. October 24, 2020), *appeal dismissed*, No. 21-1003 (1st Cir. Feb. 9, 2021), HUD published a notice in the Federal Register that it was reconsidering its 2020 rule and proposing to recodify its 2013 rule, *see* Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33590 (June 25, 2021) (the "Proposed Rule").

4. During this time, this Court initially extended its stay, *see, e.g.,* Minute Entry, ECF No. 213, but then at Plaintiff's request, set a briefing schedule for the parties' cross motions for summary judgment, *see* Minute Entry, ECF No. 216. The parties filed cross motions for summary judgment, but this Court struck them without prejudice and reinstated the stay. *See* Order, ECF No. 248. This Court found that "an opinion it issues now would very likely be advisory," and thus continued the stay until August 24, 2022. *Id*. at 2. This Court extended the stay another 90 days but stated that, absent promulgation of a new rule by November 28, 2022, it would lift the stay and proceed with briefing concerning the 2013 Rule, *see* Minute Entry, ECF No. 250. The Court later extended the stay status until December 30, 2022, and ordered

Defendants to file a status report at that time, *see* Minute Entry, ECF No. 257.

5. On December 7, 2022, HUD sent the final discriminatory effects rule to OMB's Office of Information and Regulatory Affairs ("OIRA"), and OIRA has accepted the rule and lists it as under review. *See* Reinstatement of HUD's Discriminatory Effects Standard (FR-6251), RIN: 2529-AB02 (Pending Review) (Dec. 7, 2022), https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202204&RIN=2529-AB02. HUD has asked OMB for expedited review of the rule and anticipates that it can transmit the final rule for publication in the Federal Register within weeks of OMB completing its review.

6. HUD's final rule will be the result of a notice and comment rulemaking process that began on July 21, 2021, when HUD announced a Proposed Rule reconsidering the agency's 2020 Rule, *see* 85 Fed. Reg. 60288, and proposing to recodify its 2013 Rule, *see* 86 Fed. Reg. 33590. HUD gave all interested persons 60 days to provide comments, *see id.*, and received over 10,000 comments, including comments received from Plaintiff. HUD has reviewed and considered those comments, as well as those received in response to prior federal register notices concerning the 2013 and 2020 Rules, *see* HUD, Reducing Regulatory Burden; Enforcing the Regulatory Reform Agenda Under Executive Order 13777, 82 Fed. Reg. 22344 (May 15, 2017) (numerous comments on disparate impact received); HUD, Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 83 Fed. Reg. 28560 (June 20, 2018) (1,923 comments received); HUD, HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 84 Fed. Reg. 42854 (Aug. 19, 2019) (45,758 comments received).

7. Defendants believe that this Court's prior conclusion that "an opinion it issues now would very likely be advisory," Order, *supra*, at 2, remains valid, and therefore the Court should find that this matter is still not ripe for resolution and continue the stay for another 30

days or until HUD's final rule is published in the Federal Register (whichever is sooner), at which time the parties will submit a joint status report. Defendants additionally believe that to suddenly move forward now, as Plaintiff proposes, without the benefit of the new rule and the accompanying administrative record of decisionmaking, when the new rule may now only be weeks away from publication in the Federal Register, would fail to conserve this Court's or the parties' resources.

**Plaintiff's Position:**

8.  In 2014, this Court granted summary judgment in part to PCI, holding that HUD's decision to apply the 2013 Rule to risk-based pricing and underwriting of homeowners insurance was arbitrary and capricious. *Property Cas. Ins. Ass'n of Am. v. Donovan*, 66 F. Supp. 3d 1018, 1046-51 (N.D. Ill. 2014). The Court ordered HUD to either better explain its decision or institute a new rule. *Id.* at 1050. Nearly two years later, HUD issued a supplemental explanation without modifying the 2013 Rule, and PCI moved again for summary judgment.

9.  Beginning in 2017, the Court and the parties agreed to defer briefing on PCI's renewed motion, initially to allow the prior Administration to reconsider HUD's 2013 Rule, then to allow HUD time for notice and comment rulemaking. *See* Minute Entries, ECF Nos. 142, 146, 150–59, 166, 168–69, 172–73, 176–77, 178–79, 184, 186, 188–89, 190–91, 192, 194–95, 196. PCI agreed that a stay was appropriate at that time because there were clear indications that the forthcoming rulemaking would materially change the 2013 Rule. In August 2020, this Court lifted the stay "because after many months HUD ha[d] not yet adopted a new rule[.]" ECF No. 201; *see also* ECF No. 200. After this Court lifted the stay, HUD promulgated a final rule, which substantially amended the 2013 rule, *see* HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule").

10. Shortly after promulgation of the 2020 Rule, a district court preliminarily enjoined it. *See Mass. Fair Hous. Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, No. 3:20-cv-11765, 2020 WL 6390143 (D. Mass. October 24, 2020), *appeal dismissed*, No. 21-1003 (1st Cir. Feb. 9, 2021). The 2013 Rule has thus remained continuously in effect.

11. In April 2021, HUD sent a draft proposed rule to the Office of Management and Budget ("OMB") for inter-agency review. The title of the proposed rule indicated HUD's intent to "reinstate[]" the 2013 Rule. *See* https://www.reginfo.gov/public/do/eoDe-tails?rrid=162113. Following a hearing, this Court agreed with PCI that briefing should proceed on a renewed motion for summary judgment. ECF No. 216.

12. Two months later, HUD published a notice in the Federal Register that it was reconsidering its 2020 rule and proposing to "reinstate" its 2013 rule, *see* Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33590 (June 25, 2021) (the "Proposed Rule"). HUD thereafter moved for another stay of this litigation. ECF No. 226.

13. After the completion of briefing on PCI's renewed motion for summary judgment and Defendants' cross-motion for summary judgment, this Court struck the motions without prejudice and entered a new stay until August 24, 2022. *See* Order, ECF No. 248. This Court found that "an opinion it issues now would very likely be advisory," but instructed the parties to update the Court on or before August 24, 2022. *Id*. at 2.

14. On August 25, 2022, this Court extended the stay another 90 days. Minute Entry, ECF No. 250. The Court agreed with PCI that HUD's "stated plan to 'publish[] a final rule later this year' [wa]s frustratingly vague," and stated that, absent promulgation of a new rule by November 28, 2022, the Court would lift the stay and proceed with briefing concerning the 2013 Rule, *see id.* HUD did not promulgate the new rule by that date and accordingly sought a further

5

stay, which the Court granted until December 30, 2022, and ordered the parties to file a joint status report at that time, *see* Minute Entry, ECF No. 257.

15. On December 7, 2022, HUD sent the final discriminatory effects rule to OMB's Office of Information and Regulatory Affairs ("OIRA"), and OIRA has accepted the rule and lists it as under review. *See* Reinstatement of HUD's Discriminatory Effects Standard (FR-6251), RIN: 2529-AB02 (Pending Review) (Dec. 7, 2022), https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202204&RIN=2529-AB02. The public record continues to indicate that the new rule will "reinstate" the 2013 Rule. *Id.* HUD has asked OMB for expedited review of the rule and anticipates that it can transmit the final rule for publication in the Federal Register within weeks of OMB completing its review.

16. PCI maintains that the Court should reinstate the parties' cross-motions for summary judgment. It is evident that HUD intends to reinstate the 2013 Rule, as reflected in proposed rule's title and the abstract published on the OMB website, https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202204&RIN=2529-AB02. Defendants have never contended that the final rule will differ in any material respect from the 2013 Rule that is at issue in this case. As such, there is no good reason to continue to stay this case while the proposed rule undergoes OMB review of indeterminate duration.

17. PCI further maintains that additional delay at this point is unwarranted in light of the substantial time that has elapsed since HUD initiated its rulemaking nearly two years ago. When HUD similarly failed to act for several months on its proposed rulemaking in 2020, this Court lifted the stay, and it was only then that HUD finally promulgated a revised rule. Defendants have continued to offer only "frustratingly vague" indications of HUD's anticipated timeline for reinstating the 2013 Rule, which suggests that the same approach is necessary

here—particularly given that HUD's long delays in this nine-year-old case have frustrated PCI's ability to obtain relief in its legal challenge to a rule this Court held arbitrary and capricious more than eight years ago.

18. PCI observes that this Court previously stated that, "[a]bsent promulgation of a new rule by November 28, 2022, the court will lift the stay and proceed with briefing concerning the 2013 rule." ECF No. 250. The Court should do so now by reinstating the parties' renewed cross-motions for summary judgment and setting them for a hearing. If HUD promulgates a final rule before this Court disposes of the motions, the parties can submit supplemental briefing if necessary at that time.

Dated: December 30, 2022

Respectfully submitted,

| | |
|---|---|
| /s/ Seth P. Waxman | BRIAN D. NETTER |
| Seth P. Waxman (pro hac vice) | Deputy Assistant Attorney General |
| Catherine M.A. Carroll (pro hac vice) | |
| Anuradha Sivaram (pro hac vice) | JOHN R. LAUSCH, JR. |
| WILMER CUTLER PICKERING HALE AND DORR LLP | United States Attorney |
| 1875 Pennsylvania Avenue, NW | |
| Washington, DC 20006 | LESLEY FARBY |
| (202) 663-6000 | Assistant Branch Director |
| seth.waxman@wilmerhale.com | |
| | s/ James D. Todd, Jr. |
| | JAMES D. TODD, JR. |
| Rowe W. Snider (# 03125194) | VINITA B. ANDRAPALLIYAL |
| Alyssa M. Gregory (# 6320588) | U.S. DEPARTMENT OF JUSTICE |
| LOCKE LORD LLP | Civil Division, Federal Programs Branch |
| 111 South Wacker Drive Chicago, IL 60606 | Ben Franklin Station |
| (312) 443-0700 | P.O. Box 883 |
| rsnider@lockelord.com | Washington DC 20044 |
| | (202) 514-3378 |
| Counsel for Plaintiff | (202) 305-0845 |
| | james.todd@usdoj.gov |
| | vinita.b.andrapalliyal@usdoj.gov |
| | |
| | Attorneys for Defendants |

7

## CERTIFICATE OF SERVICE

      Pursuant to Fed. R. Civ. P. 5(b)(2)(E), and LR 5.5(a) Defendants effected service of this filing on all other parties to these actions by filing it with the Court's electronic filing system.

s/ James D. Todd Jr.
JAMES D. TODD, JR.
