UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCIA L. FUDGE, Secretary of the U.S. Department of Housing and Urban Development,<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>    Defendants. | No. 1:13-cv-8564-RRP<br>Hon. Rebecca R. Pallmeyer |

## STATUS REPORT AND MOTION TO CONTINUE STAY

On January 3, 2023, this Court directed counsel for Defendants to advise the Court "whether they have a good-faith belief that the final rule will differ meaningfully from the 2013 Rule and, if so, the basis for that belief." Minute Entry, ECF No. 260. This Court further stated that, absent such a communication, the court will lift the stay, reinstate the parties' motions, and proceed to a hearing or ruling. *See id*. For the reasons set forth herein, Defendants respectfully cannot disclose this information. Additionally, for the reasons set forth below, Defendants respectfully request that this Court should not reinstate the parties' summary judgement briefs and proceed to a hearing and/or a ruling on Plaintiff's challenge to the 2013 Rule and 2016 Supplemental Explanation but should instead continue the stay entered in this case until after publication of HUD's forthcoming Final Rule.

    1.    Plaintiff Property Casualty Insurers Association of America ("PCI") [1] challenges

---

[1] Effective January 1, 2019, Plaintiff American Insurance Association merged with and into PCI. Effective February 5, 2019, PCI re-domesticated and changed its name to the American Property Casualty Insurance Association.

application of the U.S. Department of HUD's 2013 Discriminatory Effects Rule, *see* Implementation of the Fair Housing Act's Discriminatory Effects Standard, 78 Fed. Reg. 11460 (Feb. 15, 2013) ("the 2013 Rule"), Admin. Record 611, to risk-based pricing and underwriting of homeowners, property, and hazard insurance, as well as HUD's 2016 supplemental explanation of the 2013's Rule application to insurance, *see* HUD, Application of the Fair Housing Act's Discriminatory Effects Standard to Insurance, 81 Fed. Reg. 69012 (Oct. 5, 2016). *See* Am. Compl., ECF No. 133.

2. In 2020, HUD published a new final rule. *See* HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule"), which was preliminarily enjoined before it went into effect, *see Mass. Fair Hous. Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, No. 3:20-cv-11765, 2020 WL 6390143 (D. Mass. October 24, 2020), *appeal dismissed*, No. 21-1003 (1st Cir. Feb. 9, 2021).

3. On June 25, 2021, HUD published a notice of proposed rulemaking in the Federal Register stating that it was reconsidering its 2020 rule and proposing to recodify its 2013 rule, *see* Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33590 (June 25, 2021) (the "Proposed Rule"). HUD received over 10,000 comments, reviewed them, and prepared a draft final rule.

4. On December 7, 2022, HUD sent the draft Final Rule to OMB's Office of Information and Regulatory Affairs ("OIRA"), and OIRA accepted the rule and lists it as under review. *See* Reinstatement of HUD's Discriminatory Effects Standard (FR-6251), RIN: 2529-AB02 (Pending Review) (Dec. 7, 2022), https://www.reginfo.gov/public/do/eAgenda ViewRule?pubId=202204&RIN=2529-AB02. HUD has asked OIRA for expedited review of the rule and anticipates that it can transmit the Final Rule for publication in the Federal Register

within weeks of OIRA completing its review.

## ARGUMENT

5. This Court has entered a number of stays in this case, most recently on the grounds that "an opinion it issues now would very likely be advisory." Minute Entry, ECF No. 248. On January 3, 2023, however, this Court directed HUD's counsel to advise the Court whether they have a good-faith belief that the Final Rule will differ meaningfully from the 2013 Rule and, if so, the basis for that belief. *See* Minute Entry, ECF No. 260. This Court further stated that, absent such a communication, the court will lift the stay, reinstate the parties' motions, and proceed to a hearing or ruling. *See id*. For the reasons set forth below, Defendants cannot advise the Court and move the Court to instead continue the stay.

6. While the Final Rule must be a "logical outgrowth" of the Proposed Rule, *see, e.g., Agape Church v. FCC*, 738 F.3d 397, 411 (D.C. Cir. 2013), disclosure of the contents of the rule in advance of its finalization would reveal information protected by Executive privilege. The Executive Branch's deliberations with respect to the Final Rule are ongoing and will be ongoing until OIRA's review concludes and the Final Rule is posted. The deliberative process privilege, which is a component of Executive privilege, protects the "decision making processes of government agencies." *NLRB v. Sears, Roebuck & Co*., 421 U.S. 132, 150 (1975). The privilege allows the Government to withhold documents and information "that would reveal 'advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (citations omitted). The privilege protects not merely documents, but also the integrity of the deliberative process itself. *See Schell v. Dep't of Health & Human Servs*., 843 F.2d 933, 940 (6th Cir. 1988). Since the draft Final Rule is now in the interagency review

3

process, the Government is still deliberating about the contents of the Final Rule. As a result, HUD may further revise the draft Final Rule up until it publishes a Final Rule. Because that process remains ongoing and the contents of the Final Rule have not been finalized, the information requested by the Court is protected by the deliberative process privilege. Thus, requiring disclosure about the current contents of the draft Final Rule could improperly reveal confidential interagency deliberations and would undermine the Government's decisionmaking process.

7. Executive Order 12,866, which governs OIRA's review of the draft Final Rule, reflects the importance of protecting agencies' deliberative processes while review is ongoing. *See* Executive Order 12, 866, 58 Fed. Reg. 51735 (Sept. 30, 1993), *as amended* ("E.O. 12,866"). Section 8 of the Order provides that "[e]xcept to the extent required by law, an agency shall not publish in the Federal Register or otherwise issue to the public any regulatory action that is subject to review under section 6 of this Executive order until (1) the Administrator of OIRA notifies the agency that OIRA has waived its review of the action or has completed its review without any requests for further consideration, or (2) the applicable time period in section 6(b)(2) expires without OIRA having notified the agency that it is returning the regulatory action for further consideration under section 6(b)(3), whichever occurs first." *Id.* § 8; *see also id*. § 6(b)(2) (generally requiring OIRA to complete its review within 90 days). OIRA has not waived its review of the rule, and the applicable time period for OIRA review has not expired. Accordingly, barring an applicable exception, the E.O. 12,866 directs Defendants not to make public the draft Final Rule or any portion thereof.

8. This Court should not reinstate the parties' briefs and proceed to a hearing or ruling until such time as HUD reviews and addresses any comments it has received through the

E.O. 12,866 interagency review process, OIRA concludes its review, and HUD publishes the Final Rule in the Federal Register. HUD's forthcoming rule cannot yet be considered final agency action, and until that time there is not a closed record of decision-making for this Court to review. *See* 5 U.S.C. § 704; *Bennett v. Spear*, 520 U.S. 154, 175 (1997); *Am. Petrol. Inst. v. EPA*, 683 F.3d 382, 386–37 (D.C. Cir. 2012); *Sprint Corp. v. FCC*, 331 F.3d 952, 956 (D.C. Cir. 2003). And in the absence of final agency action, Plaintiff's challenge cannot be considered ripe for this Court's review. *See Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732 (1998) (all lawsuits must be "ripe for court review" in order to be justiciable); *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967) (ripeness requirement "protect[s] the agencies from judicial interference until an administrative decision has been formalized"); *Sprint Corp. v. FCC*, 331 F.3d 952, 956 (D.C. Cir. 2003) ("Final agency action ... is a crucial prerequisite to ripeness.").

9. Nor should this Court take up this matter until: (i) Plaintiff has had an opportunity to evaluate the Final Rule, and if Plaintiff deems necessary, amend its complaint; and (ii) HUD has supplemented the Administrative Record with additional record materials relevant to Plaintiff's challenge. The APA directs the Court to "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. This requires the Court to review "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99. HUD's Final Rule will be the result of a notice and comment rulemaking process that began on July 21, 2021, when HUD announced a Proposed Rule reconsidering the agency's 2020 Rule, *see* 85 Fed. Reg. 60288, and proposing to recodify its 2013 Rule, *see* 86 Fed. Reg. 33590. HUD received over 10,000 comments, including comments received from Plaintiff. HUD has reviewed and considered those comments, as well as those received in

5

response to prior federal register notices concerning the 2013 and 2020 Rules, *see* HUD, Reducing Regulatory Burden; Enforcing the Regulatory Reform Agenda Under Executive Order 13777, 82 Fed. Reg. 22344 (May 15, 2017) (numerous comments on disparate impact received); HUD, Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 83 Fed. Reg. 28560 (June 20, 2018) (1,923 comments received); HUD, HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 84 Fed. Reg. 42854 (Aug. 19, 2019) (45,758 comments received). All of these materials will be part of the Administrative Record of HUD's forthcoming Final Rule. HUD anticipates that it can serve these additional record materials on Plaintiff within 30 days of the Final Rule's publication in the Federal Register. Accordingly, this Court should not proceed to a ruling until it has before it the complete Administrative Record in this case, "or those parts of it cited by a party." 5 U.S.C. § 706.

10. This Court's prior conclusion that "an opinion it issues now would very likely be advisory," Order, *supra*, at 2, remains valid, and therefore the Court should continue the stay for another 30 days, at which time the parties will submit a joint status report.

## CONCLUSION

This Court should continue its stay of this case until after HUD promulgates its final rule. A proposed order is submitted herewith.

Dated: January 13, 2023

                                             Respectfully submitted,

                                             BRIAN D. NETTER
                                             Deputy Assistant Attorney General

                                             JOHN R. LAUSCH, JR.
                                             United States Attorney

                                             LESLEY FARBY
                                             Assistant Branch Director

                                             <u>s/ James D. Todd, Jr.</u>
                                             JAMES D. TODD, JR.
                                             VINITA B. ANDRAPALLIYAL
                                             U.S. DEPARTMENT OF JUSTICE
                                             Civil Division, Federal Programs Branch
                                             Ben Franklin Station
                                             P.O. Box 883
                                             Washington DC 20044
                                             (202) 514-3378
                                             (202) 305-0845
                                             james.todd@usdoj.gov
                                             vinita.b.andrapalliyal@usdoj.gov

                                             Attorneys for Defendants

## CERTIFICATE OF SERVICE

     Pursuant to Fed. R. Civ. P. 5(b)(2)(E), and LR 5.5(a) Defendants effected service of this filing on all other parties to these actions by filing it with the Court's electronic filing system.

                                     <u>s/ James D. Todd Jr.</u>
                                     JAMES D. TODD, JR.