UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCIA L. FUDGE, Secretary of the U.S. Department of Housing and Urban Development,<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>    Defendants. | No. 1:13-cv-8564-RRP<br>Hon. Rebecca R. Pallmeyer |

### REPLY IN SUPPORT OF MOTION TO CONTINUE STAY

Plaintiff's opposition to Defendants' motion to stay asks this Court to lift the stay "as soon as HUD publishes its final rule." Pl.'s Opp'n to HUD Mot. to Continue Stay, at 7, ECF No. 266 ("Pl.'s Opp'n"). On this the parties agree.

But Plaintiff also seeks to "immediately" lift the stay and further requests that it be lifted on March 7, 2023, regardless of whether HUD has published a final rule. *Id*. Yet Plaintiff's opposition fails to even address Defendants' showing that Plaintiff's challenge cannot be considered ripe for this Court's review in the absence of a closed record of decisionmaking concerning Plaintiff's challenge. *Compare* Defs.' Status Rep. & Mot. to Continue Stay, at 5-6, ECF No. 261 ("Defs.' Mot.") *with* Pl.'s Opp'n *passim*. Plaintiff thus concedes that this matter cannot be considered ripe until HUD publishes its final rule and concedes that, until such time as HUD supplements the Administrative Record in this case, there is not a closed record of decisionmaking on which this Court could base a decision. *See, e.g.*, *T-Mobile NE LLC v. Town of Barnstable*, 969 F.3d 33, 41 (1st Cir. 2020) ("[j]udges are not expected to be mindreaders," with the result that litigants are expected " 'to spell out [their] arguments squarely and distinctly,'

or else forever hold [their] peace" (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990); *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988)); *Lesende v. Borrero*, 752 F.3d 324, 336 (3d Cir. 2014); *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005); *U.S. ex rel. Blottiaux v. McAdory*, 264 F. Supp. 2d 704, 710 (N.D. Ill. 2003).

This Court should also reject Plaintiff's unsubstantiated claims that its members do not know whether they can continue their risk-based pricing, underwriting, and reserving practices and *might* be exposed to conflicting legal standards. See Pl.'s Opp'n at 7. Plaintiff's members have been advancing similar claims for decades, and courts, including this one, have rejected those claims. *See, e.g., NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287 (7th Cir. 1992); *Nationwide Mut. Ins. Co. v. Cisneros*, 52 F.3d 1351, 1363 (6th Cir. 1995); *Prop. Cas. Ins. Ass'n of Am. v. Donovan*, 66 F. Supp. 3d 1018, 1051–53, 1037–42 (N.D. Ill. 2014).[1] Moreover, judicial appraisal of such concerns "is likely to stand on a much surer footing in the context of a specific application of this regulation than could be the case in the framework of the generalized challenge made here." *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 164 (1967).

Nor does Plaintiff offer any solid legal basis for demanding that the stay be lifted on March 7, 2023, regardless of whether HUD has published its final rule. Plaintiff correctly notes that the Executive Order governing the review by OMB's Office of Information and Regulatory Affairs ("OIRA") *generally* requires OIRA to complete its review within 90 days, and notes that March 7 will be 90 days after HUD transmitted its draft final rule to OIRA. See Pl.'s Opp'n at 4. But, as Plaintiff admits, there are exceptions to the 90-day-review timeframe, including, for example, when OIRA may extend its review process by 30 days, or when it notifies the agency

---

[1] Plaintiff's claim of hardship on the part of its members caused by this delay is further undermined by the fact that Plaintiff *agreed* to a stay of this matter for over three years even though the 2013 Rule was in effect the entire time. See Pl.'s Opp'n at 2.

2

that it is returning the regulatory action for further consideration. *See* Exec. Order 12,866, 58 Fed. Reg. 51735, § 6(b)(2)-(3) (Sept. 30, 1993), *as amended* ("E.O. 12,866"). Thus, Plaintiff fails to provide a basis for only extending the stay until March 7.

Additionally, the completion of OIRA's review will not mean that HUD can immediately publish its final rule. Rather, as HUD explained in its stay motion, the agency needs adequate time to review and address any comments it may receive through the E.O. 12,866 interagency review process. *See* Defs.' Mot. at 4-5. As HUD has explained, the agency anticipates that it can complete its review within weeks of OIRA completing its review. *See id.* at 1-2. Accordingly, this Court should give HUD adequate time to complete its review and transmit the final rule to the Federal Register for publication.

## CONCLUSION

This Court should continue its stay of this case until after HUD promulgates its final rule.

Dated: January 31, 2023

                                            Respectfully submitted,

                                            BRIAN D. NETTER
Deputy Assistant Attorney General

JOHN R. LAUSCH, JR.
United States Attorney

LESLEY FARBY
Assistant Branch Director

s/ James D. Todd, Jr.
JAMES D. TODD, JR.
VINITA B. ANDRAPALLIYAL
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Ben Franklin Station
P.O. Box 883
Washington DC 20044
(202) 514-3378
(202) 305-0845
james.todd@usdoj.gov
vinita.b.andrapalliyal@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

    Pursuant to Fed. R. Civ. P. 5(b)(2)(E), and LR 5.5(a) Defendants effected service of this filing on all other parties to these actions by filing it with the Court's electronic filing system.

                              s/ James D. Todd Jr.
                              JAMES D. TODD, JR.