UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>MARCIA L. FUDGE, in her official capacity as Secretary of Housing and Urban Development, and UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>*Defendants*. | Case No. 1:13-cv-08564<br><br>Chief Judge Rebecca R. Pallmeyer |

**PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a), Plaintiff Property Casualty Insurers Association of America ("PCI") respectfully moves for summary judgment on all counts of its Second Amended Complaint.[1] As demonstrated in the accompanying memorandum of law and Local Rule 56.1 Statement of Undisputed Material Facts, PCI is entitled to summary judgment because there is no genuine issue of material fact, and the decision by Defendants Secretary Marcia Fudge and the United States Department of Housing and Urban Development to apply to risk-based pricing and underwriting of homeowners insurance the Final Rule entitled "Implementation of the Fair Housing Act's Discriminatory Effects Standard," 78 Fed. Reg. 11,460 (Feb. 15, 2013) (A.R. 611), and subsequently reinstated as "Reinstatement of HUD's Discriminatory Effects Standard," 88 Fed. Reg. 19,450 (Mar. 31, 2023) (A.R. 32,763), was arbitrary and capricious as this Court concluded in its 2014 Memorandum Opinion and Order, *see* Dkt. 99.

| | |
|---|---|
| Dated: June 28, 2023 | Respectfully submitted,<br>/s/ *Seth P. Waxman*<br>Seth P. Waxman (*pro hac vice*)<br>Catherine M.A. Carroll (*pro hac vice*)<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>2100 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>Tel.: (202) 663-6000<br>Fax: (202) 663-6363<br>E-mail: seth.waxman@wilmerhale.com<br><br>Rowe W. Snider (# 03125194)<br>Alyssa M. Gregory (# 6320588)<br>LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>Tel.: (312) 443-0700 |

---

[1] This motion and accompanying memorandum of law do not address Counts V through VIII in the Second Amended Complaint because the parties agree those claims are subject to dismissal under previous orders of the Court. *See* Dkt. 98 (Sept. 3, 2014); Dkt. 129 (June 20, 2017). PCI does, however, preserve those claims for appeal.

1

Fax: (312) 896-0336
Email: rsnider@lockelord.com

*Attorneys for Plaintiff*