# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA L. FUDGE, in her official capacity as Secretary of Housing and Urban Development, and UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | Case No. 1:13-cv-08564<br><br>Chief Judge Rebecca R. Pallmeyer |

## DECLARATION OF ROBERT GORDON

I, Robert Gordon, declare as follows:

1. I am the Senior Vice President for Policy Development and Research at the American Property Casualty Insurance Association ("APCIA").[1]

2. PCI is an Illinois not-for-profit corporation with its headquarters in Chicago, Illinois. It is a trade association of property and casualty insurers representing more than 1,000 member companies.

3. PCI's members provide homeowners insurance, subject to state insurance regulations, in every state of the United States.

4. PCI's mission is to promote and protect the viability of a competitive private insurance market for the benefit of consumers and insurers. PCI advocates on behalf of its

---

[1] Effective January 1, 2019, American Insurance Association merged with and into Property Casualty Insurers Association of America ("PCI"). Effective February 5, 2019, PCI re-domesticated and changed its name to the American Property Casualty Insurance Association ("APCIA"). This submission will refer to APCIA, rather than PCI, in the context of any events following the January 1, 2019 merger.

members on policy issues at the state and federal levels and provides its members with information relevant to legal and public policy developments affecting the property and casualty insurance industry.

5. On February 15, 2013, the Department of Housing and Urban Development ("HUD") promulgated a final rule interpreting the Fair Housing Act to prohibit practices that result in a disparate impact on protected groups of people, regardless of whether there is an intent to discriminate. *See* 78 Fed. Reg. 11460 (Feb. 15, 2013) ("Rule"). The Rule indicates that it applies to providers of homeowners insurance. *See* 78 Fed. Reg. at 11475.

6. PCI and its fellow insurance industry trade associations submitted comments as part of the rulemaking explaining the impact of the proposed rule on insurers. *See* Comments of the Property Casualty Insurers Association of America (Jan. 17, 2012) (A.R. 552-556); Comments of the National Association of Mutual Insurance Companies (Jan. 17, 2012) (A.R. 371-383); Comments of the American Insurance Association (Jan. 17, 2011) (A.R. 454-459).

7. PCI and its member companies have expended substantial resources analyzing the Rule and potential compliance with the Rule. If the Rule is not set aside, PCI and its member companies will continue to expend substantial resources analyzing these issues.

8. Amica Mutual Insurance Company, Selective Insurance Company of America, State Auto Insurance Companies, and The Cincinnati Insurance Company, all previously members of either PCI or AIA, became members of APCIA in 2019 upon the merger and remain members.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of May, 2021.


_____
Robert Gordon
American Property Casualty Insurance Association