IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA<br><br>Plaintiff,<br>vs.<br><br>MARCIA L. FUDGE, in her official capacity as Secretary of Housing and Urban Development, and<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | Case No. 1:13-CV-08564<br><br>Chief Judge Rebecca R. Pallmeyer |

**MOTION OF THE DIRECTOR DEAN L. CAMERON, OF THE STATE OF IDAHO, DEPARTMENT OF INSURANCE; COMMISSIONER GLEN MULREADY, OF THE STATE OF OKLAHOMA INSURANCE DEPARTMENT; and, COMMISSIONER JOHN DONELON, OF THE STATE OF LOUISIANA DEPARTMENT OF INSURANCE, FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF, TO EXTEND THE TIME TO FILE BRIEF; AND TO EXTEND OF THE NUMBER OF PAGES OF BRIEF.**

The Director of the State of Idaho, Idaho Department of Insurance ("Idaho DOI"), the Commissioner of the Oklahoma Insurance Department ("OID"), and the Commissioner of the Louisiana Department of Insurance ("LDI"), by and through counsel, respectfully moves this Court for leave to file an *amicus curiae* brief of 25 pages in length on behalf of themselves and similarly situated state Insurance Departments who may have joined herein, in support of Plaintiff's Renewed Motion for Summary Judgment (Doc #282). In support of this Motion, the Idaho DOI, the OID, and the LDI state as follows:

1. The Idaho DOI is an agency of the State, duly authorized in 1901 by the Idaho Legislature under title 41, Idaho Code, to regulate the business of insurance within the State of Idaho.

2. The State of Oklahoma Insurance Department is an agency of the State, duly created and authorized under Article 6, Section 23 of the Oklahoma Constitution, to regulate the business of insurance within the State of Oklahoma.

3. The State of Louisiana Insurance Department is an agency of the State, duly created and authorized under Article IV, Section 11 of the Louisiana Constitution, to regulate the business of insurance within the State of Louisiana.

4. It is understood by the undersigned that the U.S. Department of Justice has taken a neutral position on the extension of time to file an *amicus curiae* brief.

5. The issue at bar is a claim that challenges the U.S. Department of Housing and Urban Development's ("HUD") Disparate Impact Rule as it relates to State insurance regulation and governance. *See,* 88 F.R. 19450 (Friday, March 31, 2023) (effective May 1, 2023).

6. The regulation of the business of insurance has traditionally been left to the several individual States, as acknowledged in Section 1 of the McCarran-Ferguson Act, 15 U.S.C. § 1011 which states: "Congress hereby declares that the continued regulation and taxation buy the several States of the business of insurance is in the public interest, and that silence on the part of the Congress shall not be construed to impose any barrier to the regulation or taxation of such business by the several States."

7. The Disparate Impact Rule, as revived in 2023, thrusts HUD into the regulation of homeowners insurance at the State level, impacting risk-based pricing and underwriting, as well as State regulatory laws and rules that violate the McCarran-Ferguson Act. The State-based regulation governs the use by insurers of objective, neutral, actuarially justified factors to calculate

the probability of potential loss. These objective factors provide the actual cost of insurance, with an accuracy that is vital to the fair and efficient operation of insurance within a State's borders.

8. Several States prohibit discriminatory rates. For example, Idaho Code § 41-1405, governs the property rates, stating that such rates, "shall not be excessive, inadequate or unfairly discriminatory."

9. Under title 36, section 902, of the Oklahoma Code, it provides that the "Insurance Commissioner shall not approve rates for insurance which are excessive, inadequate, or unfairly discriminatory."

10. Under LA. Rev Stat 22:1964(7), of the Louisiana Code, it prohibits unfair or deceptive methods, acts, and practices that are unfair discrimination.

11. Due to the apparent conflict between State insurance property rate regulation and the Disparate Impact Rule, an insurer could follow State law, yet be challenged in federal court under the Disparate Impact Rule.

12. The issue is one of federalism, in which the role of insurance regulation and taxation, inclusive of the regulation of property insurance rates, have been clearly reserved to the several States by the U.S. Congress.

13. The Director and Commissioners of the States of Idaho, Oklahoma, and Louisiana, respectively believe the Court will benefit from their views, and unique perspectives by providing *amicus curiae* briefing that is narrowly focused on the issues presented.

14. Therefore, the parties herein respectfully request the Court grant their motion to allow the filing of an *amicus curiae* brief detailing the above matters; an extension of time within which to file the briefing; and an extension to allow the maximum number of pages of the brief not to exceed no more than 25 pages in length.

DATED this 8th of August 2023.

Respectfully Submitted,

/s/ *John C. Keenan*
JOHN C. KEENAN
Lead Idaho Deputy Attorney General,
for Amicus State of Idaho, Attorney General
for Idaho Department of Insurance
700 W. State Street
Boise, ID 83720
Telephone: (208) 334-4250
Email: john.keenan@doi.idaho.gov


KIM HUNTER
General Counsel
Oklahoma Insurance Department
400 NE 50th Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 522-6335
Email: kim.hunter@oid.ok.gov


J. CULLENS
Attorney for the
Louisiana Department of Insurance
*Walters, Thomas, Cullens*
12345 Perkins Rd.
Baton Rouge, Louisiana 70810
Telephone: (225) 236-3650

Attorneys for *Amici Curiae*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 8th day of August 2023, I filed the foregoing with the Clerk of the Court for the U.S. District Court for the Northern District of Illinois via the CM/ECF system, which sent notification to counsel of record in this case.

                                        /s/ *John C. Keenan*
                                        John C. Keenan
                                        Idaho Deputy Attorney General