IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA L. FUDGE, in her official capacity as Secretary, Housing and Urban Development,<br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | Case No. 1:13-cv-08564<br>Chief Judge Rebecca R. Pallmeyer |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO
FILE EXCESS PAGES FOR THEIR COMBINED BRIEF IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to LR 7.1, Defendants move unopposed for leave to file excess pages for their combined brief in opposition to Plaintiff's motion for summary judgment and in support of Defendants' cross-motion, allowing Defendants to file a combined brief of up to 50 pages in length. Defendants also move, on Plaintiff's suggestion, for a corresponding increase of the page limit for Plaintiff's combined reply and opposition to 35 pages. In support of this motion, Defendants state as follows:

1. Plaintiff challenges as arbitrary and capricious under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, final rules issued by the Department of Housing and Urban Development ("HUD") reinstating the Discriminatory Effects Standard, *see Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78 Fed. Reg. 11,460

1

(Feb. 15, 2013) ("2013 Rule"); Reinstatement of HUD's Discriminatory Effects Standard, 88 Fed. Reg. 19450 (Mar. 31, 2023) ("2023 Rule"), as well as the adequacy of HUD's explanations about why home insurers are not entitled to a categorical exemption from the Rule, *see Application of the Fair Housing Act's Discriminatory Effects Standard to Insurance*, 81 Fed. Reg. 69,012 (Oct. 5, 2016) ("2016 Supplement"). *See* Pl.'s Second. Am. Compl., ECF No. 274; Pl.'s Mem. in Supp. of Mot. for Summ. J, ECF No. 283.

2. The issues in this case are complex. Plaintiff's challenge has already produced numerous briefs and lengthy decisions. *See, e.g., Prop. Cas. Ins. Ass'n of Am. v. Donovan*, 66 F. Supp. 3d 1018 (N.D. Ill. 2014) ("*PCI I*"); *Prop. Cas. Ins. Ass'n of Am. v. Carson*, No. 1:13-cv-8564, 2017 WL 2653069 (N.D. Ill. June 20, 2017) ("*PCI II*").

3. In order to conserve the parties' and this Court's resources in the latest round of dispositive motions, the parties proposed and this Court ordered a staggered briefing schedule, with each party filing combined briefs addressing both their own and the opposing party's positions. *See* Jt. Status Rep., ECF No. 272; Minute Entry (Apr. 28, 2023), ECF No. 273.

4. This Court's Local Rules require the Court's prior approval to file a brief of excess pages. *See* LR 7.1. In recognition of the complexity of the issues raised by Plaintiff's challenge, Plaintiff moved with consent of Defendants for leave to exceed the page limits for both its opening brief and its combined opposition and reply brief. *See* Pl.'s Consent Mot. to File Excess Pages, ECF No. 280. Plaintiff requested up to 30 pages for its opening brief and up to 20 pages for its combined opposition and reply brief. *See id*. Plaintiff noted that in securing Defendants' consent for the motion, it had agreed that Defendants could file an opening brief of up to 35 pages up to 20 pages for Defendants' reply. *See id*. at 2. This Court granted Plaintiff's

2

request "as to the page lengths stated in the motion." Minute Entry (June 27, 2023), ECF No. 281.

5. After reviewing the issues raised by Plaintiff's challenge and Plaintiff's opening brief, Defendants have realized that they will need to further exceed the page limits set by the Local Rules. Defendants have prepared as short a brief as possible but have determined they need leave to file a brief of up to 50 pages in length in order to adequately: (i) address the legal issues raised by Plaintiff's claims; (ii) respond to the arguments raised in Plaintiff's 30-page opening brief; (iii) make their affirmative case that the Rule is not arbitrary and capricious under the APA, and (iv) make their affirmative showing that HUD's explanations about why home insurers are not entitled to a categorial exemption from the Rule were adequate.

6. Undersigned counsel for Defendants met and conferred with Plaintiff's counsel about Defendants' motion for leave to file excess pages. Plaintiff indicated that it does not oppose this motion on the condition that Defendants also request an additional 15-page expansion of the page limit for Plaintiff's combined reply and opposition, to 35 pages.

## CONCLUSION

This Court should grant Defendants' unopposed motion for leave to file excess pages. A proposed order is attached.

Dated: September 25, 2023

        Respectfully Submitted,

        SARAH HARRINGTON
        Deputy Assistant Attorney General

        LESLEY FARBY
        Assistant Branch Director
        Federal Programs Branch

        */s/* James D. Todd, Jr.
        JAMES D. TODD, JR.
        VINITA B. ANDRAPALLIYAL
        BRIAN C. ROSEN-SHAUD
        United States Department of Justice
        Civil Division, Federal Programs Branch
        Benjamin Franklin Station,
        P.O. Box 883
        Washington, DC 20044
        (202) 514-3378
        (202) 305-0845
        (202) 305-7667
        james.todd@usdoj.gov
        vinita.b.andrapalliyal@usdoj.gov
        brian.c.rosen-shaud@usdoj.gov

        *Counsel for Defendants*