IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MARCIA L. FUDGE, in her official capacity as Secretary, Housing and Urban Development,<br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>  Defendants. | Case No. 1:13-cv-08564<br>Chief Judge Rebecca R. Pallmeyer |

**DEFENDANTS' CONSENT MOTION FOR LEAVE TO BE EXCUSED
FROM RESPONDING TO PLAINTIFF'S STATEMENT OF MATERIAL
FACTS OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND**

Pursuant to Fed. R. Civ. P. 7, and for good cause show herein, Defendants move with consent of Plaintiff for leave to be excused from the requirement of LR 56.1(b) to respond to Plaintiff's Statement of Material Facts or, in the alternative, for a two-week extension of time to file a response to Plaintiff's Statement. In support of this motion, Defendants state as follows:

1. Plaintiff challenges as arbitrary and capricious under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, final rules issued by the Department of Housing and Urban Development ("HUD") reinstating the Discriminatory Effects Standard, *see Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78 Fed. Reg. 11460 (Feb. 15, 2013) ("2013 Rule"); Reinstatement of HUD's Discriminatory Effects Standard, 88 Fed. Reg. 19450 (Mar. 31, 2023) ("2023 Rule"), as well as the adequacy of HUD's explanations about why home insurers are not entitled to a categorical exemption from the Rule, *see Application of the Fair Housing Act's Discriminatory Effects Standard to Insurance*, 81 Fed. Reg.

1

69012 (Oct. 5, 2016) ("2016 Supplement"). *See* Pl.'s Second. Am. Compl., ECF No. 274; Pl.'s Mem. in Supp. of Mot. for Summ. J, ECF No. 283.

2. In support of its summary judgment motion, Plaintiff filed a 125-paragraph, 38-page Statement of Material Facts Facts. *See* Pl.'s LR 56.1 Statement of Undisputed Material Facts, ECF No. 283-1.

3. This Court's Local Rules require a party opposing a summary judgement motion to file a response to the moving party's statement of material facts. *See* LR 56.1(b). In an APA challenge, however, the scope of this Court's review is confined to the purely legal question of whether the challenged Rule is "arbitrary [and] capricious" or "otherwise not in accordance with law," 5 U.S.C. § 706(2); *see Smith v. Office of Civilian Health & Med. Program of the Uniformed Servs.*, 97 F.3d 950, 954–55 (7th Cir. 1996). This review is based on the record before the agency at the time of its decision. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). As a result, this Court "may not undertake a de novo review of the agency's decision and its factual underpinnings," *Stauber v. Shalala*, 895 F. Supp. 1178, 1189-90 (W.D. Wis. 1995), and resolution of Plaintiff's claims "does not require fact finding" by the Court, *Nw. Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1472 (9th Cir. 1994); *see also Fla. Power*, 470 U.S. at 744 (noting that the "factfinding capacity of the district court is … typically unnecessary to judicial review of agency decisionmaking").

4. Plaintiff admits that: (i) "this case concerns a challenge under the [APA];" (ii) "review is based on the administrative record that was before the agency when it took the action at issue;" and (iii) "[w]hether HUD's action was not in accordance with law or arbitrary and capricious under [the APA] is a question of law." Pl's Statement of Material Facts at 1. Plaintiff's statement then proceeds to cite or quote passages from its Second Amended

2

Complaint, other materials already filed with Plaintiff's summary judgment motion, or materials in the Administrative Record. *See generally id*. To the extent that Plaintiff's statement of material facts are characterizations of the content of the Administrative Record, or other documents that Plaintiff has already filed with this Court, Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents. Accordingly, to conserve the parties' resources and promote judicial economy, this Court need not rely on either party's statement of material facts and certainly need not review a response to a statement of material facts, to resolve the parties' cross motions for summary judgment. Defendants thus seek leave to be excused from the requirements of LR 56.1(b) to respond to Plaintiff's Statement of Material Facts.

     5.     In the alternative, if this Court still requires Defendants to respond to Plaintiff's Statement of Material Facts, then Defendants move [unopposed] for an extension of time to respond. Due to unforeseen circumstances, undersigned counsel for Defendants have been called away to address other matters and/or have unexpectedly been on leave to address family medical issues. Defendants therefore request two weeks of additional time to respond to Plaintiff's Statement of Material Facts.

     6.     Undersigned counsel for Defendants met and conferred with Plaintiff's counsel about Defendants' motion. Plaintiff indicated that consents to this motion on the condition that Plaintiff also be excused from the requirement to file a response to Defendants' statement of material facts.

## CONCLUSION

This Court should grant Defendants' consent motion for leave to excuse each party from the requirement of LR 56.1(b) to respond to the other party's Statement of Facts. A proposed order is attached.

Dated: September 26, 2023

        Respectfully Submitted,

        SARAH HARRINGTON
        Deputy Assistant Attorney General

        LESLEY FARBY
        Assistant Branch Director
        Federal Programs Branch

        */s/* James D. Todd, Jr.
        JAMES D. TODD, JR.
        VINITA B. ANDRAPALLIYAL
        BRIAN C. ROSEN-SHAUD
        United States Department of Justice
        Civil Division, Federal Programs Branch
        Benjamin Franklin Station,
        P.O. Box 883
        Washington, DC 20044
        (202) 514-3378
        (202) 305-0845
        (202) 305-7667
        james.todd@usdoj.gov
        vinita.b.andrapalliyal@usdoj.gov
        brian.c.rosen-shaud@usdoj.gov

        *Counsel for Defendants*