UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA L. FUDGE, in her official capacity as Secretary, Housing and Urban Development,<br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | Case No. 1:13-cv-08564<br>Chief Judge Rebecca R. Pallmeyer |

**DEFENDANTS' LR 56.1 STATEMENT
OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1, Defendants hereby submit this Statement of Undisputed Material Facts in connection with Defendants' Motion for Summary Judgment:[1]

1. Defendant Department of Housing and Urban Development ("HUD") is the federal executive agency responsible for administering and interpreting the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq.; *see id*. § 3614a.

---

[1] Defendants note that because this action is brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, the scope of review is confined to the purely legal question of whether the challenged Rule is "arbitrary [and] capricious" or "otherwise not in accordance with law," 5 U.S.C. § 706(2). *See Smith v. Office of Civilian Health & Med. Program of the Uniformed Servs.*, 97 F.3d 950, 954-55 (7th Cir. 1996). This review is based on the record before the agency at the time of its decision. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). A district court "may not undertake a *de novo* review of the agency's decision and its factual underpinnings." *Stauber v. Shalala*, 895 F. Supp. 1178, 1189-90 (W.D. Wis. 1995); *Hunger v. Leininger*, 15 F.3d 664, 669 (7th Cir. 1994). Accordingly, resolution of Plaintiff's claims "does not require fact finding" by the Court. *See Nw. Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1472 (9th Cir. 1994); *see also Fla. Power*, 470 U.S. at 744 (noting that the "factfinding capacity of the district court is … typically unnecessary to judicial review of agency decisionmaking").

2. Defendant Marcia Fudge is the Secretary of Housing and Urban Development and is sued in her official capacity. *See* HUD, Marcia L. Fudge, Secretary of HUD, https://www.hud.gov/about/leadership/marcia_fudge (last accessed September 26, 2023).

**The 2013 Rulemaking**

3. On November 16, 2011, HUD issued a Notice of Proposed Rulemaking ("NPRM"), in which HUD proposed to "add[] a new subpart … to its Fair Housing Act regulations … [to] confirm that the Fair Housing Act may be violated by a housing practice that has a discriminatory effect." 76 Fed. Reg. 70921, 70924 (Nov. 16, 2011), AR 1-7.

4. HUD issued its Final Rule on February 15, 2013. *See* 78 Fed. Reg. 11460, AR 611-34.

**PCI's Challenge to the 2013 Discriminatory Effects Rule**

5. On November 27, 2013, PCI filed its original complaint, challenging the application of HUD's Disparate Impact Rule to the pricing of homeowners insurance. *See* Compl., ECF. No. 1.

6. The parties cross-moved for summary judgment, and HUD moved to dismiss. *See* ECF Nos. 21, 30.

7. On September 3, 2014, this Court issued a decision on the parties' motions. *See Prop. Cas. Ins. Ass'n of Am. v. Donovan* ("*PCI I*"), 66 F. Supp. 3d 1018 (N.D. Ill. 2014).

8. This Court ruled in HUD's favor by ruling that the burden-shifting framework HUD adopted embodied a reasonable interpretation of the FHA, but it also ruled that some of HUD's responses to comments submitted by the insurance industry were arbitrary and capricious because they did not sufficiently consider or respond to the

concerns raised regarding the McCarran-Ferguson Act, the filed-rate doctrine, and comments regarding the nature of the insurance industry. *See id.* at 1049–51.

9. This Court remanded this case to HUD for further explanation on these issues. *See id.* at 1049–50, 1054.

**2016 Supplemental Explanation**

10. On October 5, 2016, HUD issued its Supplemental Explanation. *See* Application of the Fair Housing Act's Discriminatory Effects Standard to Insurance, 81 Fed. Reg. 69012 (Oct. 5, 2016), AR 1813–20.

11. While the finding remained the same, in its explanation, HUD provided additional responses to insurance industry comments. *See* 81 Fed. Reg. at 69014–19, AR 1815–20.

**Renewed Proceedings in District Court**

12. Following HUD's Supplemental Explanation in 2016, PCI filed an amended complaint and moved for summary judgment. ECF Nos. 131, 136.

**The 2020 Disparate Impact Rule**

13. After PCI moved for summary judgment, in 2018, HUD issued an advanced notice of proposed rulemaking ("ANPRM") stating that it was reviewing the 2013 Disparate Impact Rule, and the parties agreed to stay the case. Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 83 Fed. Reg. 28,560 (June 20, 2018), AR 5304–06; ECF Nos. 159, 188.

14. HUD issued its final rule on September 24, 2020, with an effective date of October 26, 2020. *See* HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 85 Fed. Reg. 60288 (Sept. 24, 2020), AR 27876–921.

15. Prior to the effective date of the 2020 rule, the U.S. District Court for the District of Massachusetts issued a preliminary injunction and stayed HUD's

implementation and enforcement of the rule. *See Mass. Fair Hous. Ctr. v. HUD*, 496 F. Supp. 3d 600, 611–12 (D. Mass. 2020). Consequently, the 2020 Rule never took effect.

**The 2023 Disparate Impact Rule**

16. On June 25, 2021, HUD published a notice of proposed rulemaking in the Federal Register. *See* Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33590 (June 25, 2021), AR 28146–53.

17. After HUD informed the Court of its decision to send a notice of proposed rulemaking for OMB review, this Court lifted the stay and set a briefing schedule. *See* Minute Entry, ECF No. 216. PCI filed a renewed summary judgment motion in 2021. *See* Pl.'s Renewed Mot. for Summ. J., ECF No. 221. Defendants again moved to stay, *see* Defs.' Mot. to Stay, ECF No. 226, and filed an opposition and cross motion for summary judgment, *see* Defs.' Mot. for Sum. J., & Opp'n to Pl.'s Mot. for Summ. J., ECF Nos. 231–32. In light of HUD's rulemaking, the Court struck the parties' respective summary judgment motions without prejudice, *see* Order, ECF No. 248, and continued the stay, *see, e.g.,* Minute Entries, ECF Nos. 250, 257.

18. HUD received over 10,000 comments on its proposal, including one submitted by PCI on August 24, 2021, *see* Comment on FR-6251-P-01 Reinstatement of HUD's Discriminatory Effects Std., Dkt. No. HUD-2021-0033, AR 29112.

19. On March 31, 2023, HUD promulgated a final rule rescinding the 2020 Rule and reinstating the 2013 Rule. *See* Reinstatement of HUD's Discriminatory Effects Standard, 88 Fed. Reg. 19450 (Mar. 31, 2023) ("2023 Rule"), AR 32763–813. The 2023 Rule became effective on May 1, 2023. *See id*.

**PCI's Challenge to the 2023 Discriminatory Effects Rule**

20. This Court lifted the stay after HUD issued the 2023 Rule, and PCI filed a second amended complaint. *See* Pl.'s Second. Am. Compl. ("SAC"), ECF No. 274.

-5-

21. Counts V through VIII of the SAC reasserted a number of claims that this Court had dismissed from PCI's original complaint, *see PCI I*, 66 F. Supp. 3d at 1042, and rejected as futile from PCI's proposed FAC, *see PCI II*, 2017 WL 2653069, at *8–9. *See* SAC Counts V–VIII. The parties agreed that Counts V through VIII would be subject to dismissal under this Court's prior orders. *See* Jt. Status Rpt. at 2–3, ECF No. 272; Pl.'s Mem. in Supp. of Renewed Mot. for Summ. J. at 8, n.5, ECF No. 283 ("Pl.'s Mem.").

22. PCI then filed its renewed motion for summary judgment on Counts I–IV, *see* Pl.'s Renewed Mot. for Summ. J., ECF No. 282.

23. PCI relies on member declarations that date back to 2014. *See* ECF Nos. 283-5–283-8. Each declaration contains outdated information. *See id.* None of the declarations provide any instances from the past ten years in which PCI's members actually incurred litigation costs as a result of the 2013 Rule, or even cases in which PCI's members expect to incur such costs. *See id.* Nor do the declarations provide any evidence that PCI's members have incurred compliance costs as a result of the 2013 Rule, or even instances in which PCI's members expect to incur such costs.

Dated: September 26, 2023

        Respectfully Submitted,

        SARAH HARRINGTON
        Deputy Assistant Attorney General

        LESLEY FARBY
        Assistant Branch Director
        Federal Programs Branch

        */s/* James D. Todd, Jr.
        JAMES D. TODD, JR.
        VINITA B. ANDRAPALLIYAL
        BRIAN C. ROSEN-SHAUD
        United States Department of Justice
        Civil Division, Federal Programs Branch
        Benjamin Franklin Station,
        P.O. Box 883
        Washington, DC 20044
        (202) 514-3378
        (202) 305-0845
        (202) 305-7667
        james.todd@usdoj.gov
        vinita.b.andrapalliyal@usdoj.gov
        brian.c.rosen-shaud@usdoj.gov

        *Counsel for Defendants*