IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN
DIVISION

| | |
|---|---|
| PROPERTY CASUALTY INSURERS ASSOCIATION OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>MARCIA L. FUDGE, in her official capacity as Secretary of Housing and Urban Development, and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT<br><br>　　Defendants. | Case No. 1:13-CV-08564<br><br>Chief Judge Rebecca R. Pallmeyer |

**MOTION OF THE STATES OF ILLINOIS, CALIFORNIA, COLORADO, DELAWARE, HAWAII, MARYLAND, MASSACHUSETTS, MINNESOTA, NEVADA, NEW JERSEY, NEW YORK, NORTH CAROLINA, OREGON, WASHINGTON, AND THE DISTRICT OF COLUMBIA FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT; AND TO EXTEND THE NUMBER OF PAGES**

　　The States of Illinois, California, Colorado, Delaware, Hawaii, Maryland, Massachusetts, Minnesota, Nevada, New Jersey, New York, North Carolina, Oregon, Washington, and the District of Columbia (collectively, "*amici* States") respectfully move this Court for leave to file a brief of no more than 25 pages in length as *amici curiae* in support of Defendants' Motion for Summary Judgment, ECF No. 295, and in opposition to Plaintiff's Motion for Summary Judgment, ECF No. 282. In support of this motion, the *amici* States assert as follows:

　　1.　Under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, federal courts and the U.S. Department of Housing and Urban Development ("HUD") have long recognized a theory of liability for facially neutral but effectively discriminatory housing practices. HUD's Disparate

1

Impact Rule ("the Rule"), which was first promulgated in 2013 and reinstated in 2023, simply formalized the "long-held recognition of discriminatory effects liability under the Act." Implementation of the Fair Housing Act's Discriminatory Effects Standard, 78 Fed. Reg. 11,460, 11,460 (Feb. 15, 2013).

  2. During the ten-year course of this litigation, Plaintiff has repeatedly claimed that HUD acted arbitrarily and capriciously in violation of the Administrative Procedure Act by declining to provide categorical exemptions to the Rule for the homeowners insurance industry. Specifically, Plaintiff claims in its renewed motion for summary judgment that the Rule impairs, invalidates, or supersedes the law of "every State," in violation of the McCarran-Ferguson Act when it comes to risk-based pricing and underwriting of homeowners insurance. Pl.'s Mem. Supp. Summ. J. 8, ECF No. 283. The Departments of Insurance of Idaho, Montana, Louisiana, and Oklahoma have filed an amicus brief in support of Plaintiff, arguing that the Rule necessarily interferes with state regulation of the insurance industry by "depriving" state regulators of their "mission to regulate property insurance ratemaking and the application of unfair discrimination standards." Idaho et al. Amicus Br. 10, ECF 292.

  3. The *amici* States, all of whom share a strong commitment to eradicating racial discrimination and segregation in housing—and responsibility for enforcing state laws and regulations governing both housing discrimination and the insurance industry in their respective jurisdictions—respectfully disagree. For example, rather than impairing or superseding Illinois law, the Rule actually complements existing Illinois law as to both insurance and housing regulation. In light of state-to-state variance in the substance and application of insurance laws and regulations, far from acting arbitrarily and capriciously, HUD reasonably concluded that McCarran-Ferguson Act

conflicts—if any—between the Rule and state insurance law, policy, or regulation are best addressed on a case-by-case basis.

4. Categorically exempting the entire homeowners insurance industry—or certain practices—from disparate impact liability under the Rule due to potential conflicts or interference with other states' laws and regulatory schemes would contravene the policy and regulatory choices of the *amici* States. It would also run counter to the spirit of the McCarran-Ferguson Act, which is intended to recognize and protect states' abilities to make their own choices in the area of insurance regulation. *See, e.g.*, *Hartford Cas. Ins. Co. v. Borg-Warner Corp.*, 913 F.2d 419, 426 (7th Cir. 1990) (McCarran-Ferguson Act is reflective of "congressional policy that insurance regulation is up to the states"). *Amici* States therefore have a strong interest in preserving the Rule's current state-by-state, case-by-case approach to McCarran-Ferguson Act preemption, because it appropriately balances respect for state primacy in insurance regulation with the critical purpose behind the FHA: to eradicate discrimination in housing.

5. It is appropriate to allow *amicus* participation when "the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide." *Chamberlain Grp., Inc. v. Interlogix, Inc.*, No. 01 C 6157, 2004 WL 1197258, at *1 (N.D. Ill. May 28, 2004) (internal quotation marks and citation omitted). Insofar as they differ significantly from the perspective shared by the Departments of Insurance of Idaho, Montana, Louisiana, and Oklahoma, the *amici* States' views on the issues raised by the present litigation—namely, states' primacy in insurance regulation and the reasonableness of state- and fact-specific adjudication of McCarran-Ferguson Act conflicts with the Rule—satisfy that criteria. For effectively the same reason, this Court previously granted the State of Illinois leave to file an *amicus curiae* brief in this litigation in 2014. ECF Nos. 76, 78.

6. Finally, because both Plaintiff and Defendants have yet to file their final briefs, allowing the *amici* States to file a brief now will not cause unnecessary delay in this litigation. *Cf. Andersen v. Leavitt*, No. 03-cv-6115, 2007 WL 2343672, *1, 6 (E.D.N.Y. Aug. 13, 2007) (allowing local government to file brief as *amicus curiae* five months after completion of summary judgment briefing). The *amici* States seek leave to file a brief of no more than 25 pages.

WHEREFORE, the *amici* States respectfully request leave to file the attached brief as *amici curiae* in support of Defendants in this matter.

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

By:

/s/ *Alexandra Reed*
ALEXANDRA REED
Assistant Attorney General
100 W. Randolph St., 11th Floor
Chicago, IL 60601
(773) 771 – 4465
Alexandra.Reed@ilag.gov

/s/ *Joyce Ozeh*
JOYCE OZEH ("OTUWA")
Assistant Attorney General
100 W. Randolph St., 11th Floor
Chicago, IL 60601
(773) 590 – 7833
Joyce.Ozeh@ilag.gov

Attorneys for *Amici* States

On behalf of:

ROB BONTA
*Attorney General*
State of California

PHILIP J. WEISER
*Attorney General*
State of Colorado

KATHLEEN JENNINGS
*Attorney General*
State of Delaware

BRIAN SCHWALB
*Attorney General*
District of Columbia

ANNE E. LOPEZ
*Attorney General*
State of Hawaii

ANTHONY G. BROWN
*Attorney General*
State of Maryland

ANDREA JOY CAMPBELL
*Attorney General*
Commonwealth of Massachusetts

KEITH ELLISON
*Attorney General*
State of Minnesota

AARON D. FORD
*Attorney General*
State of Nevada

MATTHEW J. PLATKIN
*Attorney General*
State of New Jersey

LETITIA JAMES
*Attorney General*
State of New York

JOSH STEIN
*Attorney General*
State of North Carolina

ELLEN F. ROSENBLUM
*Attorney General*
State of Oregon

ROBERT W. FERGUSON
*Attorney General*
State of Washington